**KATHARINE L. SPANIAC (State Bar No. 109957)**
**RICHARD R. CLOUSE (State Bar No. 110363)**
**YOLANDA E. LOPEZ (State Bar No. 328922)**
**CLOUSESPANIAC ATTORNEYS**
8038 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730
(909) 941-3388
(909) 941-3389 Fax
klspaniac@csattys.com
rrclouse@csattys.com
yelopez@csattys.com
service@csattys.com

Attorneys for Defendant SAVANNAH WILLIAMS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA COOPER, Individually, And On Behalf Of The Estate Of Decedent, ELINA QUINN BRANCO,<br><br>               Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN LUIS OBISPO, a governmental entity, form unknown; SIERRA MENTAL WELLNESS GROUP, a California Non-Profit Corporation; JASON HOOSON, individually, SAVANNAH WILLIAMS, individually; JOSH SIMPSON, individually; BONNIE SAYERS, individually; JULIA TIDIK, individually; BETHANY AURIOLES, individually, JANET BROWN, | CASE NO: 2:24-CV-08187-SVW (AJRx)<br><br>**DEFENDANT SAVANNAH WILLIAMS' ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>COMPLAINT FILED: 9/23/24<br>TRIAL DATE:      Not scheduled |

1

individually, SHELLE WATSON, individually; DOES 1 through 10, inclusive,

Defendants.

COMES NOW Defendant SAVANNAH WILLIAMS to respond to the Complaint for Damages of Plaintiff, for herself alone and for no other Defendant, as follows:

1. Referring to paragraphs 12, 13, 14, 71, and 72 of Plaintiff's Complaint, this Answering Defendant admits the allegations contained therein.

2. Referring to paragraphs 24, 25, 87, 88, 89, 90, 91, 97, 99, 100, 101, 106, 108, 114, 121, 123, 124, 128, 129, 130, 136, 140, 141, 142, 143, 144, 147, 148, 149, 150 and 151 of Plaintiff's Complaint, this Answering Defendant denies, both generally and specifically, all and singular, each and every allegation contained in said paragraphs.

3. Referring to paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 17, 18, 19, 20, 26, 27, 28, 29, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 50, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 73, 74, 75, 76, 77, 78, 79, 80, 85, 86, 93, 94, 95, 96, 102, 103, 104, 116, 125, 126, 127, 132, 133, 134, 135, 138, 139 and 146 of Plaintiff's Complaint, this Answering Defendant lacks sufficient information or belief to enable her to answer said paragraphs, and basing this denial upon such lack of information believed, denies both generally and specifically, all and singular, each and every allegation contained therein.

4. Referring to paragraphs 83, 92, 98, 107, 115, 122, 131, 137, and 145, of Plaintiff's Complaint, this Answering Defendant refers to and incorporates by reference its responses to the incorporated paragraphs as though fully set forth herein.

5. Referring to paragraph 16 of Plaintiff's Complaint, this Answering Defendant admits she was at all relevant times an employee and/or agent of SIERRA and acting withing the course and scope of her employment therein, and at all times was acting as an individual and not as a state actor; save and except as herein specifically admitted, this

1  Answering Defendant denies, generally and specifically, all and singular, each and every
2  remaining allegation contained in said paragraph.

3     6.   Referring to paragraph 23 of Plaintiff's Complaint, this Answering Defendant
4  admits she was at all relevant times an employee and/or agent of SIERRA and acting
5  withing the course and scope of her employment therein, and at all times was acting as an
6  individual and not as a state actor; save and except as herein specifically admitted, this
7  Answering Defendant denies, generally and specifically, all and singular, each and every
8  remaining allegation contained in said paragraph.

9     7.   Referring to paragraph 30 of Plaintiff's Complaint, this Answering Defendant
10 denies she had access to prior charting records indicating high risk and underlying medical
11 condition; save and except as herein specifically set forth, this Answering Defendant lacks
12 sufficient information or belief to enable her to answer said allegations, and basing this
13 denial upon such lack of information believed, denies both generally and specifically, all
14 and singular, each and every remaining allegation contained therein.

