Douglas C. Smith, Esq. (SBN 160013)
La Brea A. Hill, Esq. (SBN 336839)
SMITH LAW OFFICES, LLP
4001 Eleventh Street
Riverside, CA 92501
Telephone: (951) 509-1355
Facsimile: (951) 509-1356
dsmith@smitlaw.com
lhill@smitlaw.com

Attorneys for Defendant
COUNTY OF SAN LUIS OBISPO (sued herein as COUNTY OF SAN LUIS OBISPO, a governmental entity, form unknown)

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA COOPER, Individually, And On Behalf Of The Estate Of Decedent, ELINA QUINN BRANCO, <br><br>Plaintiff, <br><br>vs. <br><br>COUNTY OF SAN LUIS OBISPO, a governmental entity, form unknown, SIERRA MENTAL WELLNESS GROUP, a California Non-Profit Corporation, JASON HOOSON, individually, SAVANNAH WILLIAMS, individually; JOSH SIMPSON, individually; BONNIE SAYERS, individually; JULIA TIDIK, individually; BETHANY AURIOLES, individually, JANET BROWN, individually, SHELLE WATSON, individually; DOES 1 through 10, inclusive, | Case No.: 2:24-cv-08187-SVW(AJRx) <br><br>**DEFENDANT COUNTY OF SAN LUIS OBISPO'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL** |

1

**DEFENDANT COUNTY OF SAN LUIS OBISPO'S ANSWER TO
PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL**

|   |   |
|---|---|
| Defendants. | ) |
|  | ) *Complaint filed 9/23/24* |

COMES NOW, Defendant COUNTY OF SAN LUIS OBISPO (sued herein as COUNTY OF SAN LUIS OBISPO, a governmental entity, form unknown) (hereinafter referred to as "Defendant") and answers the Complaint on file herein, and the allegations and the paragraphs presented therein, as they are presented, respectively as follows:

## ANSWER TO COMPLAINT

1. With respect to the allegations in paragraph 1, the Complaint's paragraph comprises legal conclusions for which no responses are required.

2. With respect to the allegations in paragraph 2, this Defendant admits that Plaintiff is bringing this action on behalf of Elina Quinn Branco, who was at the Crisis Stablization Unit ("CSU") on May 15-16, 2024, and who is now deceased; and that the action is brought against the named defendants and seeks monetary damages. This Defendant denies the remaining allegations.

3. With respect to the allegations in paragraph 3, this Defendant denies the allegations.

4. With respect to the allegations in paragraph 4, this Defendant admits that the action is purportedly brought, under the U.S. Constitution and state statutes, to redress alleged injuries and death to the decedent, but this Defendant denies the remaining allegations, including those alleging any wrongdoing by this Defendant or that any claimed injuries including the death of decedent Elina Branco was caused by this Defendant.

5. With respect to the allegations in paragraph 5, this Defendant admits that the County of San Luis Obispo received a Government Tort Claim dated July 5, 2024 for alleged violations of Plaintiff and decedent's rights; but this Defendant denies any violation of such rights; and denies the remaining allegations in the paragraph.

6. With respect to the allegations in paragraph 6, this Defendant lacks sufficient knowledge and information to admit or deny the allegations, and on that basis denies them.

7. With respect to the allegations in paragraph 7, this Defendant admits the allegations.

8. With respect to the allegations in paragraph 8, this Defendant admits the allegations.

9. With respect to the allegations in paragraph 9, this Defendant denies the allegations.

10. With respect to the allegations in paragraph 10, this Defendant admits the allegations.

11. With respect to the allegations in paragraph 11, this Defendant admits Plaintiff is an individual; but lacks sufficient knowledge and information to admit or deny the remaining allegations, and on that basis denies them.

12. With respect to the allegations in paragraph 12, this Defendant admits the County of San Luis Obispo is a government entity that can be sued under certain state and federal laws, assuming certain requirements and elements are met; and no governmental immunities apply.

13. With respect to the allegations in paragraph 13, this Defendant admits the CSU is owned by the County of San Luis Obispo and that SIERRA had a contract to provide mental health and other services to individuals at the CSU. The remaining allegations call are legal conclusions for which no further response is required.

14. With respect to the allegations in paragraph 14 this Defendant admits that SIERRA had a contract with the County of San Luis Obispo to provide mental health and other services. This Defendant lacks sufficient knowledge and information to admit or deny the allegations, and on that basis denies them.

15. With respect to the allegations in paragraph 15 this Defendant admits that

**DEFENDANT COUNTY OF SAN LUIS OBISPO'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL**

Defendant Simpson was not a County employee; and as to the remaining allegations, this Defendant lacks sufficient knowledge and information to admit or deny the allegations, and on that basis denies them.

16. With respect to the allegations in paragraph 16 this Defendant admits that Defendant Williams was not a County employee; and as to the remaining allegations, this Defendant lacks sufficient knowledge and information to admit or deny the allegations, and on that basis denies them.

17. With respect to the allegations in paragraph 17, this Defendant admits that Hooson was a licensed psychiatric technician for the County of San Luis Obispo, and working as a youth triage crisis evaluator at all times. This Defendant denies the remaining allegations.

18. With respect to the allegations in paragraph 18, this Defendant admits that Defendant Watson was not a County employee; and as to the remaining allegations, this Defendant lacks sufficient knowledge and information to admit or deny the allegations, and on that basis denies them.

19. With respect to the allegations in paragraph 19, this Defendant admits that Defendant Brown was not a County employee; and as to the remaining allegations, this Defendant lacks sufficient knowledge and information to admit or deny the allegations, and on that basis denies them.

20. With respect to the allegations in paragraph 20, this Defendant admits that Defendant Sayers was not a County employee; and as to the remaining allegations, this Defendant lacks sufficient knowledge and information to admit or deny the allegations, and on that basis denies them.

21. With respect to the allegations in paragraph 21, this Defendant admits that Defendant Tidik was not a County employee; and as to the remaining allegations, this Defendant lacks sufficient knowledge and information to admit or deny the allegations, and on that basis denies them.

///

**DEFENDANT COUNTY OF SAN LUIS OBISPO'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL**

22. With respect to the allegations in paragraph 22, this Defendant admits that Defendant Aurioles was not a County employee; and as to the remaining allegations, this Defendant lacks sufficient knowledge and information to admit or deny the allegations, and on that basis denies them.

23. With respect to the allegations in paragraph 23, this Defendant admits that Defendant Williams was not a County employee; and as to the remaining allegations, this Defendant lacks sufficient knowledge and information to admit or deny the allegations, and on that basis denies them.

24. With respect to the allegations in paragraph 24, this Defendant denies the allegations.

25. With respect to the allegations in paragraph 25, this Defendant denies the allegations.

26. With respect to the allegations in paragraph 26, this Defendant denies the allegations.

27. With respect to the allegations in paragraph 27, this Defendant denies the allegations.

28. With respect to the allegations in paragraph 28, this Defendant denies the allegations.

29. With respect to the allegations in paragraph 29, this Defendant lacks sufficient knowledge and information to admit or deny the allegations, and on that basis denies them.

30. With respect to the allegations in paragraph 30, this Defendant denies the allegations.

31. With respect to the allegations in paragraph 31, this Defendant lacks sufficient knowledge and information to admit or deny the allegations, and on that basis denies them.

32. With respect to the allegations in paragraph 32, this Defendant lacks sufficient knowledge and information to admit or deny the allegations, and on that

basis denies them.

33. With respect to the allegations in paragraph 33, this Defendant admits that on May 15, 2024, Branco was at the Emergency Department at Twin Cities Community Hospital; and lacks sufficient knowledge and information to admit or deny the remaining allegations, and on that basis denies them.

34. With respect to the allegations in paragraph 34, this Defendant lacks sufficient knowledge and information to admit or deny the allegations, and on that basis denies them.

35. With respect to the allegations in paragraph 35, this Defendant lacks sufficient knowledge and information to admit or deny the allegations, and on that basis denies them.

36. With respect to the allegations in paragraph 36, this Defendant lacks sufficient knowledge and information to admit or deny the allegations, and on that basis denies them.

37. With respect to the allegations in paragraph 37, this Defendant admits that Cooper met with Hooson at the hospital but denies that he was a mental health evaluator from Sierra.

38. With respect to the allegations in paragraph 38, this Defendant admits that Cooper and Hooson had a conversation at the hospital on the afternoon of May 15, but denies the remaining allegations.

39. With respect to the allegations in paragraph 39, this Defendant admits that Cooper and Hooson had a conversation at the hospital on the afternoon of May 15, and that Cooper expressed concerns about Branco being discharged home but denies the remaining allegations.

40. With respect to the allegations in paragraph 40, this Defendant admits that Hooson assessed Branco at the hospital on the afternoon of May 15; and a 5150 hold was placed on Branco; but denies the remaining allegations.

///

41. With respect to the allegations in paragraph 41, this Defendant admits that the italicized portions of the paragraph are contained within the referenced crisis assessment form; but denies the remaining allegations.

42. With respect to the allegations in paragraph 42, this Defendant admits that Hooson discussed Branco staying at the CSU pending possible admission to a private facility in Tarzana that her mother was pursuing. Defendant denies the remaining allegations.

43. With respect to the allegations in paragraph 43, this Defendant denies the allegations.

44. With respect to the allegations in paragraph 44, this Defendant denies the allegations.

45. With respect to the allegations in paragraph 45, this Defendant admits that Emergency Department personnel at Twin Cities Community Hospital medically cleared Branco for discharge, prior to Hooson arriving at the hospital on the afternoon of May 15; and further admits that Branco's vital signs were stable enough for a 5150 hold to the CSU; and that Branco was placed on a 5150 hold for gravely disabled; and that Hooson did transport Branco in a County vehicle to the CSU in the late afternoon of May 15.

46. With respect to the allegations in paragraph 46, this Defendant lacks sufficient knowledge and information to admit or deny the allegations, and on that basis denies them.

47. With respect to the allegations in paragraph 47, this Defendant lacks sufficient knowledge and information to admit or deny the allegations, and on that basis denies them.

48. With respect to the allegations in paragraph 48 this Defendant admits Hooson prepared a crisis assessment report and did a handoff of Branco with SIERRA's CSU staff. This Defendant denies the remaining allegations.

///

**DEFENDANT COUNTY OF SAN LUIS OBISPO'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL**

49. With respect to the allegations in paragraph 49, this Defendant admits Hooson prepared a "CSU Acceptance Screening Tool" and that the SIERRA CSU staff had it; and that the italicized language in the paragraph is contained within this document. This Defendant denies the remaining allegations.

50. With respect to the allegations in paragraph 50, this Defendant lacks sufficient knowledge and information to admit or deny the allegations, and on that basis denies them.

51. With respect to the allegations in paragraph 51, this Defendant lacks sufficient knowledge and information to admit or deny the allegations, and on that basis denies them.

52. With respect to the allegations in paragraph 53, this Defendant admits that Branco's chart has such a note. This Defendant denies the remaining allegations.

53. With respect to the allegations in paragraph 53, this Defendant admits that Branco's chart has such a note. This Defendant denies the remaining allegations.

54. With respect to the allegations in paragraph 54, this Defendant admits that Branco's chart has such a note. This Defendant denies the remaining allegations.

55. With respect to the allegations in paragraph 55, this Defendant admits that SIERRA staff found Branco unresponsive on the morning of May 15 and called 911 to report that.

56. With respect to the allegations in paragraph 56, this Defendant admits that the SLO Fire Department responded to the CSU to attend to Branco, and agrees at that time that no amount of advanced lifecare support nor cardio pulmonary resuscitation would have made a difference in reviving Branco.

57. With respect to the allegations in paragraph 57, this Defendant lacks sufficient knowledge and information to admit or deny the allegations, and on that basis denies them.

58. With respect to the allegations in paragraph 58, this Defendant admits a Coroner's investigation was done and the time of death approximated therein.

Defendant lacks sufficient knowledge and information to admit or deny the allegations, and on that basis denies them.

59. With respect to the allegations in paragraph 59, this Defendant lacks sufficient knowledge and information to admit or deny the allegations, and on that basis denies them.

60. With respect to the allegations in paragraph 60, this Defendant lacks sufficient knowledge and information to admit or deny the allegations, and on that basis denies them.

61. With respect to the allegations in paragraph 61, this Defendant lacks sufficient knowledge and information to admit or deny the allegations, and on that basis denies them.

62. With respect to the allegations in paragraph 62, this Defendant denies the allegations.

63. With respect to the allegations in paragraph 63, this Defendant denies the allegations.

64. With respect to the allegations in paragraph 64, this Defendant denies the allegations.

65. With respect to the allegations in paragraph 65, this Defendant denies the allegations.

66. With respect to the allegations in paragraph 66, this Defendant denies the allegations.

67. With respect to the allegations in paragraph 67, this Defendant denies the allegations.

68. With respect to the allegations in paragraph 68, this Defendant denies the allegations.

69. With respect to the allegations in paragraph 69, this Defendant denies the allegations.

///

**DEFENDANT COUNTY OF SAN LUIS OBISPO'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL**

70. With respect to the allegations in paragraph 70, this Defendant denies the allegations.

71. With respect to the allegations in paragraph 71, this Defendant admits that the CSU is staffed and operated by SIERRA under contract with the County of San Luis Obispo; and that the physical description of the CSU in the complaint in paragraph 71 is accurately stated.

72. With respect to the allegations in paragraph 72, this Defendant admits that SIERRA had a contract with the County of San Luis Obispo to operate and provide certain services, including mental health services, at the CSU and through the mobile crisis unit under the terms of the contract; and that SIERRA was paid to provide those services.

73. With respect to the allegations in paragraph 73, this Defendant admits that persons can be placed on a hold under *Welfare and Institutions Code* section 5150 hold; that Hooson was a licensed psychiatric technician for the County and was designated, and had the authority and training and qualifications to place Branco on a *WIC* 5150 hold, and who did so on the afternoon of May 15 and appropriately transported Branco to the CSU and its SIERRA staff that evening. This Defendant denies the remaining allegations.

74. With respect to the allegations in paragraph 74, the Complaint's paragraph comprises legal conclusions for which no responses are required.

75. With respect to the allegations in paragraph 75, this Defendant admits that a 2021-2022 Grand Jury report was done; and any findings would be contained within that report. This Defendant denies that at the time of the incident on May 15-16, 2024 that the CSU lacked adequate medical staffing in the form of nurses or physicians to treat clients with urgent medical conditions; or that this Defendant had any knowledge to the contrary.

76. With respect to the allegations in paragraph 76, this Defendant admits that a 2021-2022 Grand Jury report was done; and refers Plaintiff to the report for the

actual findings of the Grand Jury and the information or evidence noted by the Grand Jury. This Defendant denies the remaining allegations.

77. With respect to the allegations in paragraph 77, this Defendant at this time lacks sufficient knowledge and information to admit or deny the allegations, and therefore denies the allegations at this time.

78. With respect to the allegations in paragraph 78, this Defendant denies the allegations.

79. With respect to the allegations in paragraph 79, the Complaint's paragraph comprises legal conclusions for which no responses are required.

80. With respect to the allegations in paragraph 80, the Complaint's paragraph comprises legal conclusions for which no responses are required.

81. With respect to the allegations in paragraph 81, the Complaint's paragraph comprises legal conclusions for which no responses are required.

82. With respect to the allegations in paragraph 82, this Defendant admits the allegation.

83. With respect to the allegations in paragraph 83, this Defendant incorporates all prior responses stated therein to each referenced paragraph.

84. With respect to the allegations in paragraph 84, this Defendant denies the allegations.

85. With respect to the allegations in paragraph 85, this Defendant denies the allegations.

86. With respect to the allegations in paragraph 86, this Defendant denies the allegations.

87. With respect to the allegations in paragraph 87, this Defendant denies the allegations.

88. With respect to the allegations in paragraph 88, this Defendant denies the allegations.

///

**DEFENDANT COUNTY OF SAN LUIS OBISPO'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL**

89. With respect to the allegations in paragraph 89, this Defendant denies the allegations.

90. With respect to the allegations in paragraph 90, this Defendant denies the allegations.

91. With respect to the allegations in paragraph 91, this Defendant denies the allegations.

92. With respect to the allegations in paragraph 92, this Defendant incorporates all prior responses stated therein to each referenced paragraph.

93. With respect to the allegations in paragraph 93, the Complaint's paragraph comprises legal conclusions for which no responses are required.

94. With respect to the allegations in paragraph 94, this Defendant denies the allegations.

95. With respect to the allegations in paragraph 95, this Defendant denies the allegations.

96. With respect to the allegations in paragraph 96, this Defendant denies the allegations.

97. With respect to the allegations in paragraph 97, this Defendant denies the allegations.

98. With respect to the allegations in paragraph 98, this Defendant Incorporates all prior responses stated therein to each referenced paragraph.

99. With respect to the allegations in paragraph 99, the Complaint's paragraph comprises legal conclusions for which no responses are required.

100. With respect to the allegations in paragraph 100, the Complaint's paragraph comprises legal conclusions for which no responses are required.

101. With respect to the allegations in paragraph 101, this Defendant denies the allegations.

102. With respect to the allegations in paragraph 102, this Defendant denies the allegations.

**DEFENDANT COUNTY OF SAN LUIS OBISPO'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL**

103. With respect to the allegations in paragraph 103, this Defendant denies the allegations.

104. With respect to the allegations in paragraph 104, this Defendant denies the allegations.

105. With respect to the allegations in paragraph 105, this Defendant denies the allegations.

106. With respect to the allegations in paragraph 106, this Defendant denies the allegations.

107. With respect to the allegations in paragraph 107, this Defendant incorporates all prior responses stated therein to each referenced paragraph.

108. With respect to the allegations in paragraph 108, the Complaint's paragraph comprises legal conclusions for which no responses are required.

109. With respect to the allegations in paragraph 109, this Defendant denies the allegations.

110. With respect to the allegations in paragraph 110, this Defendant denies the allegations.

111. With respect to the allegations in paragraph 111, this Defendant denies the allegations.

112. With respect to the allegations in paragraph 112, this Defendant denies the allegations.

113. With respect to the allegations in paragraph 113, this Defendant denies the allegations.

114. With respect to the allegations in paragraph 114, this Defendant denies the allegations.

115. With respect to the allegations in paragraph 115, this Defendant incorporates all prior responses stated therein to each referenced paragraph.

116. With respect to the allegations in paragraph 116, the Complaint's paragraph comprises legal conclusions for which no responses are required.

**DEFENDANT COUNTY OF SAN LUIS OBISPO'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL**

117. With respect to the allegations in paragraph 117, this Defendant denies the allegations.

118. With respect to the allegations in paragraph 118, this Defendant denies the allegations.

119. With respect to the allegations in paragraph 119, this Defendant denies the allegations.

120. With respect to the allegations in paragraph 120, this Defendant denies the allegations.

121. With respect to the allegations in paragraph 121, this Defendant denies the allegations.

122. With respect to the allegations in paragraph 122, this Defendant incorporates all prior responses stated therein to each referenced paragraph.

123. With respect to the allegations in paragraph 123, this Defendant denies the allegations.

124. With respect to the allegations in paragraph 124, this Defendant denies the allegations.

125. With respect to the allegations in paragraph 125, this Defendant denies the allegations.

126. With respect to the allegations in paragraph 126, this Defendant denies the allegations.

127. With respect to the allegations in paragraph 127, this Defendant denies the allegations.

128. With respect to the allegations in paragraph 128, this Defendant denies the allegations.

129. With respect to the allegations in paragraph 129, this Defendant denies the allegations.

130. With respect to the allegations in paragraph 130, this Defendant denies the allegations.

131. With respect to the allegations in paragraph 131, this Defendant incorporates all prior responses stated therein to each referenced paragraph.

132. With respect to the allegations in paragraph 132, this Defendant denies the allegations.

133. With respect to the allegations in paragraph 133, this Defendant denies the allegations.

134. With respect to the allegations in paragraph 134, this Defendant denies the allegations.

135. With respect to the allegations in paragraph 135, this Defendant denies the allegations.

136. With respect to the allegations in paragraph 136, this Defendant denies the allegations.

137. With respect to the allegations in paragraph 137, this Defendant incorporates all prior responses stated therein to each referenced paragraph.

138. With respect to the allegations in paragraph 138, the Complaint's paragraph comprises legal conclusions for which no responses are required.

139. With respect to the allegations in paragraph 139, the Complaint's paragraph comprises legal conclusions for which no responses are required.

140. With respect to the allegations in paragraph 140, this Defendant denies the allegations.

141. With respect to the allegations in paragraph 141, this Defendant denies the allegations.

142. With respect to the allegations in paragraph 142, this Defendant denies the allegations.

143. With respect to the allegations in paragraph 143, this Defendant denies the allegations.

144. With respect to the allegations in paragraph 144, this Defendant denies the allegations.

**DEFENDANT COUNTY OF SAN LUIS OBISPO'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL**

145. With respect to the allegations in paragraph 145, this Defendant incorporates all prior responses stated therein to each referenced paragraph.

146. With respect to the allegations in paragraph 146, the Complaint's paragraph comprises legal conclusions for which no responses are required.

147. With respect to the allegations in paragraph 147, this Defendant denies the allegations.

148. With respect to the allegations in paragraph 148, this Defendant denies the allegations.

149. With respect to the allegations in paragraph 149, this Defendant denies the allegations.

150. With respect to the allegations in paragraph 150, this Defendant denies the allegations.

151. With respect to the allegations in paragraph 151, this Defendant denies the allegations.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

152. The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE - FRIVOLOUS

153. This action is frivolous, and was filed without any good faith basis or reasonable cause or belief that a justifiable controversy existed under the facts or law, thus each answering party is entitled to reasonable costs and expenses, including attorney fees, incurred in defending this action, under 28 U.S.C. section 1927, *Federal Rules of Civil Procedure* Rule 11, and/or other applicable federal laws including 42 U.S.C. § 1988.

///
///
///

## THIRD AFFIRMATIVE DEFENSE –COMPARATIVE FAULT- FAULT OF OTHERS

154. Any and all events and happenings in connection with the allegations contained in the Plaintiff's Complaint were proximately caused and contributed to by the negligence and other legal fault of Plaintiff, Plaintiff's decedent, and/or others, including other parties and entities. If there is a verdict in favor of Plaintiff and against this Defendant, said verdict should in proportion to this Defendant's pro-rata responsibility. To the extent that it is necessary, this answering Defendant may be entitled to partial indemnity from others on a comparative fault basis.

155. This Defendant's liability, if any, for Plaintiff's non-economic damages on the state claims is limited to this Defendant's proportionate share of fault in accordance with California Civil Code section 1431.2 and any damages awarded to any Plaintiff against this Defendant should be reduced accordingly.

## FOURTH AFFIRMATIVE DEFENSE – INTERVENING AND SUPERCEDING CAUSE

156. This Defendant is not liable for any wrongful or criminal conduct by any third party.

## FIFTH AFFIRMATIVE DEFENSE – INDEMNIFICATION

157. This Defendant is entitled to a right of indemnification by apportionment against all other parties and persons whose negligence or wrongdoing contributed proximately to the happening of the claimed accident or alleged injuries.

## SIXTH AFFIRMATIVE DEFENSE – CONTRIBUTION

158. This Defendant is entitled to a right of contribution from any person whose negligence proximately contributed to the happening of the claimed accident or alleged injuries, should there be a verdict against this Defendant.

///
///
///

## SEVENTH AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE

159. Plaintiff has failed to mitigate the damages, if any, which such Plaintiff has sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, Plaintiff has failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

## EIGHTH AFFIRMATIVE DEFENSE – COLLATERAL SOURCE

160. To the extent Plaintiff has received collateral source payments before the trial of this action, this Defendant reserves the right to move for a reduction of any verdict rendered in the amount of the collateral source payments pursuant to the provisions of California *Government Code* section 985.

## NINTH AFFIRMATIVE DEFENSE – PRIVILEGE

161. The conduct of this Defendant was privileged and did not violate or interfere with the rights of Plaintiff, thus barring the claims herein.

## TENTH AFFIRMATIVE DEFENSE -- IMMUNITY FOR DISCRETIONARY ACTS

162. As to the state claims, except as otherwise provided by statute, a public entity, such as this Defendant is not liable for an injury resulting from the discretionary acts of its employees, whether or not such discretion be abused.

## ELEVENTH AFFIRMATIVE DEFENSE – NO STATUTORY BASIS

163. As to some of the state claims, Plaintiff fails to identify the requisite statutory basis for the claims.

///
///

WHEREFORE, this Defendant prays as follows:

1. The Court finds that the claim is frivolous, unreasonable, and groundless, entitling this Defendant to attorney's fees and costs pursuant to 42 U.S.C. section 1988 and/or Rule 11;

2. That judgment be entered in favor of this Defendant;

3. For costs of suit herein;

4. Such other and further relief as this Court deems just and proper.

DATED: November 22, 2024        SMITH LAW OFFICES, LLP

By: *Douglas Smith*
Douglas C. Smith
La Brea A. Hill
Attorneys for Defendant
COUNTY OF SAN LUIS OBISPO (sued herein as COUNTY OF SAN LUIS OBISPO, a governmental entity, form unknown)

# DEMAND FOR JURY TRIAL

Defendant herein demands a Jury trial as to all the issues framed by the pleading pursuant to *Federal Rule Civil Procedure* 38(b) and Local Rule 38-1.

DATED: November 22, 2024          SMITH LAW OFFICES, LLP

By: *Douglas Smith*
Douglas C. Smith
La Brea A. Hill
Attorneys for Defendant
COUNTY OF SAN LUIS OBISPO (sued herein as COUNTY OF SAN LUIS OBISPO, a governmental entity, form unknown)