MESSNER REEVES LLP
Andrew Hollins (SBN 80194)
ahollins@messner.com
Ethan Reimers (SBN 311020)
ereimers@messner.com
611 Anton Boulevard, Ste. 450
Costa Mesa, California 92626
Telephone:(949) 612-9128
Facsimile: (949) 438-2304

Attorneys for Defendants BONNIE
SAYERS and JANET BROWN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LINDA COOPER, Individually, And On Behalf of The Estate of Decedent, ELINA QUINN BRANCO,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN LUIS OBISPO, a governmental entity, form unknown; SIERRA MENTAL WELLNESS GROUP, a California Non-Profit Corporation; JASON HOOSON, individually, SAVANNAH WILLIAMS, individually; JOSH SIMPSON, individually; BONNIE SAYERS, individually; JULIA TIDIK, individually; BETHANY AURIOLES, individually; JANET BROWN, individually, SHELLE WATSON, individually; DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-08187-DDP-AJR<br>The Hon. Dean D. Pregerson<br>Magistrate Judge A. Joel Richlin<br><br>**ANSWER OF BONNIE SAYERS TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>Trial Date:          None |

COMES NOW Defendant BONNIE SAYERS ("Defendant") and hereby submits this Answer ("Answer") to Plaintiff LINDA COOPER's, Individually, and on Behalf of the Estate of Decedent, ELINA QUINN BRANCO ("Plaintiff") Complaint for Damages, ("Complaint"). The numbered paragraphs in this Answer

///

{08752357 / 1}

correspond to the numbered paragraphs of the Complaint. Any allegation that is not specifically admitted is denied. Defendant answers as follows:

## **ANSWER TO COMPLAINT**

1.      Paragraph 1 contains conclusions of law with respect to the legal capacity of Plaintiff to bring the claims on the decedent's behalf, to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

2.      Defendant admits that, on information and belief, decedent Elina Quinn Branco was a client at San Luis Obispo Crisis Stabilization Unit operated by Sierra Mental Wellness Group. The remainder of this paragraph contains conclusions of law with respect to the parties named as Defendants and the causes of action against them to which no response is required. To the extent a response is required, Defendant denies all allegations not specifically admitted herein.

3.      Defendant denies the allegations in paragraph with respect to Defendant.

4.      Defendant admits that the action is purportedly brought under the U.S. Constitution, 42 U.S.C. § 1983, and under state statutes. Defendant denies that the death of decedent was caused by any action or omission of Defendant.

5.      Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

6.      Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

7.      Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

8.      Defendant admits the allegations in this paragraph.

9.      Defendant admits that the decedent was a client at the Crisis Stabilization Unit operated by Sierra Mental Health Wellness Group.

1    10.    Defendant admits the allegations in this paragraph.

2    11.    Defendant lacks sufficient knowledge or information to form a belief
3  about the allegations in this paragraph, and on that basis denies them.

4    12.    Defendant admits the allegations in this paragraph.

5    13.    Defendant admits the allegations in this paragraph on information and
6  belief.

7    14.    Defendant admits the allegations in this paragraph on information and
8  belief.

9    15.    Defendant lacks sufficient knowledge or information to form a belief
10 about the allegations in this paragraph, and on that basis denies them.

11    16.    Defendant lacks sufficient knowledge or information to form a belief
12 about the allegations in this paragraph, and on that basis denies them.

13    17.    Defendant lacks sufficient knowledge or information to form a belief
14 about the allegations in this paragraph, and on that basis denies them.

15    18.    Defendant lacks sufficient knowledge or information to form a belief
16 about the allegations in this paragraph, and on that basis denies them.

17    19.    Defendant admits Ms. Brown was employed by Sierra Mental Wellness
18 Group as a licensed psychiatric technician at the time of the alleged incident.  The
19 remainder of the paragraph contains conclusions of law to which no response is
20 required. Defendant denies all remaining allegations not specifically admitted
21 herein.

22    20.    Defendant admits Defendant was employed by Sierra Mental Wellness
23 Group at the time of the alleged incident. The remainder of the paragraph contains
24 conclusions of law to which no response is required. Defendant denies all remaining
25 allegations not specifically admitted herein.

26    21.    Defendant lacks sufficient knowledge or information to form a belief
27 about the allegations in this paragraph, and on that basis denies them.

28  ///

22.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

23.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

24.    Defendant denies the allegations in this paragraph.

25.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

26.    This paragraph contains conclusions of law with respect to fictitiously named defendants, to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the background allegations in this paragraph, and therefore deny them.

27.    This paragraph contains conclusions of law with respect to fictitiously named defendants, to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the background allegations in this paragraph, and therefore deny them.

28.    This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the background allegations in this paragraph, and therefore deny them.

29.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

30.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

31.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

32.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

///

ANSWER OF BONNIE SAYERS TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

33.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

34.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

35.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

36.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

37.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

38.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

39.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

40.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

41.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

42.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

43.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

44.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

45.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

46.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

ANSWER OF BONNIE SAYERS TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

47.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

48.    Defendant admits Hoosan "handed off" the decedent to staff at the Crisis Stabilization Unit. All other allegations not specifically admitted herein are denied.

49.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

50.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

51.    Defendant admits a shift change occurred at approximately 7:30 p.m. wherein Defendant started her shift.

52.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

53.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

54.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

55.    Defendant denies the allegations in this paragraph as to Defendant. As to the other Defendants, Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

56.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

57.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

58.    Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

59.    Defendant admits she spoke with someone who was purportedly the decedent's mother the morning of May 16th, and that Defendant communicated that

everyone was still sleeping. Defendant lacks sufficient knowledge or information to form a belief about the remaining allegations in this paragraph, and on that basis denies them.

60.     Defendant admits she spoke with someone who was purportedly the decedent's mother the morning of May 16th, and that Defendant communicated that everyone was still sleeping. Defendant lacks sufficient knowledge or information to form a belief about the remaining allegations in this paragraph, and on that basis denies them.

61.     Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

62.     Defendant denies the allegations in this paragraph.

63.     Defendant denies the allegations in this paragraph.

64.     Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

65.     Defendant denies the allegations in this paragraph.

66.     Defendant denies the allegations in this paragraph.

67.     Defendant denies the allegations in this paragraph.

68.     Defendant denies the allegations in this paragraph.

69.     Defendant admits she spoke with someone who was purportedly the decedent's mother the morning of May 16th, and that Defendant communicated that everyone was still sleeping. Defendant denies all other allegations in this paragraph.

70.     Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

71.     Defendant admits the allegations in this paragraph.

72.     Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

///

///

73.     Defendant admits that the decedent, on information and belief, was admitted to the Crisis Stabilization Unit as a 5150 hold. The remaining allegations in this paragraph contains conclusions of law, to which no response is required.

74.     Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

75.     Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

76.     Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

77.     Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

78.     Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

79.     Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

80.     Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

81.     The allegations in this paragraph contains conclusions of law, to which no response is required.

82.     Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

83.     Defendant denies the allegations incorporated into this paragraph to the extent they are denied elsewhere herein. Defendant denies any allegation not specifically admitted.

84.     Defendant denies she made intentional decisions not to monitor the decedent for signs of medical distress. Defendant denies she made intentional decisions to falsify the decedent's monitoring logs. Defendant lacks sufficient knowledge or information to form a belief about the remaining allegations in this

ANSWER OF BONNIE SAYERS TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

paragraph, and on that basis denies them.

85.     Defendant denies the allegations in this paragraph.

86.     Defendant denies the allegations in this paragraph.

87.     Defendant denies the allegations in this paragraph.

88.     Defendant denies the allegations in this paragraph.

89.     Defendant denies the allegations in this paragraph.

90.     Defendant denies the allegations in this paragraph.

91.     The allegations in this paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies she is liable to Plaintiff for any of the claims or causes of action asserted in the Complaint, or any of the relief sought thereon.

92.     Defendant denies the allegations incorporated into this paragraph to the extent they are denied elsewhere herein. Defendant denies any allegation not specifically admitted.

93.     The allegations in this paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies she is liable to Plaintiff for any of the claims or causes of action asserted in the Complaint, or any of the relief sought thereon.

94.     Defendant denies the allegations in this paragraph.

95.     Defendant lacks sufficient knowledge or information to form a belief about the allegations in this paragraph, and on that basis denies them.

96.     Defendant denies the allegations in this paragraph as to Defendant. Defendant lacks sufficient knowledge or information to form a belief about the remaining allegations in this paragraph, and on that basis denies them.

97.     The allegations in this paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies she is liable to Plaintiff for any of the claims or causes of action asserted in the Complaint, or any of the relief sought thereon.

98.    Defendant denies the allegations incorporated into this paragraph to the extent they are denied elsewhere herein. Defendant denies any allegation not specifically admitted.

99.    The allegations in this paragraph contains conclusions of law, to which no response is required.

100.    The allegations in this paragraph contains conclusions of law, to which no response is required.

101.    Defendant denies the allegations in this paragraph pertaining to Defendant. Defendant lacks sufficient knowledge or information to form a belief about the remaining allegations in this paragraph, and on that basis denies them.

102.    Defendant lacks sufficient knowledge or information to form a belief about the remaining allegations in this paragraph, and on that basis denies them.

103.    Defendant denies the allegations in this paragraph pertaining to Defendant. Defendant lacks sufficient knowledge or information to form a belief about the remaining allegations in this paragraph, and on that basis denies them.

104.    Defendant denies the allegations in this paragraph pertaining to Defendant. Defendant lacks sufficient knowledge or information to form a belief about the remaining allegations in this paragraph, and on that basis denies them.

105.    Defendant denies the allegations in this paragraph pertaining to Defendant. Defendant lacks sufficient knowledge or information to form a belief about the remaining allegations in this paragraph, and on that basis denies them.

106.    The allegations in this paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies she is liable to Plaintiff for any of the claims or causes of action asserted in the Complaint, or any of the relief sought thereon.

107.    Defendant denies the allegations incorporated into this paragraph to the extent they are denied elsewhere herein. Defendant denies any allegation not specifically admitted.

108.    The allegations in this paragraph contains conclusions of law, to which no response is required.

109.    Defendant lacks sufficient knowledge or information to form a belief about the remaining allegations in this paragraph, and on that basis denies them.

110.    Defendant lacks sufficient knowledge or information to form a belief about the remaining allegations in this paragraph, and on that basis denies them.

111.    Defendant lacks sufficient knowledge or information to form a belief about the remaining allegations in this paragraph, and on that basis denies them.

112.    Defendant lacks sufficient knowledge or information to form a belief about the remaining allegations in this paragraph, and on that basis denies them.

113.    The allegations in this paragraph contains conclusions of law, to which no response is required.

114.    The allegations in this paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies she is liable to Plaintiff for any of the claims or causes of action asserted in the Complaint, or any of the relief sought thereon.

115.    Defendant denies the allegations incorporated into this paragraph to the extent they are denied elsewhere herein. Defendant denies any allegation not specifically admitted.

116.    The allegations in this paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies she is liable to Plaintiff for any of the claims or causes of action asserted in the Complaint, or any of the relief sought thereon.

117.    The allegations in this paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies she is liable to Plaintiff for any of the claims or causes of action asserted in the Complaint, or any of the relief sought thereon.

118.    The allegations in this paragraph contains conclusions of law, to which

1    no response is required. To the extent a response is required, Defendant denies she is

2    liable to Plaintiff for any of the claims or causes of action asserted in the Complaint,

3    or any of the relief sought thereon.

4        119.   The allegations in this paragraph contains conclusions of law, to which

5    no response is required. To the extent a response is required, Defendant denies she is

6    liable to Plaintiff for any of the claims or causes of action asserted in the Complaint,

7    or any of the relief sought thereon.

8        120.   The allegations in this paragraph contains conclusions of law, to which

9    no response is required. To the extent a response is required, Defendant denies she is

10   liable to Plaintiff for any of the claims or causes of action asserted in the Complaint,

11   or any of the relief sought thereon.

12       121.   The allegations in this paragraph contains conclusions of law, to which

13   no response is required. To the extent a response is required, Defendant denies she is

14   liable to Plaintiff for any of the claims or causes of action asserted in the Complaint,

15   or any of the relief sought thereon.

16       122.   Defendant denies the allegations incorporated into this paragraph to the

17   extent they are denied elsewhere herein. Defendant denies any allegation not

18   specifically admitted.

19       123.   The allegations in this paragraph contains conclusions of law, to which

20   no response is required. To the extent a response is required, Defendant denies she is

21   liable to Plaintiff for any of the claims or causes of action asserted in the Complaint,

22   or any of the relief sought thereon.

23       124.   The allegations in this paragraph contains conclusions of law, to which

24   no response is required. To the extent a response is required, Defendant denies she is

25   liable to Plaintiff for any of the claims or causes of action asserted in the Complaint,

26   or any of the relief sought thereon.

27       125.   The allegations in this paragraph contains conclusions of law, to which

28   no response is required. To the extent a response is required, Defendant denies she is

liable to Plaintiff for any of the claims or causes of action asserted in the Complaint, or any of the relief sought thereon.

126.    The allegations in this paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies she is liable to Plaintiff for any of the claims or causes of action asserted in the Complaint, or any of the relief sought thereon.

127.    The allegations in this paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies she is liable to Plaintiff for any of the claims or causes of action asserted in the Complaint, or any of the relief sought thereon.

128.    The allegations in this paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies she is liable to Plaintiff for any of the claims or causes of action asserted in the Complaint, or any of the relief sought thereon.

129.    The allegations in this paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies she is liable to Plaintiff for any of the claims or causes of action asserted in the Complaint, or any of the relief sought thereon.

130.    The allegations in this paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies she is liable to Plaintiff for any of the claims or causes of action asserted in the Complaint, or any of the relief sought thereon.

131.    Defendant denies the allegations incorporated into this paragraph to the extent they are denied elsewhere herein. Defendant denies any allegation not specifically admitted.

132.    Defendant lacks sufficient knowledge or information to form a belief about the remaining allegations in this paragraph, and on that basis denies them.

133.    Defendant lacks sufficient knowledge or information to form a belief

1    about the remaining allegations in this paragraph, and on that basis denies them.

2        134.    Defendant lacks sufficient knowledge or information to form a belief
3    about the remaining allegations in this paragraph, and on that basis denies them.

4        135.    Defendant lacks sufficient knowledge or information to form a belief
5    about the remaining allegations in this paragraph, and on that basis denies them.

6        136.    Defendant lacks sufficient knowledge or information to form a belief
7    about the remaining allegations in this paragraph, and on that basis denies them.

8        137.    Defendant denies the allegations incorporated into this paragraph to the
9    extent they are denied elsewhere herein. Defendant denies any allegation not
10   specifically admitted.

11       138.    The allegations in this paragraph contains conclusions of law, to which
12   no response is required.

13       139.    The allegations in this paragraph contains conclusions of law, to which
14   no response is required.

15       140.    The allegations in this paragraph contains conclusions of law, to which
16   no response is required. To the extent a response is required, Defendant denies she is
17   liable to Plaintiff for any of the claims or causes of action asserted in the Complaint,
18   or any of the relief sought thereon.

19       141.    The allegations in this paragraph contains conclusions of law, to which
20   no response is required. To the extent a response is required, Defendant denies she is
21   liable to Plaintiff for any of the claims or causes of action asserted in the Complaint,
22   or any of the relief sought thereon.

23       142.    The allegations in this paragraph contains conclusions of law, to which
24   no response is required. To the extent a response is required, Defendant denies she is
25   liable to Plaintiff for any of the claims or causes of action asserted in the Complaint,
26   or any of the relief sought thereon.

27       143.    The allegations in this paragraph contains conclusions of law, to which
28   no response is required. To the extent a response is required, Defendant denies she is

liable to Plaintiff for any of the claims or causes of action asserted in the Complaint, or any of the relief sought thereon.

144.   The allegations in this paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies she is liable to Plaintiff for any of the claims or causes of action asserted in the Complaint, or any of the relief sought thereon.

145.   Defendant denies the allegations incorporated into this paragraph to the extent they are denied elsewhere herein. Defendant denies any allegation not specifically admitted.

146.   The allegations in this paragraph contains conclusions of law, to which no response is required.

147.   The allegations in this paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies she is liable to Plaintiff for any of the claims or causes of action asserted in the Complaint, or any of the relief sought thereon.

148.   Defendant lacks sufficient knowledge or information to form a belief about the remaining allegations in this paragraph, and on that basis denies them.

149.   The allegations in this paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies she is liable to Plaintiff for any of the claims or causes of action asserted in the Complaint, or any of the relief sought thereon.

150.   To the extent a response is required, Defendant denies she is liable to Plaintiff for any of the claims or causes of action asserted in the Complaint, or any of the relief sought thereon.

151.   To the extent a response is required, Defendant denies she is liable to Plaintiff for any of the claims or causes of action asserted in the Complaint, or any of the relief sought thereon.

152.   The remaining paragraphs of the Complaint contain Plaintiff's

requested relief, to which no response is required. To the extent a response may be required, Defendants deny the allegations contained in the Complaint's remaining paragraphs and further deny Plaintiff is entitled to any relief from Defendant. Any allegation not specifically addressed is denied.

### AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses as separate and distinct defenses to the Complaint, and each and every cause of action thereof. Defendant does not concede that Defendant has the burden of production or proof as to any affirmative defenses set forth below. Further, Defendant does not presently know all of the facts concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Defendant is informed and believe that a reasonable opportunity for investigation and discovery will reveal facts in support of the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE DEFENSE Defendant is informed and believes neither the Complaint nor any cause of action in the Complaint states facts sufficient to constitute a cause of action against this appearing Defendant.

### SECOND AFFIRMATIVE DEFENSE

AS A FURTHER SEPARATE DEFENSE Defendant is informed and believes the complaint and each cause of action contained therein are barred by the applicable statutes of limitation, including, but not limited to, sections 335.1, 338, and 343 of the Code of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

AS A FURTHER SEPARATE DEFENSE Defendant is informed and believes Plaintiff's alleged injuries and damages, if any, were aggravated by Plaintiff's failure to use reasonable diligence to mitigate them.

{08752357 / 1}

16

## FOURTH AFFIRMATIVE DEFENSE

AS A FURTHER SEPARATE DEFENSE Defendant is informed and believes the Plaintiff has waived the right to maintain the actions filed in this case.

## FIFTH AFFIRMATIVE DEFENSE

AS A FURTHER SEPARATE DEFENSE Defendant is informed and believes the Plaintiff and/or Decedent was guilty of comparative fault or negligence in the matters set forth in the complaint which proximately caused or contributed to the injuries or damages alleged in the complaint.

## SIXTH AFFIRMATIVE DEFENSE

AS A FURTHER SEPARATE DEFENSE Defendant is informed and believes the codefendants, and each of them, named and unnamed in the Complaint, were guilty of negligence, or other acts or omissions related to the matters set forth in the complaint which proximately caused the injuries and damages alleged therein, if any, and the percentage of negligence attributable to each said codefendant should be determined and allocated accordingly.

## SEVENTH AFFIRMATIVE DEFENSE

AS A FURTHER SEPARATE DEFENSE Defendant is informed and believes the Plaintiff had knowledge of the risks and hazards inherent in the events and activities which took place at the times set forth in the complaint, as well as the magnitude of those risks and hazards, and thereafter knowingly and willingly assumed and accepted those risks and hazards.

## EIGHTH AFFIRMATIVE DEFENSE

AS A FURTHER SEPARATE DEFENSE Defendant is informed and believes the Plaintiff is estopped by action of law or by conduct from maintaining the actions filed in this case.

## NINTH AFFIRMATIVE DEFENSE

AS A FURTHER SEPARATE DEFENSE Defendant is informed and believes the Plaintiff has "unclean hands" with regard to the relief sought in the complaint and are therefore barred from obtaining such relief.

## TENTH AFFIRMATIVE DEFENSE

AS A FURTHER SEPARATE DEFENSE Defendant is informed and believes Plaintiff's behavior at the time of injury constitutes willful misconduct, and Plaintiff is thus barred from seeking recovery based upon the asserted negligence of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

AS A FURTHER SEPARATE DEFENSE Defendant is informed and believes the actions filed in this case are not maintainable under the doctrine of laches because of Plaintiff's prejudicial delay in asserting them.

## TWELFTH AFFIRMATIVE DEFENSE

AS A FURTHER SEPARATE DEFENSE Defendant is informed and believes Plaintiff's complaint fails to state the existence of a justiciable controversy between the parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

AS A FURTHER SEPARATE DEFENSE Defendant is informed and believes should loss, damages or detriment have occurred as alleged in Plaintiffs' complaint, then said loss, damage or detriment was actually and proximately caused or contributed to by the negligence or wrongful and/or careless action or omission to act and/or other tortious conduct of persons or entities other than this Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

AS A FURTHER SEPARATE DEFENSE, Defendant is informed and believes that any action or omission to act on defendant's part, or any action or omission to act on the part

of any person or any entity for whose actions or omissions defendant is (or may be established to be) legally responsible, did not actually or proximately cause or contribute in any manner or to any degree, to any losses or damages for which recovery is sought by Plaintiff in the complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

AS A FURTHER SEPARATE DEFENSE Defendant is informed and believes the acts or omissions to act, and/or other alleged tortious conduct of persons or entities other than this defendant, actually and proximately caused or contributed to Plaintiff's underlying losses and damages, if any.  Accordingly, said actions or omissions to act constituted intervening and superseding causes of the losses or damages, if any, allegedly sustained by the underlying Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

AS A FURTHER SEPARATE DEFENSE Defendant is informed and believes Plaintiff's claims are barred due to Plaintiff's and/or Decedent's assumption of the risk, either express or implied, of her alleged injuries and damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

AS A FURTHER SEPARATE DEFENSE Defendant is informed and believes that should it be found that defendant is in any manner legally responsible for damages sustained by Plaintiff in the underlying action, which defendant specifically denies, Defendant's liability for non-economic damages shall be severally only and not joint, such that this party shall be liable only for the amount of non-economic damages allocated to it in direct proportion to its percentage of fault.

### EIGHTEENTH AFFIRMATIVE DEFENSE

AS A FURTHER SEPARATE DEFENSE Defendant is informed and believes that Plaintiff is barred from recovery because defendant lacked actual or constructive notice of the allegedly dangerous conditions alleged by Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

AS A FURTHER SEPARATE DEFENSE Defendant is informed and believes that if this Defendant is found to have been negligent or at fault in any manner, which is expressly denied, any negligence or fault could only be vicarious, secondary and passive, while the negligence of Plaintiff, and/or Decedent, and/or other defendants, and other third parties, would be active and primary.

## TWENTIETH AFFIRMATIVE DEFENSE

AS A FURTHER SEPARATE DEFENSE Defendant is informed and believes the subject underlying incident was caused by unforeseeable criminal actions of third parties other than Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

AS A FURTHER SEPARATE DEFENSE Defendant is informed and believes at all relevant times Defendant relied on a good faith interpretation of law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

AS A FURTHER SEPARATE DEFENSE Defendant is informed and believes that Plaintiff was not deprived of life, liberty, property, or any other Constitution or statutory right through any act or omission of Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

AS A FURTHER SEPARATE DEFENSE Defendant is informed and believe that hat the Complaint and each purported cause of action therein fails, since the Plaintiff does not describe claims against Defendant with sufficient particularity to enable Defendant to ascertain all of the defenses that may exist. Defendants, therefore, reserves the right to amend Defendant's answer and to assert additional defenses and/or supplement, alter, or change this answer upon completion of appropriate investigation and discovery concerning Plaintiff's claims once  the precise nature of the claims made against Defendant is determined.

1

## **<u>PRAYER</u>**

2      WHEREFORE, Defendant prays that Plaintiff takes nothing by way of the Complaint

3  and that Defendant have judgment in Defendant's favor, for all costs of suit, attorneys' fees,

4  on all special defenses, and for all other relief that the court may order or award in this case.

5

## **<u>DEMAND FOR JURY TRIAL</u>**

6      Defendant hereby demands a jury trial on all claims and allegations asserted by

7  Plaintiff in the Complaint.

8  DATED:  December 6, 2024                    Respectfully submitted,

9

10                                                        MESSNER REEVES LLP

11

12                                                        */s/ Andrew Hollins*

13                                                        Andrew Hollins

14                                                        Ethan Reimers
                                                          Attorneys for Defendants BONNIE
15                                                        SAYERS and JANET BROWN

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2024, I electronically filed the foregoing **ANSWER OF BONNIE SAYERS TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on the attached service list:

I also certify the document and a copy of the Notice of Electronic Filing was served via  on the following non-CM/ECF participants:


*/s/ Sabrina Johnson*
Sabrina Johnson

{08752357 / 1}

ANSWER OF BONNIE SAYERS TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1   Linda Cooper v County of San Luis Obispo, et al.
2   Case No. 2:24-cv-08187-DDP-AJR

3

4   Cameron Sehat                          Kere Tickner, Esq.
    Jeffrey Mikel                          MCGLINCHEY STAFFORD
5   Natalie Smith                          PLLC
    THE SEHAT LAW FIRM PLC                 18201 Von Karman Avenue Suite
6   5100 Campus Drive, Ste. 200            350
    Newport Beach, CA 92660                Irvine, CA 92612
7   949-825-5200                           T (949) 381-5900
    Email                                  F (949) 271-4040
8   cameron@sehatlaw.com                   emay@mcglinchey.com.
    *Attorneys for Plaintiff LINDA COOPER* mmccliman@mcglinchey.com
9   *on behalf of the ESTATE OF ELINA*     avankorlaar@mcglinchey.com
    *QUINN BRANCO*                         lhinnaoui@mcglinchey.com
10                                         zkazmi@mcglinchey.com
                                           ktickner@mcglinchey.com
11                                         *Attorneys for Defendant,*
                                           *County of San Luis Obispo*
12  Daniel R. Friedenthal, Esq.            Yolanda Lopez, Esq.
    FRIEDENTHAL, HEFFERNAN &               Richard Clouse, Esq.
13  BROWN, LLP                             CLOUSESPANIAC
    1520 W. Colorado Boulevard, 2nd Floor  ATTORNEYS, A
14  Pasadena,  CA 91105                    PROFESSIONAL
    Tel: (626) 628- 2800                   CORPORATION
15  Fax: (626) 628-2828                    8038 Haven Ave., Suite E
    nruiz@fhblawyers.com                   Rancho Cucamonga, CA 91730
16  dfriedenthal@fhblawyers.com            Tel: (909) 941-3388
    jbrown@fhblawyers.com                  klspaniac@csattys.com
17  *Attorneys for Defendant,*             rrclouse@csattys.com
    *Bethany Aurioles*                     yelopez@csattys.com
18                                         mmedina@csattys.com
                                           *Attorneys for Defendant,*
19                                         *Savannah Williams*
20  Brian Hoffman, Esq.                    Serena L. Nervez, Esq.
21  Crystal Rorabaugh, Esq.                Mark M. Rudy, Esq.
    WOOD, SMITH, HENNING &                 VEATCH CARLSON, LLP
    BERMAN LLP                             1055 Wilshire Blvd., 11th Floor
22  6A Liberty Street, Suite 200           Los Angeles, CA 90017-2444
    Aliso Viejo, CA 92656                  Tel: (213) 381-2861
23  Tel: (949) 757-4542                    Fax: (213) 383-6370
    crorabaugh@wshblaw.com                 snervez@veatchfirm.com
24  BHoffman@wshblaw.com                   mrudy@veatchfirm.com
    *Attorneys for Defendant,*             kesquivel@veatchfirm.com
25  *Julia Tidik*                          *Attorneys for Defendants,*
                                           *Sierra Mental Wellness Gorup,*
26                                         *Josh Simpson and Shelle Watson*
27

28
    {08752357 / 1}                 23

1      Douglas C. Smith
         SMITH LAW OFFICES LLP
2      4001 Eleventh Street
         Riverside, CA 92501
3      REL: 951-509-1355
         dsmith@smitlaw.com
4      jszalonek@smitlaw.com
         jrobitaille@smitlaw.com
5      LHill@smitlaw.com
         brios@smitlaw.com
6      Attorneys for Defendant, Jason Hooson

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24

ANSWER OF BONNIE SAYERS TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL