**MARK. M. RUDY, State Bar No. 126254**
*mrudy@veatchfirm.com*
**SONJA M. DAHL, State Bar No. 130971**
*sdahl@veatchfirm.com*
**VEATCH CARLSON, LLP**
1055 Wilshire Blvd., 11th Floor
Los Angeles, CA 90017-2444
Tel: (213) 381-2861
Fax: (213) 383-6370

Attorneys for Defendants,
**SIERRA MENTAL WELLNESS GROUP,
JOSH SIMPSON, and SHELLI WATSON,
sued herein as SHELLE WATSON**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA COOPER, Individually, and on the behalf of the Estate of Decedent, ELINA QUINN BRANCO, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SAN LUIS OBISPO, a government entity, form unknown; SIERRA MENTAL WELLNESS GROUP, a California non-profit corporation; JASON HOOSON, individually, SAVANNAH WILLIAMS, individually; JOSH SIMPSON, individually; BONNIE SAYERS, individually; JULIA TIDIK, individually; BETHANY AURIOLES, individually; JANET BROWN, individually; SHELLE WATSON, individually; and DOES 1 through 10, inclusive, <br><br> Defendants. | **CASE NO: 2:24-cv-08187-SVX (AJRx)** <br> *District Judge: Stephen V. Wilson, Court Room 10A* <br> *Magistrate Judge: A. Joel Richlin* <br><br> **ANSWER OF DEFENDANT SIERRA MENTAL WELLNESS GROUP TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL** <br><br> Complaint Filed:  September 25, 2024 <br> Trial Date:  May 27, 2025 |

COMES NOW Defendant SIERRA MENTAL WELLNESS GROUP, and admits, denies and alleges the following in response to Plaintiff's Complaint on file herein.

///

1

CASE NO: 2:24-cv-08187-SVX (AJRx): ANSWER OF DEFENDANT SIERRA MENTAL WELLNESS GROUP TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

1. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and so denies them on that basis.

2. Defendant denies all of the allegations pertaining to all theories of liability alleged in Paragraph 2, with the exception that. Defendant admits that the San Luis Obispo Crisis Stabilization Unit was operated by Sierra Mental Wellness Group, a contracted mental health care provider under contract with San Luis Obispo County, that one or more employees of SIERRA entered false information into decedent's medical record, and that Plaintiff was 19 years old at the time of her admission to the CSU.

3. Defendant denies the allegations of Paragraph 3.

## JURISDICTION AND VENUE

4. Defendant admits that plaintiff brings claims pursuant to the legal authorities cited in Paragraph 4.

5. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and so denies them on that basis.

6. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and so denies them on that basis.

7. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and so denies them on that basis.

8. Responding the Paragraph 8, Defendant admits that this court has jurisdiction over federal civil rights claims brought pursuant to 28 U.S.C. sections 1331 and 1343, and that the court has supplemental jurisdiction over state-law claims pursuant to 28 U.S. C. section 1367(a).

9. Responding the Paragraph 9, Defendant admits that decedent was a mental health client at the San Luis Obispo Crisis Stabilization Unit, operated by the County of San Luis Obispo by and through Sierra Mental Wellness Group, but denies that this admission was the only time "relevant" to the lawsuit.

10. Defendant admits the allegations of Paragraph 10.

///

## PARTIES

11. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and so denies them on that basis.

12. Defendant admits the allegations of Paragraph 12.

13. Defendant admits the allegations of Paragraph 13.

14. Defendant admits the allegations of Paragraph 14.

15. Defendant admits that SIMPSON was a Regional Manager of Program Operations employed by SIERRA at the time of the events described in the Complaint, and at all times was acting within the course and scope of his employment with SIERRA, and that SIMPSON is being sued in his individual capacity. Defendant denies the remainder of the allegations of Paragraph 15, and so denies them on that basis.

16. Defendant admits that WILLIAMS was an agent and employee of SIERRA at the time of the events described in the Complaint, and at all times was acting within the course and scope of her employment with SIERRA, and that WILLIAMS is being sued in her individual capacity. Defendant denies the remainder of the allegations of Paragraph 16.

17. Defendant denies that Defendant HOOSON was acting as an agent or employee of SIERRA at the time of the events alleged in Plaintiff's Complaint. Defendant admits that HOOSON was acting on behalf of San Luis Obispo at the time of the events alleged in Plaintiff's Complaint, and that HOOSON is being sued in his individual capacity. Defendant denies the remainder of the allegations of Paragraph 17.

18. Defendant admits that WATSON was an employee of SIERRA in the capacity of a licensed psychiatric technician, and was acting in the course and scope of her employment at the time of the events alleged in Plaintiff's Complaint, and that WATSON is being sued in her individual capacity. Defendant denies the remainder of the allegations in Paragraph 18.

19. Defendant admits that BROWN was an employee of SIERRA in the capacity of a licensed psychiatric technician, and was acting in the course and scope of

her employment at the time of the events alleged in Plaintiff's Complaint, and that BROWN is being sued in her individual capacity. Defendant denies the remainder of the allegations in Paragraph 19.

20. Defendant admits that SAYERS was an employee of SIERRA in the capacity of a licensed psychiatric technician, and was acting in the course and scope of her employment at the time of the events alleged in Plaintiff's Complaint, and that SAYERS is being sued in her individual capacity. Defendant denies the remainder of the allegations in Paragraph 20.

21. Defendant admits that TIDIK is being sued in her individual capacity, and was acting in the capacity of an independent contractor providing health care services as a nurse practitioner. Defendant denies the remainder of the allegations of Paragraph 21.

22. Defendant admits that AURIOLES was an employee of SIERRA in the capacity of a licensed psychiatric technician, and was acting in the course and scope of her employment at the time of the events alleged in Plaintiff's Complaint, and that SAYERS is being sued in her individual capacity. Defendant denies the remainder of the allegations in Paragraph 22.

23. Defendant admits that WILLIAMS was an employee of SIERRA in the capacity of a licensed psychiatric technician, and was acting in the course and scope of her employment at the time of the events alleged in Plaintiff's Complaint, and that WILLIAMS is being sued in her individual capacity. Defendant denies the remainder of the allegations in Paragraph 23.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant admits that the decedent had been placed on a 5150 hold as gravely disabled, but denies the remainder of the allegations in Paragraph 25.

26. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 26-27, and so denies them on that basis.

CASE NO: 2:24-cv-08187-SVX (AJRx): ANSWER OF DEFENDANT SIERRA MENTAL WELLNESS GROUP TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

27. Except as otherwise admitted herein, Defendant denies the allegations in Paragraph 28.

## FACTUAL ALLEGATIONS

28. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and so denies them on that basis.

29. Defendant admits that decedent was admitted to the CSU on or about Feb. 26, 2024 as being gravely disabled. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 30, and so denies them on that basis.

30. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 31-35, and so denies them on that basis.

31. Defendant admits that Defendant WATSON spoke with the plaintiff about her daughter's condition, and that she advised plaintiff to contact the county's mobile crisis unit for assistance. Defendant denies the remainder of the allegations of Paragraph 36.

32. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 37-40, and so denies them on that basis.

33. Defendant admits that the Crisis Assessment prepared by HOOSON included the statements quoted in Paragraph 41. Regarding the remainder of the allegations, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41, and so denies them on that basis.

34. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 42-46, and so denies them on that basis.

35. Defendant admits that Defendant AURIOLES recorded a note at approximately 6:08 p.m. which included the quoted language from Paragraph 47, with

the exception that Defendant AURIOLES noted that decedent was admitted to the CSU "as 5150 GD hold." Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 47, and so denies them on that basis.

36.   Defendant admits that HOOSON provided his Crisis Assessment to SIERRA. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 48, and so denies them on that basis.

37.   Defendant admits that the CSU Acceptance Screening Tool filled out by HOOSON included the language quoted in Paragraph 49, and that this document was provided to SIERRA by HOOSON. Defendant admits that the form was a screening tool for the Mobile Crisis Unit to evaluate the appropriateness of referring a person to the CSU. Defendant denies that the SCU Acceptance Screening Tool is a "diagnostic tool." Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 49, and so denies them on that basis.

38.   Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50, and so denies them on that basis, except that Defendant admits that it did not provide the decedent with new clothing.

39.   Responding to Paragraph 51, Defendant admits that at or about 7:30 p.m., a night shift change took place, and Defendants BROWN and SAYERS were assigned to work the night shift. Defendant admits that there was no supervisor present on the premises for the night shift.

40.   Responding to Paragraph 52, Defendant admits that the decedent's chart reflected 2 Hour Shift Notes beginning at 7:30 p.m. Defendant further admits that decedent's chart reflects that the decedent "had an altercation with a male peer but was successfully redirected," and includes entries stating that the decedent was "provided

///

41. with coping skills to help manage her condition" and that she would "continue to be monitored." Any allegations in Paragraph 52 not expressly admitted are denied.

42. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53, and so denies them on that basis.

43. Defendant admits the allegations of Paragraph 54.

44. Responding to Paragraph 55, Defendant admits that Defendant AURIOLES called 911 at or around 8:30 a.m. to report an unresponsive patient and request a response from emergency medical services. Defendant denies the remainder of the allegations in Paragraph 55.

45. Defendant admits the allegations in Paragraph 56.

46. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 57-61, and so denies them on that basis.

47. Responding to the allegations in Paragraph 62, Defendant admits that Defendants BROWN and/or SAYERS entered false information in the decedent's medical records. Defendant denies the remainder of the allegations in Paragraphs 62.

48. Defendant denies the allegations in Paragraph 63.

49. Responding to the allegations in Paragraph 64, Defendant denies that is was aware that SCU staff regularly failed to monitor clients. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 64, and so denies them on that basis

50. Responding to the allegations in Paragraph 65, Defendant admits that Defendants BROWN and/or SAYERS entered false information in the decedent's medical records. Defendant denies the remainder of the allegations in Paragraphs 65.

51. Defendant denies the allegations in Paragraphs 66-68.

///
///

52. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 69-70, and so denies them on that basis.

### Branco's 5150-hold and CSU's history of neglect

53. Defendant admits the allegations in Paragraph 71.

54. Defendant denies the allegations of Paragraph 72.

55. Defendant admits the allegations of Paragraph 73, with the exception that Defendant denies that HOOSON was acting as a SIERRA mobile crisis unit psychiatric technician.

56. Responding to the allegations of Paragraph 74, Defendant admits that it provides behavioral health services to persons experiencing mental health issues, including persons on a 5150 hold, but denies that it provides services for "all" such persons.

57. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 75-76, and so denies them on that basis

58. Responding to the allegations in Paragraph 77, Defendant admits that the contract between the COUNTY and SIERRA required that a licensed psychiatric technician be at the facility at all times, and that a registered nurse must be available at all times either in person or via telehealth remote connection. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 77, and so denies them on that basis

59. Responding to the allegations in Paragraph 78, Defendant admits that the contract between the COUNTY and SIERRA required that a licensed psychiatric technician be at the facility at all times, and that a registered nurse must be available at all times either in person or via telehealth remote connection. Defendant denies the remainder of the allegations in Paragraph 78.

///

60. Defendant denies the allegations in Paragraphs 79-80 to the extent that the allegations are inconsistent with California law.

61. Responding to Paragraph 81, Defendant admits that California Penal Code section 471.5 was in effect at the time of the events in question, and applied to persons making entries in a medical record. Defendant denies the remained of the allegations in Paragraph 81.

62. Defendant admits the allegations in Paragraph 82.

## FIRST CLAIM FOR RELIEF

63. Responding to Paragraph 83, Defendant repeats its responses to Paragraphs 1-82.

64. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 regarding the COUNTY and HOOSON, and so denies them on that basis. Defendant denies the remainder of the allegations in Paragraph 84.

65. Defendant denies the allegations in Paragraphs 85-91.

## SECOND CLAIM FOR RELIEF

66. Responding to Paragraph 92, Defendant repeats its responses to Paragraphs 1-91.

67. Defendant denies the allegations in Paragraphs 93-94.

68. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 pertaining to the COUNTY and HOOSON, and so denies them on that basis. Defendant denies the remainder of the allegations in Paragraph 95.

69. Defendant denies the allegations of Paragraph 96.

70. Responding to Paragraph 97, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations that Defendants BROWN and/or SAYERS falsified certain entries in decedent's chart. Defendant denies the remainder of the allegations of Paragraph 97.

### THIRD CLAIM FOR RELIEF

71. Responding to Paragraph 98, Defendant repeats its responses to Paragraphs 1-97.

72. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 pertaining to the COUNTY and HOOSON, and so denies them on that basis. Defendant denies the remainder of the allegations in Paragraph 99.

73. Defendant denies the allegations of Paragraph 100.

74. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 pertaining to the COUNTY and HOOSON, and so denies them on that basis. Defendant denies the remainder of the allegations in Paragraph 101.

75. Defendant admits that HOOSON assessed the decedent and deemed her eligible for a 5150 hold, but denies the remainder of the allegations in Paragraph 102.

76. Defendant denies the allegations of Paragraphs 103-106.

### FOURTH CLAIM FOR RELIEF

77. Responding to Paragraph 107, Defendant repeats its responses to Paragraphs 1-106.

78. Defendant denies the allegations in Paragraph 108.

79. Defendant admits that the decedent was accepted for admission to the CSU, but denies the remainder of the allegations in Paragraph 109.

80. Defendant denies the allegations in Paragraph 110-114.

### FIFTH CLAIM FOR RELIEF

81. Responding to Paragraph 115, Defendant repeats its responses to Paragraphs 1-114.

82. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116, and so denies them on that basis.

83.     Responding to Paragraph 117, Defendant admits that the decedent was admitted to the CSU on a 5150 hold as gravely disabled, and that Defendants had the responsibility to provide assessment, care and treatment that fell within the applicable standard of care. Defendant denies the remainder of the allegations of Paragraph 117.

84.     Responding to Paragraph 118, Defendant admits that the decedent was admitted to the CSU on a 5150 hold as gravely disabled, and that Defendants had the responsibility to provide assessment, care and treatment that fell within the applicable standard of care. Defendant denies the remainder of the allegations of Paragraph 118.

85.     Defendant denies the allegations in Paragraphs 119-121.

### SIXTH CAUSE OF ACTION

86.     Responding to Paragraph 122, Defendant repeats its responses to Paragraphs 1-121.

87.     Defendant denies the allegations in Paragraphs 123-124.

88.     Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 125-126, and so denies them on that basis.

89.     Defendant denies the allegations in Paragraphs 127-130.

### SEVENTH CAUSE OF ACTION

90.     Responding to Paragraph 131, Defendant repeats its responses to Paragraphs 1-130.

91.     Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 132-136 as to the COUNTY, and so denies them on that basis. Defendant denies the remainder of the allegations in Paragraphs 132-136.

### EIGHTH CLAIM FOR RELIEF

92.     Responding to Paragraph 137, Defendant repeats its responses to Paragraphs 1-136.

93.     Defendant denies the allegations in Paragraphs 138-144.

CASE NO:  2:24-cv-08187-SVX (AJRx): ANSWER OF DEFENDANT SIERRA MENTAL WELLNESS GROUP TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

## NINTH CAUSE OF ACTION

94. Responding to Paragraph 145, Defendant repeats its responses to Paragraphs 1-144.

95. Defendant denies the allegations in Paragraphs 146-151.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant alleges that at the time and place of the incident in question, the decedent herself was guilty of negligence or other fault, and so proximately caused or contributed to her injuries and death.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that other persons, organizations, governmental entities were negligent or otherwise at fault, and proximately caused or contributed to the decedent's death, so legal fault and damages must be apportioned accordingly.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges, upon information and belief, that plaintiff's claims are barred by the doctrine of estoppel, in that the decedent and/or the plaintiff misrepresented or concealed material facts from Defendant, who was actually and permissibly ignorant of the truth, with the intention that defendant act upon such misrepresentations.

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that in the event she is found liable to plaintiff, if the total award to plaintiff equals or exceeds the amount set forth in California Code of Civil Procedure section 557.7, then defendant may request the court that judgment be entered such that future damages may be paid by periodic payments, as provided by law.

### FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that she may introduce evidence of any amount payable to the plaintiff by any collateral source provided by law pursuant to California Civil Code section 3333.1.

///

CASE NO: 2:24-cv-08187-SVX (AJRx): ANSWER OF DEFENDANT SIERRA MENTAL WELLNESS GROUP TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

## SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that in the event she is found liable to plaintiff herein, the amount of plaintiff's damages for noneconomic losses may not exceed the amount set forth in California Civil Code section 3333.2.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that in the event she is found liable to the plaintiff herein, her liability for noneconomic damages must be apportioned as to the percentage of her own fault, as provided by Proposition 51, California Civil Code sections 1431.1, et. seq.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that the injuries, losses and damages claimed by plaintiff were proximately caused by intervening and superseding causes and forces which were beyond the control of this defendant and which, in the exercise of reasonable prudence, were not and could not be anticipated or foreseen by Defendant.

## NINTH AFFIRMATIVE DEFENSE

Defendant alleges that plaintiff's claims for the death of decedent are improper, in that plaintiff has filed to join a necessary party, as not all heirs with standing to sue for wrongful death have been joined in the above-entitled action.

## TENTH AFFIRMATIVE DEFENSE

Defendant alleges that each cause of action asserted by plaintiff fails to state a claim for relief against this defendant.

**PRAYER**

Wherefore, Defendant prays that:

1. Plaintiff take nothing by way of her complaint;
2. Defendant be awarded costs of suit according to law;

///
///
///
///



**VEATCH CARLSON, LLP**
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

3. And that the court would award such other relief that it deems right and proper under the law.

Dated:  January 23, 2025

**VEATCH CARLSON, LLP**

_____
**MARK M. RUDY**
**SONJA M. DAHL**
Attorneys for Defendants,
**SIERRA MENTAL WELLNESS GROUP, JOSH SIMPSON, and SHELLI WATSON, sued herein as SHELLE WATSON**

## DEMAND FOR JURY TRIAL

Defendant SIERRA MENTAL WELLNESS GROUP hereby demands a trial by jury.

Dated:  January 23, 2025

**VEATCH CARLSON, LLP**

_____
**MARK M. RUDY**
**SONJA M. DAHL**
Attorneys for Defendants,
**SIERRA MENTAL WELLNESS GROUP, JOSH SIMPSON, and SHELLI WATSON, sued herein as SHELLE WATSON**

---

14

**CASE NO: 2:24-cv-08187-SVX (AJRx): ANSWER OF DEFENDANT SIERRA MENTAL WELLNESS GROUP TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

# CERTIFICATE OF SERVICE

*Linda Cooper v. County of San Luis Obispo, et al.*
Case No.:  2:24-cv-08187-DDP (AJRx)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017-2444.

On **January 23, 2025,** I served the foregoing document described as: **ANSWER OF DEFENDANT SIERRA MENTAL WELLNESS GROUP; DEMAND FOR JURY TRIAL** on interested parties in this action by one or more of the following methods:

**(SEE ATTACHED SERVICE LIST)**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING**: I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY MAIL** (C.C.P. §§ 1013a, *et seq.*)**:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America and State of California, that the foregoing is true and correct.

Dated: January 23, 2025

Kelly Equivel
Type or Print Name                                            Signature

15

**CASE NO:  2:24-cv-08187-SVX (AJRx): ANSWER OF DEFENDANT SIERRA MENTAL WELLNESS GROUP TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**



# SERVICE LIST

*Linda Cooper v. County of San Luis Obispo, et al.*
Case No.: 2:24-cv-08187-DDP (AJRx)

***Attorneys for Plaintiff, LINDA COOPER, Individually and on behalf of the Estate of Elina Quinn Branco***
Cameron Sehat, Esq.
Jeffrey Mikel, Esq.
Nathalie Smith, Esq.
Andrea Monge, Esq.
**THE SEHAT LAW FIRM, PLC**
5100 Campus Drive, Suite 200
Newport Beach, CA 92612
Telephone: (949) 825-5200 / Facsimile: (949) 313-5001
Email:
cameron@sehatlaw.com
j.mikel@sehatlaw.com;
andrea.m@sehatlaw.com;
n.aguilar@sehatlaw.com


***Attorneys for Defendant, SAVANNAH WILLIAMS***
Katharine L. Spaniac, Esq.
Richard R. Clouse, Esq.
Yolanda E. Lopez, Esq.
**CLOUSESPANIAC**
8038 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730-3048
Telephone: 909-941-3388 / Facsimile: 909-941-3389
E-Mails:
klspaniac@csattys.com; rrclouse@csattys.com ; yelopez@csattys.com;
gcrosswhite@csattys.com; pfeltnor@csattys.com; rmartinez@csattys.com;
service@csattys.com


***Attorneys for Defendant, BETHANY AURIOLES***
Daniel R. Friedenthal, Esq.
**FRIEDENTHAL, HEFFERNAN & BROWN, LLP**
1520 W. Colorado Boulevard, Second Floor
Pasadena, California 91105

**CASE NO: 2:24-cv-08187-SVX (AJRx): ANSWER OF DEFENDANT SIERRA MENTAL WELLNESS GROUP TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

1  Telephone: (626) 628-2800 / Facsimile: (626) 628-2828
2  E-Mail: dfriedenthal@fhblawyers.com; jbrown@fhblawyers.com;
   nruiz@fhblawyers.com;
3

4  *Attorneys for Defendant, JULIA TIDIK, NP*
5  Brian L. Hoffman, Esq.
   Crystal L Rorabaugh, Esq.
6  **WOOD, SMITH, HENNING & BERMAN LLP**
7  10960 Wilshire Boulevard, 18th Floor
   Los Angeles, California 90024-3804
8  Phone: 310.481.7600 ♦ Fax: 310.481.7650
9  E-Mail:
   bhoffman@wshblaw.com; crorabaugh@wshblaw.com; javilagonzales@wshblaw.com;
10 favila@wshblaw.com ,

11

12 *Attorneys for Defendants, COUNTY OF SAN LUIS OBISPO (sued herein as*
13 *COUNTY OF SAN LUIS OBISPO, a governmental entity, form unknown) and*
   *JASON HOOSON*
14 Douglas C. Smith
15 La Brea A. Hill
   **SMITH LAW OFFICES, LLP**
16 4001 Eleventh Street
17 Riverside, CA 92501
   Telephone: (951) 509-1355
18 Facsimile: (951) 509-1356
19 E-Mail:
   dsmith@smitlaw.com; lhill@smitlaw.com; ahouston@smitlaw.com,
20 jlee@smitlaw.com, jrobitaille@smitlaw.com, jszalonek@smitlaw.com,
21 mmartinez@smitlaw.com

22

23 *Attorneys for Defendants BONNIE SAYERS and JANET BROWN*
24 Andrew Hollins, Esq.
   Ethan Reimers, Esq.
25 **MESSNER REEVES LLP**
26 611 Anton Boulevard, Ste. 450
   Costa Mesa, California 92626
27 Telephone:(949) 612-9128
28 Facsimile: (949) 438-2304
   Emails



17
**CASE NO: 2:24-cv-08187-SVX (AJRx): ANSWER OF DEFENDANT SIERRA MENTAL WELLNESS GROUP TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

ahollins@messner.com; ereimers@messner.com; mroccalendar@messner.com; jtusko@messner.com; sjohnson@messner.com; cscherz@messner.com;

*<u>Attorneys for Defendants, COUNTY OF SAN LUIS OBISPO (</u>*
Michelle M McCliman, Esq.
Adam Van Korlaar, Esq.
Kere Kay Tickner, Esq.
McGlinchey Stafford PLLC
18201 Von Karman Avenue, Suite 350
Irvine, CA 92612
Office 949-381-5900
Fax 949-271-4040

mmccliman@mcglinchey.com; irvineecf@mcglinchey.com; avankorlaar@mcglinchey.com; emay@mcglinchey.com; lhinnaoui@mcglinchey.com; zkazmi@mcglinchey.com; ktickner@mcglinchey.com