**MARK. M. RUDY, State Bar No. 126254**
mrudy@veatchfirm.com
**SONJA M. DAHL, State Bar No. 130971**
sdahl@veatchfirm.com
**VEATCH CARLSON, LLP**
1055 Wilshire Blvd., 11th Floor
Los Angeles, CA 90017-2444
Tel: (213) 381-2861
Fax: (213) 383-6370

Attorneys for Defendants,
**SIERRA MENTAL WELLNESS GROUP, JOSH SIMPSON, and SHELLI WATSON, sued herein as SHELLE WATSON**

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LINDA COOPER, Individually, and on the behalf of the Estate of Decedent, ELINA QUINN BRANCO,

Plaintiffs,

vs.

COUNTY OF SAN LUIS OBISPO, a government entity, form unknown; SIERRA MENTAL WELLNESS GROUP, a California non-profit corporation; JASON HOOSON, individually, SAVANNAH WILLIAMS, individually; JOSH SIMPSON, individually; BONNIE SAYERS, individually; JULIA TIDIK, individually; BETHANY AURIOLES, individually; JANET BROWN, individually; SHELLE WATSON, individually; and DOES 1 through 10, inclusive,

Defendants.

**CASE NO: 2:24-cv-08187-SVX (AJRx)**
*District Judge: Stephen V. Wilson, Court Room 10A*
*Magistrate Judge: A. Joel Richlin*

**ANSWER OF DEFENDANT SHELLI WATSON TO PLAINTIFF'S COMPLAINT**

**DEMAND FOR JURY TRIAL**

Complaint Filed: September 25, 2024
Trial Date: May 27, 2025

COMES NOW Defendant SHELLI WATSON, sued herein as SHELLE WATSON, and admits, denies and alleges the following in response to Plaintiff's Complaint on file herein.

///

1. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and so denies them on that basis.

2. Defendant denies that she was reckless, negligent, deliberately indifferent to the rights and/or liberties of decedent Elina Quinn Branco, and that any wrongful act or omission on her part caused or contributed to her death. Defendant further denies all of the allegations pertaining to all theories of liability alleged in Paragraph 2. Defendant admits that the San Luis Obispo Crisis Stabilization Unit was operated by Sierra Mental Wellness Group and that Plaintiff was 19 years old at the time of her admission to the CSU.

3. Defendant admits that the decedent died during her admission to the CSU. Defendant denies the allegations of Paragraph 3 pertaining to any care or treatment rendered to the decedent during her admission by herself; as to the remainder of the allegations of Paragraph 3, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and so denies them on that basis.

## JURISDICTION AND VENUE

4. Defendant admits that plaintiff brings claims pursuant to the legal authorities cited in Paragraph 4.

5. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and so denies them on that basis.

6. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and so denies them on that basis.

7. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and so denies them on that basis.

8. Responding to Paragraph 8, Defendant admits that this court has jurisdiction over federal civil rights claims brought pursuant to 28 U.S.C. sections 1331 and 1343, and that the court has supplemental jurisdiction over state-law claims pursuant to 28 U.S. C. section 1367(a).

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

9. Responding to Paragraph 9, Defendant admits that decedent was a mental health client at the San Luis Obispo Crisis Stabilization Unit, operated by the County of San Luis Obispo by and through Sierra Mental Wellness Group, but denies that this admission was the only time "relevant" to the lawsuit.

10. Defendant admits the allegations of Paragraph 10.

**PARTIES**

11. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and so denies them on that basis.

12. Defendant admits the allegations of Paragraph 12.

13. Defendant admits the allegations of Paragraph 13.

14. Defendant admits the allegations of Paragraph 14.

15. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and so denies them on that basis.

16. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and so denies them on that basis.

17. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and so denies them on that basis.

18. Defendant admits that at all times relevant to the complaint, she was an employee of SIERRA in the capacity of a licensed psychiatric technician, and was acting in the course and scope of her employment. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 18, and so denies them on that basis.

19. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and so denies them on that basis.

20. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and so denies them on that basis.

21. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and so denies them on that basis.

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

22. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and so denies them on that basis.

23. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and so denies them on that basis.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant admits that Branco had been placed on a 5150 hold by co-Defendant Hooson as being gravely disabled, but denies that Branco was being held against her will. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 25, and so denies them on that basis

26. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and so denies them on that basis.

27. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and so denies them on that basis.

28. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and so denies them on that basis.

**FACTUAL ALLEGATIONS**

29. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and so denies them on that basis.

30. Defendant admits that decedent was admitted to the CSU on or about Feb. 26, 2024 as being gravely disabled. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 30, and so denies them on that basis.

31. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31, and so denies them on that basis.

32. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and so denies them on that basis.

///

33. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33, and so denies them on that basis.

34. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34, and so denies them on that basis.

35. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and so denies them on that basis.

36. Defendant admits that she spoke with the plaintiff about her daughter's condition, and that she advised plaintiff to contact the county's mobile crisis unit for assistance. Defendant denies the remainder of the allegations of Paragraph 36.

37. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37, and so denies them on that basis.

38. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and so denies them on that basis.

39. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and so denies them on that basis.

40. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40, and so denies them on that basis.

41. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41, and so denies them on that basis.

42. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42, and so denies them on that basis.

43. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and so denies them on that basis.

44. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and so denies them on that basis.

///

///

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

45. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45, and so denies them on that basis.

46. Defendant denies the allegations of Paragraph 46.

47. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47, and so denies them on that basis.

48. Defendant admits that she was aware that decedent had overdosed that morning and was at high risk of relapse, and that the decedent's plan upon admission was to enter a drug abuse treatment and rehabilitation program. As to herself only, Defendant denies the remainder of the allegations of Paragraph 48. As to the remainder of the allegations of Paragraph 48, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48, and so denies them on that basis.

49. Responding to the allegations in Paragraph 49, Defendant denies that she was handed a form. As to the remainder of the allegations in Paragraph 49, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and so denies them on that basis.

50. Defendant admits that it was her understanding that decedent was to be monitored during her admission. As to the remainder of the allegations in Paragraph 50, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50, and so denies them on that basis.

51. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51, and so denies them on that basis.

52. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52, and so denies them on that basis.

53. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53, and so denies them on that basis.

54. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54, and so denies them on that basis.

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

55. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55, and so denies them on that basis.

56. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56, and so denies them on that basis.

57. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57, and so denies them on that basis.

58. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58, and so denies them on that basis.

59. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59, and so denies them on that basis.

60. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60, and so denies them on that basis.

61. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61, and so denies them on that basis.

62. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62, and so denies them on that basis.

63. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63, and so denies them on that basis.

64. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64, and so denies them on that basis.

65. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65, and so denies them on that basis.

66. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66, and so denies them on that basis.

67. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67, and so denies them on that basis.

68. Defendant admits that she did not call plaintiff to advise of the decedent's death. Defendant denies the remainder of the allegations in Paragraph 68.

69. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69, and so denies them on that basis.

70. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70, and so denies them on that basis.

**Branco's 5150-hold and CSU's History of Neglect**

71. Defendant admits the allegations in paragraph 71 were true at the time of the events alleged in the complaint.

72. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72, and so denies them on that basis.

73. Defendant admits that a person may be lawfully detained under Cal. Welf. And Inst. Code section 5150 if a qualified individual evaluates the person and determines that they fit the criteria for a hold, and that once the 5150 hold is placed, the person is required by law to be transported for evaluation. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 73, and so denies them on that basis.

74. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74, and so denies them on that basis.

75. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75, and so denies them on that basis.

76. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76, and so denies them on that basis.

77. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77, and so denies them on that basis.

78. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78, and so denies them on that basis.

79. Defendant denies the allegations in Paragraphs 79-80 to the extent that the allegations are inconsistent with California law.

///

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

80. Responding to Paragraph 81, Defendant admits that California Penal Code section 471.5 was in effect at the time of the events in question, and applied to persons making entries in a medical record. Defendant denies the remained of the allegations in Paragraph 81.

81. Defendant admits the allegations in Paragraph 81.

82. Defendant admits the allegations in Paragraph 82.

**FIRST CLAIM FOR RELIEF**

83. Responding to Paragraph 83, Defendant repeats her responses to paragraphs 1-82 herein.

84. As to herself, Defendant denies the allegations in paragraphs 84-91. As to the remainder of the Defendants, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 84-91, and so denies them on that basis.

**SECOND CLAIM FOR RELIEF**

85. Responding to Paragraph 92, Defendant repeats her responses to paragraphs 1-91 herein.

86. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93, and so denies them on that basis, as they are a statement of law and not allegations of fact.

87. Defendant denies that any care she rendered to the decedent substantially departed from professional standards, practice or judgment. As to the remainder of the allegations of Paragraphs 94-97, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 94-97, and so denies them on that basis.

**THIRD CLAIM FOR RELIEF**

88. Responding to Paragraph 98, Defendant repeats her responses to paragraphs 1-97 herein.

///

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

89. Defendant denies the allegations of Paragraphs 99-101, as to herself, and as to the remainder of the allegations, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 99-101, and so denies them on that basis.

90. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102, and so denies them on that basis.

91. Defendant denies the allegations of Paragraph 103 as to herself. Regarding the remainder of the allegations of Paragraph 103, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103, and so denies them on that basis.

92. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104, and so denies them on that basis.

93. Defendant denies the allegations of Paragraph 105 as to herself. Regarding the remainder of the allegations of Paragraph 105, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105, and so denies them on that basis.

94. As to herself, Defendant denies the allegations in Paragraph 106. As to the remainder of the Defendants, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106, and so denies them on that basis

**FOURTH CLAIM FOR RELIEF**

95. Responding to Paragraph 107, Defendant repeats her responses to paragraphs 1-106 herein.

96. As to herself, Defendant denies the allegations of Paragraph 108. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 108, and so denies them on that basis.

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

97. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 109, and so denies them on that basis.

98. Defendant denies the allegations of Paragraphs 110-114 as to herself. Regarding the remainder of the allegations of Paragraphs 110-114, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110-114, and so denies them on that basis.

**FIFTH CLAIM FOR RELIEF**

99. Responding to Paragraph 115, Defendant repeats her responses to paragraphs 1-114 herein.

100. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116, and so denies them on that basis,

101. Defendant admits that she provided care to the decedent within the scope of her practice as a psychiatric technician. As to the remainder of the allegations of Paragraph 117, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 117, and so denies them on that basis.

102. Defendant admits that decedent was admitted to the CSU and that she provided care to decedent within the scope of her licensure as a psychiatric technician. Defendant denies that she at any time had custody of the decedent. As to the remainder of the allegations in Paragraph 118, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118, and so denies them on that basis.

103. Defendant denies the allegations in Paragraph 119-121 as to herself, and as to the remainder of the allegations, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119-121, and so denies them on that basis.

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

**SIXTH CAUSE OF ACTION**

104. Responding to Paragraph 122, Defendant repeats her responses to paragraphs 1-121 herein.

105. Defendant denies the allegations in Paragraphs 122-124 as to herself. As to the remainder of the allegations in paragraphs 122-124, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122-124, and so denies them on that basis.

106. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 125-128, and so denies them on that basis.

107. Defendant denies the allegations in Paragraph 129 as to herself. As to the remainder of the allegations in paragraphs 129, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 129, and so denies them on that basis.

108. Defendant denies the allegations of Paragraph 130.

**SEVENTH CLAIM FOR RELIEF**

109. Responding to Paragraph 131, Defendant repeats her responses to paragraphs 1-130 herein.

110. Defendant provides no response to the allegations in Paragraphs 131-136 in the Seventh Claim for relief, as this cause of action is not alleged against her.

**EIGHTH CLAIM FOR RELIEF**

111. Responding to Paragraph 137, Defendant repeats her responses to paragraphs 1-136 herein.

112. Defendant denies the allegations in Paragraphs 137-144.

**NINTH CLAIM FOR RELIEF**

113. Responding to Paragraph 145, Defendant repeats her responses to paragraphs 1-144 herein.

///

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

114. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 146, and so denies them on that basis.

115. Defendant denies the allegations in Paragraph 147 as to herself, and as to the remaining allegations, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 147, and so denies them on that basis.

116. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 148, and so denies them on that basis.

117. Defendant admits that decedent was found expired on May 16, 2024, but denies the remainder of the allegations of Paragraph 149.

118. Defendant denies the allegations in Paragraphs 150-151 as to herself, and as to the remaining allegations, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 150-151, and so denies them on that basis.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant alleges that at the time and place of the incident in question, the decedent herself was guilty of negligence or other fault, and so proximately caused or contributed to her injuries and death.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that other persons, organizations, and/or governmental entities were negligent or otherwise at fault, and proximately caused or contributed to the decedent's death, so legal fault and damages must be apportioned accordingly.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges, upon information and belief, that plaintiff's claims are barred by the doctrine of estoppel, in that the decedent and/or the plaintiff misrepresented or

concealed material facts from Defendant, who was actually and permissibly ignorant of the truth, with the intention that defendant act upon such misrepresentations.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant alleges that in the event she is found liable to plaintiff, if the total award to plaintiff equals or exceeds the amount set forth in California Code of Civil Procedure section 557.7, then defendant may request the court that judgment be entered such that future damages may be paid by periodic payments, as provided by law.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant alleges that she may introduce evidence of any amount payable to the plaintiff by any collateral source provided by law pursuant to California Civil Code section 3333.1.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant alleges that in the event she is found liable to plaintiff herein, the amount of plaintiff's damages for noneconomic losses may not exceed the amount set forth in California Civil Code section 3333.2.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant alleges that in the event she is found liable to the plaintiff herein, her liability for noneconomic damages must be apportioned as to the percentage of her own fault, as provided by Proposition 51, California Civil Code sections 1431.1, et. seq.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant alleges that the injuries, losses and damages claimed by plaintiff were proximately caused by intervening and superseding causes and forces which were beyond the control of this defendant and which, in the exercise of reasonable prudence, were not and could not be anticipated or foreseen by Defendant.

**NINTH AFFIRMATIVE DEFENSE**

Defendant alleges that plaintiff's claims for the death of decedent are improper, in that plaintiff has failed to join a necessary party, as not all heirs have been joined in the above-entitled action.

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

## TENTH AFFIRMATIVE DEFENSE

Defendant alleges that each cause of action asserted by plaintiff fails to state a claim for relief against this defendant.

## PRAYER

Wherefore, Defendant prays that:

1. Plaintiff take nothing by way of her complaint;
2. Defendant be awarded costs of suit according to law;
3. And that the court would award such other relief that it deems right and proper under the law.

Dated: January 22, 2025

**VEATCH CARLSON, LLP**

MARK M. RUDY
SONJA M. DAHL
Attorneys for Defendants,
**SIERRA MENTAL WELLNESS GROUP, JOSH SIMPSON, and SHELLI WATSON, sued herein as SHELLE WATSON**

## DEMAND FOR JURY TRIAL

Defendant SHELLI WATSON hereby demands a trial by jury.

Dated: January 22, 2025

**VEATCH CARLSON, LLP**

MARK M. RUDY
SONJA M. DAHL
Attorneys for Defendants,
**SIERRA MENTAL WELLNESS GROUP, JOSH SIMPSON, and SHELLI WATSON, sued herein as SHELLE WATSON**

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

# CERTIFICATE OF SERVICE

***Linda Cooper v. County of San Luis Obispo, et al.***
***Case No.: 2:24-cv-08187-DDP (AJRx)***

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017-2444.

On **January 23, 2025,** I served the foregoing document described as: ANSWER OF DEFENDANT SHELLI WATSON TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY on interested parties in this action by one or more of the following methods:

**(SEE ATTACHED SERVICE LIST)**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING**: I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY MAIL** (C.C.P. §§ 1013a, *et seq.*)**:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America and State of California, that the foregoing is true and correct.

Dated: January 23, 2025

Kelly Esquivel
Type or Print Name

[signature]
Signature

**SERVICE LIST**

***Linda Cooper v. County of San Luis Obispo, et al.***
***Case No.: 2:24-cv-08187-DDP (AJRx)***

---

***Attorneys for Plaintiff, LINDA COOPER, Individually and on behalf of the Estate of Elina Quinn Branco***

Cameron Sehat, Esq.
Jeffrey Mikel, Esq.
Nathalie Smith, Esq.
Andrea Monge, Esq.
**THE SEHAT LAW FIRM, PLC**
5100 Campus Drive, Suite 200
Newport Beach, CA 92612
Telephone: (949) 825-5200 / Facsimile: (949) 313-5001
Email:
cameron@sehatlaw.com
j.mikel@sehatlaw.com;
andrea.m@sehatlaw.com;
n.aguilar@sehatlaw.com

***Attorneys for Defendant, SAVANNAH WILLIAMS***

Katharine L. Spaniac, Esq.
Richard R. Clouse, Esq.
Yolanda E. Lopez, Esq.
**CLOUSESPANIAC**
8038 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730-3048
Telephone: 909-941-3388 / Facsimile: 909-941-3389
E-Mails:
klspaniac@csattys.com; rrclouse@csattys.com ; yelopez@csattys.com; gcrosswhite@csattys.com; pfeltnor@csattys.com; rmartinez@csattys.com; service@csattys.com

***Attorneys for Defendant, BETHANY AURIOLES***

Daniel R. Friedenthal, Esq.
**FRIEDENTHAL, HEFFERNAN & BROWN, LLP**
1520 W. Colorado Boulevard, Second Floor
Pasadena, California 91105

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

Telephone: (626) 628-2800 / Facsimile: (626) 628-2828
E-Mail:
dfriedenthal@fhblawyers.com; jbrown@fhblawyers.com; nruiz@fhblawyers.com;

***Attorneys for Defendant, JULIA TIDIK, NP***
Brian L. Hoffman, Esq.
Crystal L Rorabaugh, Esq.
**WOOD, SMITH, HENNING & BERMAN LLP**
10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
Phone: 310.481.7600 ♦ Fax: 310.481.7650
E-Mail:
bhoffman@wshblaw.com; crorabaugh@wshblaw.com; javilagonzales@wshblaw.com; favila@wshblaw.com ,

***Attorneys for Defendants, COUNTY OF SAN LUIS OBISPO (sued herein as COUNTY OF SAN LUIS OBISPO, a governmental entity, form unknown) and JASON HOOSON***
Douglas C. Smith
La Brea A. Hill
**SMITH LAW OFFICES, LLP**
4001 Eleventh Street
Riverside, CA 92501
Telephone: (951) 509-1355
Facsimile: (951) 509-1356
E-Mail:
dsmith@smitlaw.com; lhill@smitlaw.com; ahouston@smitlaw.com, jlee@smitlaw.com, jrobitaille@smitlaw.com, jszalonek@smitlaw.com, mmartinez@smitlaw.com

***Attorneys for Defendants BONNIE SAYERS and JANET BROWN***
Andrew Hollins, Esq.
Ethan Reimers, Esq.
**MESSNER REEVES LLP**
611 Anton Boulevard, Ste. 450
Costa Mesa, California 92626
Telephone:(949) 612-9128
Facsimile: (949) 438-2304
Emails

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

ahollins@messner.com; ereimers@messner.com; mroccalendar@messner.com; jtusko@messner.com; sjohnson@messner.com; cscherz@messner.com;

***Attorneys for Defendants, COUNTY OF SAN LUIS OBISPO (***

Michelle M McCliman, Esq.
Adam Van Korlaar, Esq.
Kere Kay Tickner, Esq.
McGlinchey Stafford PLLC
18201 Von Karman Avenue, Suite 350
Irvine, CA 92612
Office 949-381-5900
Fax 949-271-4040

mmccliman@mcglinchey.com; irvineecf@mcglinchey.com; avankorlaar@mcglinchey.com; emay@mcglinchey.com; lhinnaoui@mcglinchey.com; zkazmi@mcglinchey.com; ktickner@mcglinchey.com

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

19

**CASE NO: 2:24-cv-08187-SVX (AJRx):** ANSWER OF DEF. SHELLI WATSON; DEMAND FOR JURY