**MARK. M. RUDY, State Bar No. 126254**
mrudy@veatchfirm.com
**SONJA M. DAHL, State Bar No. 130971**
sdahl@veatchfirm.com
**VEATCH CARLSON, LLP**
1055 Wilshire Blvd., 11th Floor
Los Angeles, CA 90017-2444
Tel: (213) 381-2861
Fax: (213) 383-6370

Attorneys for Defendants,
**SIERRA MENTAL WELLNESS GROUP,
JOSH SIMPSON, and SHELLI WATSON,
sued herein as SHELLE WATSON**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA COOPER, Individually, and on the behalf of the Estate of Decedent, ELINA QUINN BRANCO,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN LUIS OBISPO, a government entity, form unknown; SIERRA MENTAL WELLNESS GROUP, a California non-profit corporation; JASON HOOSON, individually, SAVANNAH WILLIAMS, individually; JOSH SIMPSON, individually; BONNIE SAYERS, individually; JULIA TIDIK, individually; BETHANY AURIOLES, individually; JANET BROWN, individually; SHELLE WATSON, individually; and DOES 1 through 10, inclusive,<br><br>Defendants. | **CASE NO: 2:24-cv-08187-SVX (AJRx)**<br>*District Judge: Stephen V. Wilson, Court Room 10A*<br>*Magistrate Judge: A. Joel Richlin*<br><br>**ANSWER OF DEFENDANT JOSH SIMPSON TO PLAINTIFF'S COMPLAINT;**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: September 25, 2024<br>Trial Date:         May 27, 2025 |

COMES NOW Defendant JOSH SIMPSON, and admits, denies and alleges the following in response to Plaintiff's Complaint on file herein.

///

---

1

**CASE NO: 2:24-cv-08187-SVX (AJRx): ANSWER OF DEFENDANT JOSH SIMPSON; DEMAND FOR JURY TRIAL**

1. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and so denies them on that basis.

2. Defendant denies that he was reckless, negligent, deliberately indifferent to the rights and/or liberties of decedent Elina Quinn Branco, and that any wrongful act or omission on his part caused or contributed to her death. Defendant further denies all of the allegations pertaining to all theories of liability alleged in Paragraph 2. Defendant admits that the San Luis Obispo Crisis Stabilization Unit was operated by Sierra Mental Wellness Group and that Plaintiff was 19 years old at the time of her admission to the CSU.

3. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 pertaining to any care or treatment rendered to the decedent during her admission, as he was not on the premises and rendered no care. Defendant denies all other allegations of Paragraph 3, with the exception that Defendant admits that the decedent died during her admission to the CSU.

## JURISDICTION AND VENUE

4. Defendant admits that plaintiff brings claims pursuant to the legal authorities cited in Paragraph 4.

5. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and so denies them on that basis.

6. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and so denies them on that basis.

7. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and so denies them on that basis.

8. Responding to Paragraph 8, Defendant admits that this court has jurisdiction over federal civil rights claims brought pursuant to 28 U.S.C. sections 1331 and 1343, and that the court has supplemental jurisdiction over state-law claims pursuant to 28 U.S. C. section 1367(a).

///

CASE NO:  2:24-cv-08187-SVX (AJRx): ANSWER OF DEFENDANT JOSH SIMPSON; DEMAND FOR JURY TRIAL

9. Responding to Paragraph 9, Defendant admits that decedent was a mental health client at the San Luis Obispo Crisis Stabilization Unit, operated by the County of San Luis Obispo by and through Sierra Mental Wellness Group, but denies that this admission was the only time "relevant" to the lawsuit.

10. Defendant admits the allegations of Paragraph 10.

## **PARTIES**

11. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and so denies them on that basis.

12. Defendant admits the allegations of Paragraph 12.

13. Defendant admits the allegations of Paragraph 13.

14. Defendant admits the allegations of Paragraph 14.

15. Defendant admits that at the time of Ms. Branco's death, he was an employee of Sierra Mental Wellness Group, and held the title of Regional Manager of Program Operations at Sierra Mental Wellness Group, and is sued in his individual capacity, but denies the remainder of the allegations in Paragraph 15.

16. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and so denies them on that basis.

17. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and so denies them on that basis.

18. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and so denies them on that basis.

19. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and so denies them on that basis.

20. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and so denies them on that basis.

21. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and so denies them on that basis.

22. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and so denies them on that basis.

23. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and so denies them on that basis.

24. Defendant denies that he was acting under color of state law as alleged in Paragraph 24. As to all other allegations, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and so denies them on that basis.

25. Defendant admits that Branco had been placed on a 5150 hold by co-Defendant Hooson as being gravely disabled, but denies that Branco was being held against her will. As to all other allegations, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and so denies them on that basis.

26. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and so denies them on that basis.

27. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and so denies them on that basis.

28. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and so denies them on that basis.

## FACTUAL ALLEGATIONS

29. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 29-49, 51-62, 64, 65, 68, 69, and so denies them on that basis

30. As to himself, Defendant denies the allegations in Paragraphs 50, 63, 66, 67, 70. As to the remainder of the Defendants, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 50, 63, 66, 67, 70, and so denies them on that basis

///

### Branco's 5150-hold and CUS's History of Neglect

31. Defendant admits the allegations in paragraph 71 were true at the time of the events alleged in the complaint.

32. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 72-78, and so denies them on that basis.

33. Defendant admits the allegations in Paragraph 79.

34. Defendant admits the allegations in Paragraph 80.

35. Responding to Paragraph 81, Defendant denies that he was bound by California Penal Code section 471.5, as he never made any entries in the decedent's medical record. As to the remaining allegations, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81, and so denies them on that basis.

36. Defendant admits the allegations in Paragraph 82.

### FIRST CLAIM FOR RELIEF

37. Responding to Paragraph 83, Defendant repeats his responses to Paragraphs 1-82 herein.

38. As to himself, Defendant denies the allegations in paragraphs 84-91. As to the remainder of the Defendants, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 84-91, and so denies them on that basis

### SECOND CLAIM FOR RELIEF

39. Responding to Paragraph 92, Defendant repeats his responses to paragraphs 1-91 herein.

40. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 93, and so denies them on that basis, as they are a statement of law and not allegations of fact.

///

41. As to himself, Defendant denies the allegations in Paragraphs 94. As to the remainder of the Defendants, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 94, and so denies them on that basis.

42. Defendant denies the allegations of Paragraphs 95-96.

43. As to himself, Defendant denies the allegations in Paragraph 97. As to the remainder of the Defendants, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 97, and so denies them on that basis

### THIRD CLAIM FOR RELIEF

44. Responding to Paragraph 98, Defendant repeats his responses to paragraphs 1-97 herein.

45. Defendant denies the allegations of Paragraphs 99.

46. As to himself, Defendant denies the allegations in Paragraphs 100-101. As to the remainder of the Defendants, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 100-101, and so denies them on that basis

47. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph s 102-104, and so denies them on that basis.

48. Responding to Paragraph 105, Defendant denies that he made any decisions pertaining to decedent's care and treatment. Regarding the remainder of the allegations of Paragraph 105, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105, and so denies them on that basis.

49. As to himself, Defendant denies the allegations in Paragraph 106. As to the remainder of the Defendants, Defendant lacks sufficient knowledge or information

///

6

CASE NO: 2:24-cv-08187-SVX (AJRx): ANSWER OF DEFENDANT JOSH SIMPSON; DEMAND FOR JURY TRIAL

50. sufficient to form a belief as to the truth of the allegations of Paragraph 106, and so denies them on that basis

### FOURTH CLAIM FOR RELIEF

51. Responding to Paragraph 107, Defendant repeats his responses to paragraphs 1-106 herein.

52. Responding to Paragraph 108, Defendant denies that he was acting under color of law at all relevant times to the complaint. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 108, and so denies them on that basis.

53. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 109-113, and so denies them on that basis.

54. As to himself, Defendant denies the allegations in Paragraphs 114. As to the remainder of the Defendants, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114, and so denies them on that basis

### FIFTH CLAIM FOR RELIEF

55. Responding to Paragraph 115, Defendant repeats his responses to paragraphs 1-114 herein.

56. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116, and so denies them on that basis,

57. Responding to Paragraph 117, Defendant denies that he assumed any caretaking or custodial relationship with decedent; as to the remainder of the allegations in Paragraph 117, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations, and so denies them on that basis.

58. In response to Paragraph 118, Defendant admits that decedent was admitted to the CSU; Defendant denies that he at any time had care or custody of the decedent.

As to the remainder of the allegations in Paragraph 118, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118, and so denies them on that basis.

59. Defendant denies the allegations in Paragraphs 119-121 as to himself, and as to the remainder of the allegations, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 119-121, and so denies them on that basis.

## SIXTH CAUSE OF ACTION

60. Responding to Paragraph 122, Defendant repeats his responses to paragraphs 1-121 herein.

61. Defendant denies the allegations in Paragraphs 123 as to himself; as to the remainder of the allegations in paragraphs 123, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123-124, and so denies them on that basis.

62. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 124-126, and so denies them on that basis.

63. Defendant denies the allegations of Paragraphs 127.

64. As to himself, Defendant denies the allegations in Paragraphs 128-130. As to the remainder of the Defendants, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 128-130, and so denies them on that basis

## SEVENTH CLAIM FOR RELIEF

65. Responding to Paragraph 131, Defendant repeats his responses to paragraphs 1-130 herein.

66. Defendant provides no response to the allegations in Paragraphs 131-136 in the Seventh Claim for relief, as this cause of action is not alleged against him.

///

## EIGHTH CLAIM FOR RELIEF

67. Responding to Paragraph 137, Defendant repeats his responses to paragraphs 1-136 herein.

68. Defendant denies the allegations in Paragraphs 138-139.

69. As to himself, Defendant denies the allegations in Paragraphs 140-143. As to the remainder of the Defendants, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 140-143, and so denies them on that basis

70. Defendant denies the allegations in Paragraph 144.

## NINTH CLAIM FOR RELIEF

71. Responding to Paragraph 145, Defendant repeats his responses to paragraphs 1-144 herein.

72. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 146, and so denies them on that basis.

73. Defendant denies the allegations in Paragraph 147 as to himself, and as to the remaining allegations, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 147, and so denies them on that basis.

74. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 148, and so denies them on that basis.

75. Defendant admits that decedent was found expired on May 16, 2024, but denies the remainder of the allegations of Paragraph 149.

76. As to himself, Defendant denies the allegations in Paragraphs 150-151. As to the remainder of the Defendants, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 150-151, and so denies them on that basis.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Defendant alleges that at the time and place of the incident in question, the decedent herself was guilty of negligence or other fault, and so proximately caused or contributed to her injuries and death.

## SECOND AFFIRMATIVE DEFENSE

Defendant alleges that other persons, organizations, corporations or other legal entities, and/or governmental entities or officers were negligent or otherwise at fault, and proximately caused or contributed to the decedent's death, and so legal fault and damages must be apportioned accordingly.

## THIRD AFFIRMATIVE DEFENSE

Defendant alleges, upon information and belief, that plaintiff's claims are barred by the doctrine of estoppel, in that the decedent and/or the plaintiff misrepresented or concealed material facts from Defendant, who was actually and permissibly ignorant of the truth, with the intention that defendants act upon such misrepresentations.

## FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that in the event he is found liable to plaintiff, if the total award to plaintiff equals or exceeds the amount set forth in California Code of Civil Procedure section 667.7, then defendant may request the court that judgment be entered such that future damages may be paid by periodic payments, as provided by law.

## FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that he may introduce evidence of any amount paid or payable to the plaintiff by any collateral source provided by law pursuant to California Civil Code section 3333.1.

## SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that in the event he is found liable to plaintiff herein, the amount of plaintiff's damages for noneconomic losses may not exceed the amount set forth in California Civil Code section 3333.2.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that in the event he is found liable to the plaintiff herein, his liability for noneconomic damages must be apportioned as to the percentage of his own fault, as provided by Proposition 51, California Civil Code section 1431.1, et. seq.

///

### EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that the injuries, losses and damages claimed by plaintiff were proximately caused by intervening and superseding causes and forces which were beyond the control of this defendant and which, in the exercise of reasonable prudence, were not and could not be anticipated or foreseen by Defendant.

### NINTH AFFIRMATIVE DEFENSE

Defendant alleges that plaintiff's claims for the death of decedent are improper, in that plaintiff has filed to join a necessary party, as not all heirs have been joined in the above-entitled action.

### TENTH AFFIRMATIVE DEFENSE

Defendant alleges that each cause of action asserted by plaintiff fails to state a claim for relief against this defendant.

Dated: January 23, 2025

VEATCH CARLSON, LLP

_____
MARK M. RUDY
SONJA M. DAHL
Attorneys for Defendants,
**SIERRA MENTAL WELLNESS GROUP, JOSH SIMPSON, and SHELLI WATSON, sued herein as SHELLE WATSON**

///

///
///

///

## **DEMAND FOR JURY TRIAL**

Defendant JOSH SIMPSON hereby demands a trial by jury.

Dated: January 23, 2025

**VEATCH CARLSON, LLP**

_____
MARK M. RUDY
SONJA M. DAHL
Attorneys for Defendants,
**SIERRA MENTAL WELLNESS GROUP, JOSH SIMPSON, and SHELLI WATSON, sued herein as SHELLE WATSON**



12

**CASE NO: 2:24-cv-08187-SVX (AJRx): ANSWER OF DEFENDANT JOSH SIMPSON; DEMAND FOR JURY TRIAL**

# CERTIFICATE OF SERVICE

*Linda Cooper v. County of San Luis Obispo, et al.*
Case No.:  2:24-cv-08187-DDP (AJRx)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017-2444.

On January 23, 2025, I served the foregoing document described as: ANSWER OF DEFENDANT JOSH SIMPSON TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL on interested parties in this action by one or more of the following methods:

**(SEE ATTACHED SERVICE LIST)**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING**: I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY MAIL** (C.C.P. §§ 1013a, *et seq.*)**:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ **FEDERAL:**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America and State of California, that the foregoing is true and correct.

Dated:  January 23, 2025

KELLY ESQUIVEL
Type or Print Name                                    Signature

13

CASE NO:  2:24-cv-08187-SVX (AJRx): ANSWER OF DEFENDANT JOSH SIMPSON; DEMAND FOR JURY TRIAL

# SERVICE LIST

*Linda Cooper v. County of San Luis Obispo, et al.*
Case No.: 2:24-cv-08187-DDP (AJRx)

***Attorneys for Plaintiff, LINDA COOPER, Individually and on behalf of the Estate of Elina Quinn Branco***
Cameron Sehat, Esq.
Jeffrey Mikel, Esq.
Nathalie Smith, Esq.
Andrea Monge, Esq.
**THE SEHAT LAW FIRM, PLC**
5100 Campus Drive, Suite 200
Newport Beach, CA 92612
Telephone: (949) 825-5200 / Facsimile: (949) 313-5001
Email:
cameron@sehatlaw.com
j.mikel@sehatlaw.com;
andrea.m@sehatlaw.com;
n.aguilar@sehatlaw.com

***Attorneys for Defendant, SAVANNAH WILLIAMS***
Katharine L. Spaniac, Esq.
Richard R. Clouse, Esq.
Yolanda E. Lopez, Esq.
**CLOUSESPANIAC**
8038 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730-3048
Telephone: 909-941-3388 / Facsimile: 909-941-3389
E-Mails:
klspaniac@csattys.com; rrclouse@csattys.com ; yelopez@csattys.com;
gcrosswhite@csattys.com; pfeltnor@csattys.com; rmartinez@csattys.com;
service@csattys.com

***Attorneys for Defendant, BETHANY AURIOLES***
Daniel R. Friedenthal, Esq.
**FRIEDENTHAL, HEFFERNAN & BROWN, LLP**
1520 W. Colorado Boulevard, Second Floor
Pasadena, California 91105

Telephone: (626) 628-2800 / Facsimile: (626) 628-2828
E-Mail:
dfriedenthal@fhblawyers.com; jbrown@fhblawyers.com; nruiz@fhblawyers.com;

*Attorneys for Defendant, JULIA TIDIK, NP*
Brian L. Hoffman, Esq.
Crystal L Rorabaugh, Esq.
**WOOD, SMITH, HENNING & BERMAN LLP**
10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
Phone: 310.481.7600 ♦ Fax: 310.481.7650
E-Mail:
bhoffman@wshblaw.com; crorabaugh@wshblaw.com; javilagonzales@wshblaw.com; favila@wshblaw.com ,


*Attorneys for Defendants, COUNTY OF SAN LUIS OBISPO (sued herein as COUNTY OF SAN LUIS OBISPO, a governmental entity, form unknown) and JASON HOOSON*
Douglas C. Smith
La Brea A. Hill
**SMITH LAW OFFICES, LLP**
4001 Eleventh Street
Riverside, CA 92501
Telephone: (951) 509-1355
Facsimile: (951) 509-1356
E-Mail:
dsmith@smitlaw.com; lhill@smitlaw.com; ahouston@smitlaw.com, jlee@smitlaw.com, jrobitaille@smitlaw.com, jszalonek@smitlaw.com, mmartinez@smitlaw.com


*Attorneys for Defendants BONNIE SAYERS and JANET BROWN*
Andrew Hollins, Esq.
Ethan Reimers, Esq.
**MESSNER REEVES LLP**
611 Anton Boulevard, Ste. 450
Costa Mesa, California 92626
Telephone:(949) 612-9128
Facsimile: (949) 438-2304
Emails

15
**CASE NO: 2:24-cv-08187-SVX (AJRx): ANSWER OF DEFENDANT JOSH SIMPSON; DEMAND FOR JURY TRIAL**



1  ahollins@messner.com; ereimers@messner.com; mroccalendar@messner.com;
2  jtusko@messner.com; sjohnson@messner.com; cscherz@messner.com;

*Attorneys for Defendants, COUNTY OF SAN LUIS OBISPO (*

3  Michelle M McCliman, Esq.
   Adam Van Korlaar, Esq.
4  Kere Kay Tickner, Esq.
   McGlinchey Stafford PLLC
5  18201 Von Karman Avenue, Suite 350
   Irvine, CA 92612
6  Office 949-381-5900
   Fax 949-271-4040
7
   mmccliman@mcglinchey.com; irvineecf@mcglinchey.com;
8  avankorlaar@mcglinchey.com; emay@mcglinchey.com; lhinnaoui@mcglinchey.com; zkazmi@mcglinchey.com; ktickner@mcglinchey.com

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CASE NO: 2:24-cv-08187-SVX (AJRx): ANSWER OF DEFENDANT JOSH SIMPSON; DEMAND FOR JURY TRIAL**