Douglas C. Smith, Esq. (SBN 160013)
David P. Hall, Esq. (SBN 196891)
SMITH LAW OFFICES, LLP
4001 Eleventh Street
Riverside, CA 92501
Telephone: (951) 509-1355
Facsimile: (951) 509-1356
dsmith@smitlaw.com
dhall@smitlaw.com

Attorneys for Defendants COUNTY OF SAN LUIS OBISPO and JASON HOOSON

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA COOPER, Individually, And On Behalf Of The Estate Of Decedent, ELINA QUINN BRANCO,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN LUIS OBISPO, a governmental entity, form unknown, SIERRA MENTAL WELLNESS GROUP, a California Non-Profit Corporation, JASON HOOSON, individually, SAVANNAH WILLIAMS, individually; JOSH SIMPSON, individually; BONNIE SAYERS, individually; JULIA TIDIK, individually; BETHANY AURIOLES, individually, JANET BROWN, individually, SHELLE WATSON, individually; DOES 1 through 10, inclusive, | Case No.: 2:24-cv-08187-CV(AJRx)<br><br>**COUNTY OF SAN LUIS OBISPO AND JASON HOOSON'S REPLY MEMORANDUM IN SUPPORT OF JOINT MOTION FOR SUMMARY JUDGMENT**<br><br>*Complaint filed 9/23/24*<br>*First Amended Complaint filed 6/02/25* |

| | |
|---|---|
| 1 | Defendants.               ) |
| 2 | |

Defendants COUNTY OF SAN LUIS OBISPO (the "County") and JASON HOOSON ("Hooson") submit this Reply Memorandum of Points and Authorities in support of the Joint Motion for Summary Judgment.

## I. THE COURT SHOULD EXCLUDE PLAINTIFF'S INADMISSIBLE EVIDENCE.

Before addressing the motion's merits, the Court must rule on the admissibility of Plaintiff's proffered evidence. She relies heavily on the declaration of Matthew Madaus ("Madaus") to support her position. Plaintiff also submits a list of facilities as Exhibit 31. The County and Hooson objected to the admission of this evidence.

### A. Legal Conclusions.

Madaus' declaration is replete with legal conclusions. The Ninth Circuit "has repeatedly affirmed that 'an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.'" *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017), citing *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). The Court should exclude legal opinions from the motion.

Madaus opines that the County "had a non-delegable duty." Ex. 29, pgs. 5:10-15 and 7:22-8:1. Whether a legal duty exists is a question of law for the Court. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003). An expert witness cannot supplant the role of the Court and offer this legal opinion.

Despite this initial statement, Madaus' declaration goes further and repeatedly opines that the County violated California law. For example, he asserts "[t]he County violated its statutory obligation under the Lanterman-Petris-Short (LPS) Act," and "[t]here is no provision under California law for a 'voluntary' 5150 hold, and such a policy undermines the statutory protections for individuals subject to involuntary detention." Ex. 29, ¶¶ 17 and 17(c).

An expert "'may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible.'" *Hangarter*, at 1017. Madaus' opinions go far beyond that point. "When an expert's testimony 'purports to interpret [a statute] and opine as to whether it was violated, this testimony is a "legal conclusion" and is inappropriate for an expert to testify to.'" *Zrowka v. BNSF Ry. Co.* (D. Mont. May 12, 2023) 2023 U.S.Dist.LEXIS 83928, at *21, citing *Wells Fargo Bank, N.A. v. LaSalle Bank Nat'l Ass'n* (D. Nev. Feb. 9, 2011) 2011 U.S. Dist.LEXIS 18323, at *5-6 ["An opinion that [the defendant] *failed* to comply with the regulations would relate to the ultimate *legal issue* in the case, and not be merely an operative fact."]. The objections to Madaus' legal conclusions should be sustained.

**B.      Opinions of State of Mind.**

Madaus violates his role as an expert witness when he testifies about other's state of mind. "'Courts routinely exclude expert testimony as to intent, motive, or state of mind as issues better left to a jury.'" *Camenisch v. Umpqua Bank*, 763 F. Supp. 3d 871, 882 (N.D. Cal. 2025), citing *Gold v. Lumber Liquidators, Inc.*, 323 F.R.D. 280, 294 (N.D. Cal. 2017). State of mind opinions occur when the expert testifies what a person was aware of, what he understood, what drove his decisions, and what he was focused on. *Holley v. Gilead Sciences, Inc.*, 2023 U.S.Dist.LEXIS 43145, at *51 (N.D. Cal. Feb. 27, 2023). Further, an expert may not opine why a party "took any particular actions." *Blockchain Innovation, LLC v. Franklin Res., Inc.*, 2024 U.S.Dist.LEXIS 242072, at *49 (N.D. Cal. Oct. 8, 2024).

Madaus' state of mind opinions include: "[t]he County was aware of the limited staff competence that was on-site at the CSU" and "[t]he County allowed the contractor's policy and practice of allowing staff to sleep during the overnight shift"; and "[t]he County allowed the contractor to document client observations every 2 hours, rather than the prevailing practice of documenting every 15 minutes." Ex. 29, ¶¶ 15(a), 15(b), and 16. Any opinion regarding the state of mind should be sustained.

///

### C. Exhibit 31.

Exhibit 31 purports to be a list of approved LPS-designated facilities, and the CSU is not included. not an "approved LPS-designated facility." Plaintiff claims the CSU was not an LPS list of facilities printed by the California Department of Health Care Services. This document is inadmissible.

Plaintiff has not identified where this document came from or what it purports to represent. FRE 901(a)(7). There is nothing on Exhibit 31 that confirmed this is a complete list of all LPS facilities in the state of California. In addition, Exhibit 31 does not have any dates on it. The CSU was closed on October 11, 2024. JAF 361. If Exhibit 31 was effective in 2025, this would explain why the CSU was not listed.

### III. HOOSON IS ENTITLED TO SUMMARY JUDGMENT.

Plaintiff alleges both federal and state claims against Hooson. He seeks summary judgment on all causes of action. Hooson will address each claim separately.

### A. The Constitutional Claims.

Hooson argues he is entitled to summary judgment due to qualified immunity and the lack of deliberate indifference. Hooson conclusively established he had probable cause to place Branco under a 5150 hold. JAF 32. He also established he was present at the CSU for less than thirty minutes. JAF 34 and 36. Hooson did not provide any medical care to Branco. JAF 38. Given these facts, Hooson is entitled to qualified immunity and was not deliberately indifferent.

Plaintiff's position is liable because Hooson made the decision to send Branco to a non-LPS designated facility. Memo pg. 35:27. Under the statute, an authorized person may place a "person into custody for a period of up to 72 hours for assessment, evaluation, and crisis intervention, or placement for evaluation and treatment in a *facility designated by the county for evaluation and treatment* and approved by the State Department of Health Care Services. Welf. & Inst. Code, § 5150(a) [Emphasis added]. The statute defines a "'facility designated by the county for evaluation and treatment' … means a facility that meets designation requirements duly established by

the State Department of Health Care Services in accordance with Section 5404, including, but not limited to, the following: [¶] Provider sites certified by the State Department of Health Care Services or a mental health plan to provide crisis stabilization." Welf. & Inst. Code, § 5008(n)(1)(D); *Siskiyou Hospital, Inc. v. County of Siskiyou* (2025) 109 Cal.App.5th 14, 50.

It is undisputed that the County opened a CSU for public service. JAF 1. "The County designated the CSU as a facility to provide evaluation and treatment in accordance with Welfare and Institutions Code section 5150." JAF 3. "The State Department of Health Care Services approved the County designation of the CSU." JAF 4. This evidence meets the definition of a "designated facility" under Welfare and Institutions Code section 5150. Plaintiff presents no evidence contradicting these facts.

Plaintiff claims fact number 3 is disputed because "[t]he CSU was not an Lanterman Petris Short designated facility which under WIC 5150 is the only class of facility allowed to hold and treat 5150 clients." Pl's Response to JAF No. 3. This identified fact does not dispute, let alone mention, whether the County designated the CSU as a facility under Welfare and Institutions Code. In any event, Plaintiff is wrong.

Moreover, Plaintiff misconstrues the depositions. Ms. Farley stated an LPS facility has three criteria, and "[t]he CSU did not have any of those three mentioned criteria, so they were not designated." Ex. 8, pg. 75:7-19. Welfare & Institutions Code section 5008(n) does not require a facility to have on-site staff, a seclusion room, or locking doors.

Paragraph 10 of Madaus' declaration discusses the County's responsibilities under the statute. Under the most generous review, Madaus' declaration is silent on whether the County properly designated the CSU or whether the State Department of Health Care Services approved the CSU.

Plaintiff's attempt to dispute fact 4 is just as flawed. Plaintiff claims, "[t]he CSU was never a LPS ever approved by the State Department of Health Care Services to be an LPS designated facility." Pl.'s Response to JAF 4. Ms. Farley's testimony does

establish whether the State Department approved the CSU. Madaus's testimony is inadmissible because he makes a legal conclusion based on the wrong law. Ms. Aurioles was asked whether "the CSU at the time of this incident was not categorized as an LSP facility?" Ex. 10, pg. 124:19-20. Her response was "No." *Id*., at pg. 124:21. Not only did Ms. Aurioles disagree with Plaintiff's question that the CSU "was not categorized as an LPS facility," but she also offered no evidence whether it was approved by the State Department of Health Care Services. The Court should deem these facts as undisputed.

B. **The State Law Claims.**

Hooson argued Plaintiff's state law claims arise out of the decision to place Branco on a 5150 hold. "[T]he scope of section 5278 immunity extends to claims based on facts that are inherent in an involuntary detention pursuant to section 5150." *Jacobs v. Grossmont Hospital* (2003) 108 Cal.App.4th 69, 78. "If there is probable cause for the detention, the statute therefore provides immunity for the decision to detain as well as for the detention and its inherent attributes, including the fact that the patient must necessarily be evaluated and treated without consent." *Ibid*. It is undisputed Hooson had probable cause to place Branco under a 5150 hold. JAF No. 32. The location of the placement is inherent in the 5150 hold and is entitled to immunity from civil liability.

Plaintiff responds, "Hooson's noncompliance with the basic requirements of 5150 by failing to send Branco to a LPS designated facility as required by 5150(a) means that Section 5728 does not apply to immunize his misconduct." Memo. pg. 46:3-5. Despite Plaintiff's failure to cite authority for her proposition, the CSU is a facility that was designated under Welfare and Institutions Code section 5150.

Plaintiff then claims that Hooson "can be held liable for negligent acts committed during the detention including when he ignored Sierra's policies and procedures requiring clients be transported from the hospital to the CSU in their hospital gown and negligently failed to take any steps to ensure she was not taking

drugs into the facility." Memo. pg. 46:19-23. Hooson acknowledges Section 5278 immunity is not a blanket immunity. A person can be liable for "other negligent acts, intentional torts, or criminal wrongs committed during the course of the detention, evaluation, or treatment." *Jacobs*, at 78-79. Nevertheless, Plaintiff must still present evidence of Hooson's violation of the standard of care because "[n]egligence is never presumed." *Harpke v. Lankershim Estates*, 103 Cal.App.2d 143, 145 (1951).

"[L]egal memoranda and oral argument are not evidence, and they cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion where no dispute otherwise exists." *British Airways Board v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978). Madaus' declaration does not state whether Hooson violated the standard of care for failing to transport Branco in the hospital gown or failed to check on bringing drugs into the facility. Without this evidence, Plaintiff fails to raise an issue of fact.

## III.   THE COUNTY IS ENTITLED TO SUMMARY JUDGMENT.

Turning to the County's motion, Plaintiff does nothing to raise an issue of fact on either *Monell* claim of the Neglect of Dependent Adult. The County will address both issues.

### A.   The *Monell* Claims.

The County addressed the "policies" identified in Plaintiff's responses to interrogatories, i.e., the no-sleeping policy, the 2021-2022 Grand Jury finding, and the failure to monitor clients. JAF 64, 75, and 91. The County demonstrated that Plaintiff could not provide the details of other individuals who were injured by these policies. "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

In an effort to create an issue of fact, Plaintiff argues there were five "policies" that subject the County to liability: (1) admitting detoxifying clients without proper

training, (2) delegating decision-making authority, (3) inadequate documentation, (4) sleeping during shifts, and (5) referring clients to a non-LPS designated facility. None of these policies are valid for the same reason: Plaintiff cannot point to others who experienced the same alleged violations as Branco.

It is true the CSU generally increased their percentage of admitted clients from November 2023 to May 2024. JAF 277. Plaintiff submits no evidence showing how many of the admitted clients were under the influence of drugs, withdrawing, or detoxifying during the same time frame and whether that number increased. Plaintiff also provides no evidence showing these reasons for the increase in CSU admissions.

The absence of information requires the Court to speculate whether there actually was an increase in the admission of detoxifying clients and what were the reasons for the increase. "When one must resort to inference, conjecture and speculation to explain events, the challenged practice is not of sufficient duration, frequency and consistency to constitute an actionable policy or custom." *Trevino*, at 920.

Plaintiff next argues the "policy of deferring to the admissions decisions of low-level staff without medical training increased the risk that that clinically inappropriate clients, would be placed in the CSU which was unable to meet their needs." Memo. pg. 54:18-20. This argument is largely abstract.

Plaintiff does not contend that "low-level staff" made Branco's admission to the CSU. Neither Madaus nor Rebekah Price offer any opinion that this policy fell below the standard of care or was in any way inappropriate. Ex. 29, pgs. 6-16; Ex. 37, pgs. 8-9. Simply stating a policy increased the risk of injury without an actual injury does not demonstrate a *Monell* claim. *Medina v. County of San Bernardino,* 2024 U.S.Dist. LEXIS 13834, at *17 (C.D. Cal. Jan. 24, 2024) ["Pointing to overdoses, without any underlying facts explaining why they occurred or what caused them, cannot be evidence of an improper policy, custom, or practice."].

///

Plaintiff then argues the County had a policy of inadequate documentation. Memo. pg. 54:21-22. "The County allowed the contractor to document client observations every 2 hours, rather than the prevailing practice of documenting every 15 minutes." Madaus stated, "[f]ailure to enforce industry-standard supervision made it foreseeable that a client in distress could go undetected until it was too late for life-saving measures." Ex. 29, ¶ 15(b). This is another hypothetical argument.

Plaintiff provides no evidence that Sierra or the County failed to supervise Branco or that Branco was injured as a result of the failure to document every 15 minutes. Instead, Plaintiff merely claims the failure to engage in 15-minute documentation "made it foreseeable" that an issue "could go undetected." This unsupported argument does not create an issue of fact. *British Airways Board*, at 952.

Further, "[m]ere negligence in training or supervision … does not give rise to a *Monell* claim." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Plaintiff must show "the training or supervision is sufficiently inadequate as to constitute 'deliberate indifference' to the rights of persons with whom the police come into contact." *Davis v. City of Ellensburg,* 869 F.2d 1230, 1235 (9th Cir. 1989). Plaintiff presented no evidence of any situation where a person, including Branco, was actually injured as a result of the failure to document in 15-minute intervals.

Plaintiff does not raise a genuine issue of material fact regarding the sleeping policy. Memo. pg. 55:5-7. The undisputed evidence confirmed Sierra had a meeting in November 2023 where a new policy was issued that prohibited sleeping on all shifts. JAF 69, 206, and 342. Plaintiff does not mention any other instance after November 2023 where staff slept on the job and failed to check on other clients. With no other instances of staff sleeping on the job after the November 2023 policy, Plaintiff cannot establish a *Monell* claim. *Trevino*, at 918.

Plaintiff's last argument is the placement of 5150 holds at a non-LPS facility. Memo. pg. 55:13. This argument is premised on Madaus' inadmissible legal analysis

of 5150 holds. As previously stated, the CSU qualified as a "designated facility" under the Welfare and Institutions Code.

In any event, Plaintiff asserts, "[t]his policy was also moving force in in [*sic*] Branco's death because the statute required that she be placed in the PHF but instead she was placed in the CSU which was not able to meet her needs." Memo pg. 56:55-7. Plaintiff again only relies on Branco's situation and fails to present any other similar circumstance. A single constitutional violation is not sufficient to assert a *Monell* claim. *Trevino*, at 918. The motion should be granted on the *Monell* cause of action.

### B.    The Neglect of a Dependent Adult.

The County's moving papers establish Branco did not qualify as a dependent adult because she was not "admitted as an inpatient to a 24-hour health facility." Memo. pg. 57:22-26. It is undisputed that Branco was not admitted to a licensed hospital, a skilled nursing facility, or an intermediate care facility. JAF 99-101.

To qualify as a dependent adult, Branco needed to have a "physical or mental limitations that restrict his or her ability to carry out normal activities or to protect his or her rights." Welf. & Inst. Code, § 15610.23(a). Plaintiff submits no expert testimony identifying any physical or mental limitation. Plaintiff may not rely on her allegations that she was suffering from a mental condition. *Hernandez v. Spacelabs Med., Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).

Plaintiff relies on Hooson's 5150 hold document and claims that Branco's substance abuse and mental health conditions were severe enough to constitute a grave risk to personal safety. Memo. pg. 58:9-13. Hooson wrote, "**Chronic, daily substance use** with blatant disregard for her wellbeing presents a grave right to her personal safety." Ex. 40 [Emphasis added]. It does not state that Branco had a long-term mental condition or it was severe enough to prevent Branco from carrying out her normal activities or protecting her rights. Without more, this single statement is not enough to raise an issue of fact.

///

DATED: November 7, 2025                SMITH LAW OFFICES, LLP

By: *David Hall*
_____
Douglas C. Smith
David P. Hall
Attorneys for Defendants
COUNTY OF SAN LUIS OBISPO and
JASON HOOSON

## CERTIFICATION

The undersigned, counsel of record for COUNTY OF SAN LUIS OBISPO and The undersigned, counsel of record for COUNTY OF SAN LUIS OBISPO and JASON HOOSON, certifies that their portion of this joint brief contains 2,996 words, not counting the caption and the certifications, which complies with the word limit of L.R. 11-6.1.

DATED: November 7, 2025                SMITH LAW OFFICES, LLP

By: *David Hall*
_____
Douglas C. Smith
David P. Hall
Attorneys for Defendants
COUNTY OF SAN LUIS OBISPO and
JASON HOOSON

COUNTY OF SAN LUIS OBISPO AND JASON HOOSON'S REPLY MEMORANDUM IN SUPPORT OF JOINT MOTION FOR SUMMARY JUDGMENT

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I am employed in the County of Riverside, State of California. I am over the age of 18 and not a party to the within action; my business address is 4001 Eleventh Street, Riverside, CA 92501.

On **November 7, 2025**, I served the foregoing document described as:

**COUNTY OF SAN LUIS OBISPO AND JASON HOOSON'S REPLY MEMORANDUM IN SUPPORT OF JOINT MOTION FOR SUMMARY JUDGMENT**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

See Attached Proof of Service List.

[ ]   (BY MAIL)

  [ ]   I deposited such envelope in the United States Mail at Riverside, California. The envelope was mailed with postage thereon fully prepaid.

  [ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Riverside, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]   (VIA ELECTRONIC EMAIL) I caused to be served electronically through the ECM/ECF system in accordance with Local Rule 6-1.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on **November 7, 2025**, at Riverside, California.

*Annette Houston*
_____
**ANNETTE HOUSTON**

# PROOF OF SERVICE - MAILING LIST

Case: <u>Cooper, et al. v. County of San Luis Obispo, et al.</u>
Court Case No.: 2:24-cv-08187-SVW(AJRx)

| | |
|---|---|
| Cameron Sehat, Esq.<br>Jeffrey Mikel, Esq.<br>THE SEHAT LAW FIRM, PLC<br>5100 Campus Drive, Suite 200<br>Newport Beach, CA 92612<br>Telephone: (949) 825-5200<br>cameron@sehatlaw.com<br>j.mikel@sehatlaw.com<br>andrea.m@sehatlaw.com<br>a.menninger@sehatlaw.com<br>diana.v@sehatlaw.com<br>andrea.m@sehatlaw.com<br>alexis@sehatlaw.com | Attorney for Plaintiff<br>LINDA COOPER, Individually, and on Behalf of The Decedent, ELINA QUINN BRANCO |
| Katharine L. Spaniac, Esq.<br>Lawya L. Rangel, Esq.<br>Yolanda E. Lopez, Esq.<br>CLOUSESPANIAC ATTORNEYS<br>8038 Haven Avenue, Suite E<br>Rancho Cucamonga, CA 91730<br>Telephone: (909) 941-3388<br>klspaniac@csattys.com<br>llrangel@csattys.com<br>yelopez@csattys.com<br>service@csattys.com | Attorneys for Defendant<br>SAVANNAH WILLIAMS |
| Serena L. Nervez, Esq.<br>Mark M. Rudy, Esq.<br>VEATCH CARLSON, LLP<br>1055 Wilshire Blvd., 11th Floor<br>Los Angeles, CA 90017-2444<br>Telephone: (213) 381-2861<br>snervez@veatchfirm.com<br>mrudy@veatchfirm.com<br>kesquivel@veatchfirm.com | Attorneys for Defendants<br>SIERRA MENTAL WELLNESS GROUP, JOSH SIMPSON, and SHELLI WATSON |
| Daniel R. Friedenthal, Esq.<br>FRIEDENTHAL, HEFFERNAN & BROWN, LLP<br>1520 W. Colorado Boulevard, 2nd Floor<br>Pasadena, CA 91105<br>Telephone: (626) 628-2800<br>dfriedenthal@fhblawyers.com<br>jbrown@fhblawyers.com<br>nruiz@fhblawyers.com | Attorneys for Defendant<br>BETHANY AURIOLES |

| | |
|---|---|
| Brian L. Hoffman, Esq.<br>Crystal L Rorabaugh, Esq.<br>WOOD, SMITH, HENNING &<br>BERMAN LLP<br>10960 Wilshire Boulevard, 18th Floor<br>Los Angeles, California 90024-3804<br>Telephone: (310) 481-7600<br>bhoffman@wshblaw.com<br>crorabaugh@wshblaw.com<br>favila@wshblaw.com<br>javilagonzales@wshblaw.com | Attorneys for Defendant<br>JULIA TIDIK, NP |
| Ethan Reimers, Esq.<br>MESSNER REEVES LLP<br>611 Anton Boulevard, Suite 450<br>Costa Mesa, CA 92626<br>Telephone: (949) 335-7916<br>ereimers@messner.com<br>AHollins@messner.com<br>CScherz@messner.com<br>SJohnson@messner.com<br>AAegerter@messner.com | Attorneys for Defendants,<br>BONNIE SAYERS AND JANET<br>BROWN |