Brian L. Hoffman (State Bar No. 150824)
bhoffman@wshblaw.com
Crystal L Rorabaugh (State Bar No. 313093)
crorabaugh@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
401 Wilshire Boulevard, Suite 1070
Santa Monica, California 90401
Phone: 310.481.7600 ♦ Fax: 310.481.7650

Attorneys for Defendant, JULIA TIDIK, NP

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BOULEVARD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

LINDA COOPER, Individually, And On Behalf Of The Estate Of Decedent, ELINA QUINN BRANCO,

Plaintiffs,

v.

COUNTY OF SAN LUIS OBISPO, a governmental entity, form unknown; SIERRA MENTAL WELLNESS GROUP, a California Non-Profit Corporation, JASON HOOSON, individually, SAVANNAH WILLIAMS, individually; JOSH SIMPSON, individually; BONNIE SAYERS, individually; JULIA TIDIK, individually; BETHANY AURIOLES, individually, JANET BROWN, individually, SHELLE WATSON, individually; DOES 1 through 10, inclusive,

Defendants.

Case No. 2:24-cv-08187-CV-(AJRx)

**DECLARATION OF CRYSTAL RORABAUGH IN SUPPORT OF SECOND JOINT STIPULATED REQUEST TO AMEND CIVIL TRIAL SCHEDULING ORDER (Dkt. 100) AND CONTINUE TRIAL;**

Complaint Filed: September 23, 2024
Amended Complaint Filed: June 2, 2025

**District Judge** Cynthia Valenzuela

**Magistrate Judge** A. Joel Richlin

Trial Date: March 10, 2026

I, Crystal L. Rorabaugh, declare as follows:

1. I am an attorney at law duly admitted to practice before the courts of the State of California, and the United States District Court for the Central District of California. I am a partner with Wood, Smith, Henning & Berman LLP, attorneys

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BOULEVARD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

of record for Julia Tidik, PMHNP. I know the following facts to be true of my own knowledge, and if called to testify, I could competently do so.

2. Plaintiff filed her initial Complaint on September 23, 2024. (Dkt No. 1). The Initial Case Status Conference was held on December 16, 2024 and the Court set trial for May 27, 2025, with an April 15, 2025 discovery cutoff date. (Dkt. No. 63). This trial date was taken off-calendar by the Court when the Honorable Judge Cynthia Valenzuela was assigned as the new District Court Judge on the matter, while the remaining discovery deadlines remained as set.

3. All Parties served their initial Rule 26 disclosures between December 6, 2024 and December 9, 2024, and commenced with written discovery. The parties also began noticing and taking depositions of the parties and third party witnesses. To date, Plaintiff, Linda Cooper, and all named defendants aside from Janet Brown have been deposed, including multiple Rule 30(b)(6) witnesses for the County of San Luis Obispo.

4. On March 13, 2025, Plaintiff noticed the deposition of Defendant Janet Brown for March 26, 2025. However, Defendant Brown's counsel objected to this deposition on 5th Amendment grounds because charges have been filed against Ms. Brown for misdemeanor violations arising out of alleged fraudulent medical records regarding Decedent Elina Branco's medical chart from the date of the incident. Plaintiff re-noticed this deposition for July 1, 2025, however, counsel for Defendant Brown informed the parties that the criminal case had not resolved, and continued to assert Ms. Brown's 5th Amendment Rights.

5. On April 3, 2025, this Court granted the Party's First Joint Stipulation to Modify the Pretrial Schedule and Extend Discovery and Pretrial Deadlines and Set Trial, and set trial for December 2, 2025.

6. On June 2, 2025, Plaintiff filed a First Amended Complaint (Dkt No. 103).

7. On July 8, 2025, Jeffrey Branco, the father of decedent, filed an unopposed Motion to Intervene as a Plaintiff in this matter, which the Court took

under submission on August 11, 2026. (Dkt. No. 125).

8. On July 18, 2025, the Parties filed a Joint Stipulation to Continue Trial and Other Litigation Dates due to the need to complete additional discovery and pending Motion to Intervene, requesting a three-month continuance of the trial and related pre-trial and discovery deadlines, requesting a trial continuance to March 10, 2026. (Dkt. No. 132). The Court granted this stipulation on August 8, 2025. (Dkt. No. 138).

9. Following an July 17, 2025, Informal Discovery Conference before Magistrate Judge Joel Richlin. on August 11, 2025, Plaintiff filed a Motion to Compel Defendant County of San Luis Obispo to release third party medical charts from the Crisis Stabilization Unit where the death occurred. (Dkt. No. 137). The County of San Luis Obispo filed an opposition to this Motion on August 25, 2025, (Dkt No. 140), and Plaintiff filed a Reply on August 29, 2025(Dkt. No. 140). On October 6, 2025, Magistrate Judge Richlin entered an order granting Plaintiff's Motion in part, and ordering the release of select records pursuant to the Parties' Protective Order by October 20, 2025. (Dkt No. 142). The County produced these records on or about October 19, 2025.

10. On October 24, 2025, Defendants COUNTY OF SAN LUIS OBISPO, JASON HOOSON, JULIA TIDIK, and SAVANNAH WILLIAMS, filed a Joint Motion for Summary Judgment/Summary Adjudication, which was set for hearing on November 21, 2025. (Dkt. No. 143).

11. On November 17, 2025, the Court continued the hearing on Defendant's Joint Motion for Summary Judgment to Friday, January 16, 2026. (Dkt. No. 150).

12. On or about December 11, 2025, Defendant Janet Brown's misdemeanor criminal trial began in San Luis Obispo County on the charges arising from allegations of fraudulent medical recordkeeping related to Decedent Elina Branco on the date of the incident. On or about December 18, 2025, the trial

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BOULEVARD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

concluded with a hung jury, and the San Luis Obispo County District Attorney's Office has set the case for re-trial on February 9, 2026. The results of this trial will materially impact Defendant Janet Brown and other Defendant's potential defenses in this matter, and the Parties anticipate that it will also affect the factual stipulations of the parties at the time of trial, and potential motions in limine.

13. On December 22, 2025, the Court notified the parties that the rulings on Jeff Branco's pending Motion to Intervene as a Plaintiff (Dkt. No. 125), as well as Defendants SIERRA, SIMPSON, and WATSON's Motion to Dismiss Punitive Damages (Dkt. No 119), are expected to be decided by March 31, 2026, which is after the current March 10, 2026, trial date. The Parties' have met and conferred, and agree that they cannot adequately prepare for trial in this matter until the Court has decided Jeffery Branco's Motion to Intervene, as the addition of a second Plaintiff materially affects the scope of the trial, and witnesses and evidence to be included in the same.

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BOULEVARD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

14. Pursuant to the Court's current August 8, 2025 scheduling order, the Rule 26 Initial Expert Disclosures were exchanged on December 8, 2025, with rebuttal disclosures occurring on December 31, 2025. Under the Court's current scheduling order, the expert discovery cutoff is January 19, 2026, the First Round of trial documents are currently due to the Court on Monday, January 23, 2026, with the second round due on February 6, 2026.

15. Due to the number of parties involved in this litigation, as well as the holidays in December, despite the best efforts of the parties, the depositions of the various disclosed experts have been noticed, but not yet moved forward. The parties have been diligently working to coordinate and schedule these depositions, but due to the limited availability of the Counsels and experts, it is anticipated that the depositions will not be completed by the current January 19, 2026, expert discovery cutoff.

16. Based on the Court's Scheduling Order (Dkt. No. 100), Lead Trial

Counsel for the Parties are required to meet and confer pursuant to Local Rule 16 to discuss matters necessary for trial, including contentions of law and fact, exhibits, and witnesses, the parties must also exchange proposed general and special Jury Instructions at least thirty-five (35) days before the FPTC, or January 16, 2026, the date the Joint Motion for Summary Judgment is set to be heard.

17. After meeting and conferring, the parties have agreed that without the Court's rulings on the pending Joint Motion for Summary Judgment, Motion to Intervene, and Motion to Dismiss, they will be unable to fully comply with the meet and confer deadlines of the Court's Trial Scheduling Order, and the District Court's Local Rules, as the scope of the claims, contentions, witnesses, and exhibits that will be necessary at trial are not currently ascertainable, as the Court's ruling on the Joint Motion for Summary Judgment may narrow the scope of issues to be decided at trial, and may materially affect the contents of the proposed jury instructions, exhibits, witness lists, and verdict forms. Further, without a trial continuance, should Jeffrey Branco be added as a Plaintiff in this matter, his interests will be prejudiced as he will not have sufficient time to prepare for and/or participate in the trial based on the current date, including preparing pre-trial documents necessary for the same.

18. To facilitate potential pre-trial resolution of this matter, the parties wish to attend a second mediation session, to attempt to resolve this matter without the need for a trial, thus conserving judicial resources. However, the current parties to the action have agreed that such mediation cannot meaningfully move forward until the pending Motion to Intervene and Motion to Dismiss Punitive Damages are decided, as the addition of a second Plaintiff materially impacts settlement efforts. The parties are thus unable to conduct a meaningful mediation or settlement discussions until the parties to the action are confirmed. Further, it is my understanding that the first available date for mediation with the parties' selected mediator, Richard Copeland, Esq., (who conducted the first mediation), is not until April 3, 2026, which is after the current trial date.

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BOULEVARD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

19. The Parties believe that a continuance in this matter will conserve judicial resources, facilitate potential informal resolution, and ensure judicial economy, as decisions on the pending motions may streamline the pre-trial documents, and without the same, the pre-trial documents submitted on January 23, 2026, will likely need to be amended once these motions have been decided. Furthermore, the Parties agree that the scope of the expert opinions necessary to prosecute and defend this action may change depending on the Court's ruling on the Joint Motion for Summary Judgment.

20. This is the Parties' third stipulated request for an amendment of the scheduling order in this case, and second request to continue the trial date, as the initial trial date was vacated on the Court's own motion. The requested continuance is not intended for any improper purpose or to disadvantage any party, but instead to ensure that no parties to the action are prejudiced, and judicial resources are conserved.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 13th day of January, 2026, at Aliso Viejo, California.

/s/ Crystal L. Rorabaugh
Crystal L. Rorabaugh

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BOULEVARD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650