15    8.   Referring to paragraph 55 of Plaintiff's Complaint, this Answering Defendant
16 sets forth that Defendant AURIOLES called 911 to report Decedent's unresponsiveness;
17 save and except as herein specifically set forth, this Answering Defendant lacks sufficient
18 information or belief to enable her to answer said allegations, and basing this denial upon
19 such lack of information believed, denies both generally and specifically, all and singular,
20 each and every remaining allegation contained therein.

21    9.   Referring to paragraph 84 of Plaintiff's Complaint, this Answering Defendant
22 denies it was her decision to operate CSU without an on-site supervisor during evening -to-
23 morning shifts and/or to deprive staff of access to policy and procedure manuals, assuming
24 that occurred; save and except as herein specifically set forth, this Answering Defendant
25 lacks sufficient information or belief to enable her to answer said allegations, and basing
26 this denial upon such lack of information believed, denies both generally and specifically,
27 all and singular, each and every remaining allegation contained therein.

28

DEFENDANT SAVANNAH WILLIAMS' ANSWER TO
PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

CLOUSESPANIAC ATTORNEYS
8038 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730
Tel: 909-941-3388 | Fax: 909-941-3389

10.     Referring to paragraphs 81, 89, 90, 93 and 100 of Plaintiff's Complaint, this Answering Defendant sets forth that the citations therein is/are subject to interpretation.  As such, this paragraph mischaracterizes the state of the law, and this Answering Defendant denies that it is liable to Plaintiff pursuant to the authorities cited, and/or pursuant to any theory, cause of action, or that this Answering Defendant breached any duty and/or violated any rights of Plaintiff at all; save and except as herein specifically admitted, this Answering Defendant denies, generally and specifically, all and singular, each and every remaining allegation contained in said paragraph.

11.     Referring to paragraph 105 of Plaintiff's Complaint, this Answering Defendant denies it was her decision to operate CSU without an on-site supervisor during evening -to-morning shifts and/or to deprive staff of access to policy and procedure manuals, assuming that occurred, and/or that any decision on the part of this Answering Defendant placed Decedent in a worse position than that which she was prior to placement;  save and except as herein specifically set forth, this Answering Defendant lacks sufficient information or belief to enable her to answer said allegations, and basing this denial upon such lack of information believed, denies both generally and specifically, all and singular, each and every remaining allegation contained therein.

12.     Referring to paragraph 109/110 of Plaintiff's Complaint, this Answering Defendant admits she was at all relevant times an off-site employee and always was acting as an individual and not as a state actor; save and except as herein specifically admitted, this Answering Defendant denies, generally and specifically, all and singular, each and every remaining allegation contained in said paragraph(s).

13.     Referring to paragraph 111, 112, and 113 of Plaintiff's Complaint, this Answering Defendant denies, generally and specifically, all and singular, each and every allegation contained in said paragraphs.

14.     Referring to paragraph 116 of Plaintiff's Complaint, this Answering Defendant sets forth that the citations therein is/are subject to interpretation.  As such, this paragraph mischaracterizes the state of the law, and this Answering Defendant denies that it is liable

DEFENDANT SAVANNAH WILLIAMS' ANSWER TO
PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

1 to Plaintiff pursuant to the authorities cited, and/or pursuant to any theory, cause of action, or that this Answering Defendant breached any duty and/or violated any rights of Plaintiff at all; save and except as herein specifically admitted, this Answering Defendant denies, generally and specifically, all and singular, each and every remaining allegation contained in said paragraph.

15. Referring to paragraph 117 of Plaintiff's Complaint, this Answering Defendant denies she assumed substantial caretaking and custodial relationship with Plaintiff's decedent so as to create a duty upon her to safeguard her health and safety; save and except as herein specifically set forth, this Answering Defendant lacks sufficient information or belief to enable her to answer said allegations, and basing this denial upon such lack of information believed, denies both generally and specifically, all and singular, each and every remaining allegation contained therein.

16. Referring to paragraph 118 of Plaintiff's Complaint, this Answering Defendant responds that she denies she had custody and/or care for Plaintiff's decedent; save and except as herein specifically admitted, this Answering Defendant denies, generally specifically, all and singular, each and every allegation contained in said paragraph.

17. Referring to paragraph 119 of Plaintiff's Complaint, this Answering Defendant denies that she at any time by any act or omission cause injury or harm to Plaintiff and/or Plaintiff's decedent so as to allow recovery under this cause of action, or any other cause of action, theory, statute, or enactment so as to allow Plaintiff to recover damages sought, or any damages at all as to this Answering Defendant; save and except as herein specifically admitted, this Answering Defendant denies, generally and specifically, all and singular, each and every remaining allegation contained in said paragraph.

///
///
///
///
///

DEFENDANT SAVANNAH WILLIAMS' ANSWER TO
PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

**AFFIRMATIVE DEFENSES**

**AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:**

The Complaint on file herein fails to state a claim upon which relief can be granted as to this Answering Defendant.

**AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:**

All events in connection with the allegations in the Complaint and any resulting injuries or damages, were contributed to and proximately caused by the negligence of the Plaintiff, and/or Plaintiff's decedent in that the Plaintiff's decedent failed to exercise ordinary care for her well-being of under the circumstances, thereby barring the Plaintiff from any recovery.

**AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:**

This Answering Defendant is not liable for any punitive damages nor statutory penalties, and this Answering Defendant has never taken any action with willful or conscious disregard of the Plaintiff's rights, has not engaged in any despicable conduct with regard to the Plaintiff, nor has Answering Defendant performed or omitted any act which would constitute intentional misrepresentation, deceit or concealment of a material fact with the intention of depriving Plaintiff of property, legal rights or causing injury.

**AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:**

The Plaintiff is estopped by her own conduct from asserting the allegations in the Complaint on file herein.

DEFENDANT SAVANNAH WILLIAMS' ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

## AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

The Plaintiff, through the exercise of reasonable effort, could have mitigated the amount of damages, if there were any, but Plaintiff failed and refused, and continues to fail and refuse, to exercise a reasonable effort to mitigate damages, and therefore the Plaintiff is barred from seeking recovery of those damages.

## AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

This Answering Defendant acted in good faith and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any rights possessed by the Plaintiff and/or Plaintiff's decedent, nor which would otherwise constitute a breach of any duty owed to the Plaintiff.

## AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

This Answering Defendant is immune from liability in that the injuries and damages, if any, sustained by the Plaintiff at the time and places alleged in the Complaint on file herein, were a direct and proximate result of the acts, omissions or negligence of a third party not within the knowledge or control of this Answering Defendant and were sustained, if at all, without any negligence or wrongful act or omission on the part of this Answering Defendant.

## AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

This Answering Defendant is entitled to recover reasonable expenses, including attorney's fees, from the Plaintiff and his counsel, in that the Plaintiff's Complaint on file

herein is frivolous and was brought and maintained in bad faith and without reasonable cause, is totally and completely without merit, and was brought for the sole purpose of harassing this Answering Defendant.

## AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

This Answering Defendant is not liable for damages awarded under Section 3294 of the California Civil Code or any other damages that might be imposed primarily for the sake of example and by way of punishing this Answering Defendant.

## AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

At all times relevant to this litigation, the Plaintiff's injuries or damages were not caused by any act or omission by or on behalf of this Answering Defendant which occurred or failed to occur under color of law, thereby precluding the Plaintiff from any recovery from this Defendant.

## AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

At all times relevant to this litigation, the Plaintiff consented, either expressly or impliedly, to any such acts or conduct as may be shown on the part of this Answering Defendant.

## AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

At no time relevant to this litigation, was the Plaintiff deprived of life, liberty or property by any act or omission on the part of this answering Defendant thereby precluding

DEFENDANT SAVANNAH WILLIAMS' ANSWER TO
PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

the Plaintiff from maintaining her causes of action for violation of her civil rights. <u>Daniels v. Williams</u>, 474 U.S. 327 (1986).

## AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

At all times relevant to this litigation, this Answering Defendant acted in good faith and honest, reasonable belief that this Answering Defendant's actions were reasonable and necessary, thereby precluding the Plaintiff from maintaining any causes of action for violation of civil rights.

## AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

If it should be found that this Defendant is in any manner legally responsible for injury or damages, if any, sustained by Plaintiff, which supposition is denied and merely stated for the purpose of this affirmative defense, that any injuries or damages found to have been incurred or suffered by Plaintiff in this action, were proximately caused or contributed to by others in this case, and/or by other persons or entities not parties to this action, and it is necessary that the proportionate degree of negligence or fault or unreasonable conduct of each of said persons or entities whether parties to this action or not, be determined and pro-rationed and that any judgment that might be rendered against this Answering Defendant be reduced not only by the degree of comparative negligence found to exist as to Plaintiff but also as to the total of that degree of negligence, fault and/or unreasonable conduct found to exist as to said other persons or entities.

## AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

As a separate affirmative defense, Defendant alleges that any actions of placement and supervision of Plaintiff's decedent is a discretionary and quasi-governmental function

and if it should be found that Defendant did engage in such activity (which Defendant denies) in connection with Plaintiff's decedent, then Defendant is entitled to all immunities accorded a public employee under state and/or federal law, including but not limited to those provided by the *California Government Code*, including but not limited to *Government Code* sections 815 and 820.2.

### AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

Plaintiff has failed to exhaust administrative remedies.

### AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

Plaintiff's failure to exhaust administrative remedies deprives this Court of subject matter jurisdiction.

### AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

As a separate affirmative defense, Defendant alleges that at all relevant times she was engaging in private conduct and cannot be viewed as a "state actor" under any analysis including but not limited to the "public function", "joint action", "governmental compulsion or coercion", and/or "governmental nexus" tests. As such, Plaintiff cannot state a cause of action against responding Defendant, and this Court is deprived of jurisdiction.

### AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

This Answering Defendant alleges she presently has insufficient knowledge or information on which to form a belief as to whether she may have additional, as yet unstated, affirmative defenses available. This Answering Defendant reserves the right to

assert additional affirmative defenses if, based on discovery, such defenses are determined to be appropriate.

Referring to Plaintiff's PRAYER FOR RELIEF, this Answering Defendant denies both generally and specifically, all and singular, each and every allegation contained therein, and further denies that Plaintiff has been damaged in the sum set forth, and or any sum, and/or at all, and further sets forth that Plaintiff is not entitled to an award of fees and/or costs and or for any relief as prayed, and or any relief at all. Defendant prays that Plaintiff take nothing by reason of her Complaint and/or otherwise, and that this Answering Defendant be given judgment for her costs of suit incurred herein, to be incurred, and for such other and further relief as the Court deems just and proper.

DATED: November 7, 2024

Respectfully submitted,

CLOUSESPANIAC ATTORNEYS

By: s/ *Katharine L. Spaniac*
    KATHARINE L. SPANIAC
    RICHARD R. CLOUSE
    YOLANDA E. LOPEZ
    Attorneys for Defendant
    SAVANNAH WILSON

# DEMAND FOR A JURY TRIAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO THE PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant, SAVANNAH WILSON hereby demands a jury trial in the above-entitled action.

DATED: November 7, 2024                    CLOUSESPANIAC ATTORNEYS

                                By: s/ *Katharine L. Spaniac*
                                    KATHARINE L. SPANIAC
                                    RICHARD R. CLOUSE
                                    YOLANDA E. LOPEZ
                                    Attorneys for Defendant
                                    SAVANNAH WILSON

DEFENDANT SAVANNAH WILLIAMS' ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL