**LAWYA RANGEL (State Bar No. 242079)**
**YOLANDA E. LOPEZ (State Bar No. 328922)**
**CLOUSESPANIAC ATTORNEYS**
8038 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730
(909) 941-3388
(909) 941-3389 Fax
llrangel@csattys.com
yelopez@csattys.com
service@csattys.com
Attorneys for Defendant SAVANNAH WILLIAMS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA COOPER, Individually, And On Behalf Of The Estate Of Decedent, ELINA QUINN BRANCO, and JEFFREY BRANCO, JR., | CASE NO: 2:24-CV-08187-CV (AJRx) *(District Judge: Cynthia Valenzuela, Court Room10B; Magistrate Judge; A. Joel Richlin)* |
| Plaintiff, | |
| vs. | **DEFENDANT SAVANNAH WILLIAMS' ANSWER TO PLAINTIFF JEFFREY BRANCO, JR.'S COMPLAINT IN INTERVENTION FOR DAMAGES/INJUNCTIVE RELIEF/JURY TRIAL** |
| COUNTY OF SAN LUIS OBISPO, a governmental entity, form unknown; SIERRA MENTAL WELLNESS GROUP, a California Non-Profit Corporation; JASON HOOSON, individually, SAVANNAH WILLIAMS, individually; JOSH SIMPSON, individually; BONNIE SAYERS, individually; JULIA TIDIK, individually; BETHANY AURIOLES, individually, JANET BROWN, individually, SHELLE WATSON, individually; DOES 1 through 10, inclusive, | |
| | COMPLAINT FILED: 1/20/26 TRIAL DATE:        Not Set |
| Defendants. | |

DEFENDANT SAVANNAH WILLIAMS' ANSWER TO PLAINTIFF JEFFREY  BRANCO, JR'S. COMPLAINT IN INTERVENTION FOR DAMAGES/INJUNCTIVE RELIEF/JURY TRIAL

**COMES NOW** Defendant SAVANNAH WILLIAMS to respond to JEFFREY BRANCO, JR.'s Complaint in Intervention for Damages and Injunctive Relief, for herself alone and for no other Defendant, as follows:

1.    Referring to paragraphs 10, 14, 15, 57, 59, 75 and 98 of Plaintiff's Complaint, this Answering Defendant admits the allegations contained therein.

2.    Referring to paragraphs 17, 25, 26, 29, 64, 65, 71, 74, 83, 84, 85, 87, 88, 89, 90, and 91 of Plaintiff's Complaint, this Answering Defendant denies, both generally and specifically, all and singular, each and every allegation contained in said paragraphs.

3.    Referring to paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 16, 18, 19, 20, 21, 22, 23, 27, 28, 30, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 54, 58, 60, 61, 62, 63, 66, 67, 70, 72, 73, 76, 78, 79, 93, and 94 of Plaintiff's Complaint, this Answering Defendant admits that decedent was a prior patient of the Crisis Stabilization Unit, with respect to the remaining allegation, this Answering Defendant lacks sufficient information or belief to enable her to answer said paragraphs, and basing this denial upon such lack of information believed, denies both generally and specifically, all and singular, each and every allegation contained therein.

4.    Referring to paragraphs 99, 108, 114, 123, 131, 138, 147, 153, and 161 of Plaintiff's Complaint, this Answering Defendant refers to and incorporates by reference its responses to the incorporated paragraphs as though fully set forth herein.

5.    With respect to the allegations in paragraph 13, this Answering Defendant admits the County of San Luis Obispo is a government entity that can be sued under certain state and federal laws, when certain preconditions are met.

6.    Referring to paragraph 17 of Plaintiff's Complaint, this Answering Defendant admits, she was at all relevant times an employee and/or agent of SIERRA and acting within the course and scope of her employment therein, and at all times was acting as an individual and not as a state actor; save and except as herein specifically admitted, this Answering Defendant denies, generally and specifically, all and singular, each and every remaining allegation contained in said paragraph.

CLOUSE SPANIAC ATTORNEYS
8038 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730
Tel: 909-941-3388 | Fax: 909-941-3389

2

7.    Referring to paragraph 24 of Plaintiff's Complaint, this Answering Defendant admits she was at all relevant times an employee and/or agent of SIERRA and acting within the course and scope of her employment therein, and at all times was acting as an individual and not as a state actor; save and except as herein specifically admitted, this Answering Defendant denies, generally and specifically, all and singular, each and every remaining allegation contained in said paragraph.

8.    Referring to paragraph 31 of Plaintiff's Complaint, this Answering Defendant denies she had access to prior charting records indicating high risk and underlying medical condition, and denies Plaintiff's characterization of the content of the same; save and except as herein specifically set forth, this Answering Defendant lacks sufficient information or belief to enable her to answer said allegations, and basing this denial upon such lack of information believed, denies both generally and specifically, all and singular, each and every remaining allegation contained therein.

9.    Referring to paragraph 52 of Plaintiff's Complaint, this Answering Defendant admits that the night shift change took place, but denies that she was unavailable as an on-call supervisor. Save and except as herein specifically set forth, this Answering Defendant lacks sufficient information or belief to enable her to answer said allegations, and basing this denial upon such lack of information believed, denies both generally and specifically, all and singular, each and every remaining allegation contained therein.

10.    With respect to the allegations in paragraph 53, this Answering Defendant admits that decedent's charts stated 2-hour monitoring checks starting at 7:30 p.m. and noting her vitals being taken. Responding Defendant admits the chart states: "The client had an altercation with a male peer talking with staff. She was offered and taught coping skills to help de-escalate herself. The client will continue to be monitored." Except as expressly admitted, Defendant denies the remaining allegations in this paragraph.

11.    With respect to the allegations in paragraph 55, this Answering Defendant admits that decedent's chart notes "Client is currently engaged in therapeutic rest without incident. Breathing is even and unlabored. Will continue to monitor for any changes" for

CLOUSESPANIAC ATTORNEYS
8038 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730
Tel: 909-941-3388 | Fax: 909-941-3389

DEFENDANT SAVANNAH WILLIAMS' ANSWER TO PLAINTIFF JEFFREY  BRANCO,
JR'S. COMPLAINT IN INTERVENTION FOR DAMAGES/INJUNCTIVE
RELIEF/JURY TRIAL

times at 2330, 0130 0330 and 0530. This Answering Defendant further admits decedent's chart noted at 0730, "the client is lying in bed with eyes closed, breathing evenly and without labored breathing. Relevant information be passed on the day shift for continuity of care." Except as expressly admitted, this Answering Defendant denies the remaining allegations.

12.    With respect to the allegations in paragraph 56, this Answering Defendant admits a member of the staff called 911 to report that decedent was unresponsive in the morning of May 16, 2024. Except as expressly admitted, this Answering Defendant denies the remaining allegations.

13.    With respect to the allegations in paragraph 68, and in reference to the time period at issue in this incident, this Answering Defendant denies the allegations in their entirety as applied to her.

14.    With respect to the allegations in paragraph 69, this Answering Defendant admits that all SIERRA staff were asked to acknowledge a "no-sleeping" policy in November 2023. Except as expressly admitted, this Answering Defendant denies the remaining allegations.

15.    With respect to the allegations in paragraph 77, this Answering Defendant admits under California Welfare and Institutions Code §5150 a person who is evaluated and determined to fit the criteria for a hold, can be detained under the provisions of that section. With respect to the remaining allegations this Answering Defendant lacks sufficient information or belief to enable her to answer said paragraphs, and basing this denial upon such lack of information believed, denies both generally and specifically, all and singular, each and every allegation contained therein.

16.    With respect to the allegations in paragraph 80, this Answering Defendant admits the 2021-22 Grand Jury report stated: "The Grand Jury is aware, and has video evidence, of at least two cases in which CSU cameras were covered by SMWG staff. In both instances, SMWG staff can be seen appearing to relax, on their phones or talking with each other." And that it further states: "In early August, 2021, PHF staff contacted the CSU

CLOUSESPANIAC ATTORNEYS
8038 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730
Tel: 909-941-3388 | Fax: 909-941-3389

4

about taking a placement from an area hospital. CSU staff advised they were busy and could not take the person. Unaware that any clients were in the CSU at that time, PHF staff checked the cameras and saw that the CSU was empty except for SMWG staff members. When questioned about the situation, CSU staff responded by taping sheets of paper over the cameras, rendering them useless." Except as expressly admitted, this Answering Defendant denies the remaining allegations in this paragraph.

17.    With respect to the allegations in paragraph 81, this Answering Defendant admits that there are terms in the original contract between the COUNTY and SIERRA that state: "There shall be a minimum of one Registered Nurse, Psychiatric Technician, or Licensed Vocational Nurse on site at all times clients are present." Except as expressly admitted, this Answering Defendant denies the remaining allegations in this paragraph.

18.    With respect to the allegations in paragraph 82, this Answering Defendant admits that the CSU was designed as a therapeutic milieu where clients in crisis could be safely managed and de-escalated until they could be discharged, and that it was not a detoxification or residential treatment center. Except as expressly admitted, this Answering Defendant denies the remaining allegations in this paragraph.

19.    With respect to the allegations in paragraph 86, this Answering Defendant agrees that there was a staff meeting in November 2023 which the Answering Defendant attended during which a discussion about the 4 beds in the CSU being utilized took place. Except as expressly admitted, this Answering Defendant denies the remaining allegations in this paragraph.

20.    With respect to the allegations in paragraph 92, this Answering Defendant admits that there were discussions about the COUNTY needing to see that the 4 beds in the CSU were being utilized. Except as expressly admitted, this Answering Defendant denies the remaining allegations in this paragraph.

21.    With respect to the allegations in paragraphs 95 and 96, this Answering Defendant denies that a psychiatric technician is not trained nor allowed to assess, monitor and treat for items within the scope of their license, including the checking of vital signs.

5

CLOUSESPANIAC ATTORNEYS
8038 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730
Tel: 909-941-3388 | Fax: 909-941-3389

This Answering Defendant admits that psychiatric technicians do not diagnose medical conditions.

22. With respect to the allegations in paragraph 97, this Answering Defendant admits California Penal Code section 471.5 includes the referenced statement. Except as expressly admitted, Defendant denies the remaining allegations in this paragraph.

23. Referring to paragraphs 106, 109 of Plaintiff's Complaint, this Answering Defendant sets forth that the citations therein is/are subject to interpretation. As such, the paragraphs mischaracterize the state of the law, and this Answering Defendant denies that she is liable to Plaintiff pursuant to the authorities cited, and/or pursuant to any theory, cause of action, or that this Answering Defendant breached any duty and/or violated any rights of Plaintiff at all; save and except as herein specifically admitted, this Answering Defendant denies, generally and specifically, all and singular, each and every remaining allegation contained in said paragraph.

## FIRST CLAIM FOR RELIEF
## DELIBERATE INDIFFERENCE TO A SUBSTANTIAL RISK OF HARM TO BRANCO'S SAFETY AND HEALTH -14th AMENDMENT

24. In referring to the allegations in paragraph 100 of Plaintiff's Complaint, this Answering Defendant denies it was her decision to operate the CSU without an on-site supervisor during evening -to-morning shifts and/or to deprive staff of access to policy and procedure manuals, assuming that occurred, which is expressly denied, and further asserts she was on call to all staff at all relevant times; save and except as herein specifically set forth, this Answering Defendant lacks sufficient information or belief to enable her to answer said allegations, and basing this denial upon such lack of information believed, denies both generally and specifically, all and singular, each and every remaining allegation contained therein.

25. In referring to the allegations in paragraph 101 of Plaintiff's Complaint, this Answering Defendant denies that the Decedent was confined, and further denies that she made any intentional decisions regarding the conditions of said alleged confinement which

CLOUSESPANIAC ATTORNEYS
8038 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730
Tel: 909-941-3388 | Fax: 909-941-3389

DEFENDANT SAVANNAH WILLIAMS' ANSWER TO PLAINTIFF JEFFREY  BRANCO, JR'S. COMPLAINT IN INTERVENTION FOR DAMAGES/INJUNCTIVE RELIEF/JURY TRIAL

placed decedent at a substantial risk of suffering serious harm to her health and ensuing death.

26.    In referring to paragraphs 102, 103, 104, 105, and 107 of Plaintiff's Complaint, this Answering Defendant denies, both generally and specifically, all and singular, each and every allegation contained in said paragraphs.

## SECOND CLAIM FOR RELIEF
## FAILURE TO PROVIDE SAFE CONDITIONS

27.    In referring to paragraph 110 of Plaintiff's Complaint, this Answering Defendant denies that her conduct was a substantial departure of professional standards, practice, or judgment; save and except as herein specifically set forth,  this Answering Defendant lacks sufficient information or belief to enable her to answer said allegations, and basing this denial upon such lack of information believed, denies both generally and specifically, all and singular, each and every remaining allegation contained therein.

28.    In referring to paragraph 113 of Plaintiff's Complaint, this Answering Defendant denies, both generally and specifically, all and singular, each and every allegation contained in said paragraphs.

29.    In referring to paragraphs 111, and 112 of Plaintiff's Complaint, this Answering Defendant admits that decedent was a prior patient of the Crisis Stabilization Unit, with respect to the remaining allegation, Answering Defendant lacks sufficient information or belief to enable her to answer said paragraphs, and basing this denial upon such lack of information believed, denies both generally and specifically, all and singular, each and every allegation contained therein.

## THIRD CLAIM FOR RELIEF
## *STATE-CREATED DANGER*-14th AMENDMENT

30.    In referring to paragraphs 115, 116, and 117 of Plaintiff's Complaint, this Answering Defendant denies, both generally and specifically, all and singular, each and every allegation contained in said paragraphs.

CLOUSESPANIAC ATTORNEYS
8030 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730
Tel: 909-941-3388 | Fax: 909-941-3389

DEFENDANT SAVANNAH WILLIAMS' ANSWER TO PLAINTIFF JEFFREY  BRANCO, JR.'S. COMPLAINT IN INTERVENTION FOR DAMAGES/INJUNCTIVE RELIEF/JURY TRIAL

CLOUSESPANIAC ATTORNEYS
8038 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730
Tel: 909-941-3388 | Fax: 909-941-3389

31.    In referring to paragraphs 118, 119, and 120 of Plaintiff's Complaint, this Answering Defendant lacks sufficient information or belief to enable her to answer said paragraphs, and basing this denial upon such lack of information believed, denies both generally and specifically, all and singular, each and every allegation contained therein.

32.    In referring to paragraph 121 of Plaintiff's Complaint, this Answering Defendant denies it was her decision to operate the CSU without an on-site supervisor during evening -to-morning shifts and/or to deprive staff of access to operations manuals, assuming that occurred, (which is expressly denied), and/or that any decision on the part of this Answering Defendant placed decedent in a worse position than that which she was prior to placement. Save and except as herein specifically set forth, this Answering Defendant lacks sufficient information or belief to enable her to answer said allegations, and basing this denial upon such lack of information believed, denies both generally and specifically, all and singular, each and every remaining allegation contained therein.

## FOURTH CLAIM FOR RELIEF
## SUPERVISORY LIABILITY Under 42 U.S.C. 1983

33.    In referring to paragraphs 124, 125, 126, 127, 128, 129, and 130 of Plaintiff's Complaint, this Answering Defendant denies, both generally and specifically, all and singular, each and every allegation contained in said paragraphs.

## FIFTH CLAIM FOR RELIEF
## NEGLECT OF A DEPENDENT ADULT IN VIOLATION OF
## THE ELDER AND DEPENDENT ADULT ABUSE CIVIL PROTECTION
## ACT W&I §§ 15610.57 & 15657

34.    In referring to paragraphs 132, 133, 134, 135, 136, and 137 of Plaintiff's Complaint, this Answering Defendant denies, both generally and specifically, all and singular, each and every allegation contained in said paragraphs.

/ / /

/ / /

/ / /

8

DEFENDANT SAVANNAH WILLIAMS' ANSWER TO PLAINTIFF JEFFREY  BRANCO, JR'S. COMPLAINT IN INTERVENTION FOR DAMAGES/INJUNCTIVE RELIEF/JURY TRIAL

CLOUSESPANIAC ATTORNEYS
8038 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730
Tel: 909-941-3388 | Fax: 909-941-3389

## SIXTH CLAIM FOR RELIEF
## NEGLIGENT TRAINING, SUPERVISION, AND RETENTION

35.    In referring to paragraphs 139, 143, 144, 146 of Plaintiff's Complaint, this Answering Defendant denies, both generally and specifically, all and singular, each and every allegation contained in said paragraphs.

36.    In referring to paragraphs 140, 141, 142, and 145 of Plaintiff's Complaint, this Answering Defendant lacks sufficient information or belief to enable her to answer said paragraphs, and basing this denial upon such lack of information believed, denies both generally and specifically, all and singular, each and every allegation contained therein.

## SEVENTH CLAIM FOR RELIEF
## FAILURE TO TRAIN & CUSTOM/PRACTICE/POLICY MONELL
## (42 U.S.C. §1983)

37.    This cause of action is not alleged against this Answering Defendant. As a result, Answering Defendant lacks sufficient information or belief to enable her to answer said paragraphs, and basing this denial upon such lack of information believed, denies both generally and specifically, all and singular, each and every allegation contained within paragraphs 148-152.

## EIGHTH CLAIM FOR RELIEF
## INTERFERENCE WITH PARENTAL RIGHTS-SUBSTANTIVE DUE
## PROCESS VIOLATION- (14th Am. -42 U.S.C. §1983)

38.    In referring to paragraphs 154, and 155 of Plaintiff's Complaint this Answering Defendant admits that Plaintiff had the same rights as any other individual guaranteed by the Fourteenth Amendment. Except as expressly admitted, the allegations in this paragraph are denied.

39.    In referring to paragraphs 156, 157, 158, and 159 of Plaintiff's Complaint, this Answering Defendant denies, both generally and specifically, all and singular, each and every allegation contained in said paragraphs.

DEFENDANT SAVANNAH WILLIAMS' ANSWER TO PLAINTIFF JEFFREY  BRANCO,
JR'S. COMPLAINT IN INTERVENTION FOR DAMAGES/INJUNCTIVE
RELIEF/JURY TRIAL

40.    In referring to paragraph 160 of Plaintiff's Complaint, this Answering Defendant lacks sufficient information or belief to enable her to answer said paragraph, and basing this denial upon such lack of information believed, denies both generally and specifically, all and singular, each and every allegation contained therein.

## NINTH CLAIM FOR RELIEF
## WRONGFUL DEATH

41.    In referring to paragraph 162 of Plaintiff's Complaint, this Answering Defendant lacks sufficient information or belief to enable her to answer said paragraph, and basing this denial upon such lack of information believed, denies both generally and specifically, all and singular, each and every allegation contained therein.

42.    In referring to paragraphs 163, 164, 165, 166, and 167 of Plaintiff's Complaint, this Answering Defendant denies, both generally and specifically, all and singular, each and every allegation contained in said paragraphs.

## AFFIRMATIVE DEFENSES

## AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S COMPLAINT, THIS
## ANSWERING DEFENDANT ALLEGES:

43.    The Complaint and each and every claim for relief on file therein fails to state a claim upon which relief can be granted as to this Answering Defendant.

## AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S COMPLAINT, THIS
## ANSWERING DEFENDANT ALLEGES:

44.    All events in connection with the allegations in the Complaint and any resulting injuries or damages were contributed to and proximately caused by the active conduct or negligence of the Plaintiff, and/or Plaintiff's decedent in that the Plaintiff and/or

CLOUSESPANIAC ATTORNEYS
8038 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730
Tel: 909-941-3388 | Fax: 909-941-3389

DEFENDANT SAVANNAH WILLIAMS' ANSWER TO PLAINTIFF JEFFREY  BRANCO, JR'S. COMPLAINT IN INTERVENTION FOR DAMAGES/INJUNCTIVE RELIEF/JURY TRIAL

decedent failed to exercise ordinary care for their well-being of under the circumstances, thereby barring the Plaintiff from any recovery.

## AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S COMPLAINT, THIS
## ANSWERING DEFENDANT ALLEGES:

45.    This Answering Defendant is not liable for any punitive damages nor statutory penalties, and further, this Answering Defendant has never taken any action with willful or conscious disregard of the Plaintiff's rights, has not engaged in any despicable conduct with regard to the Plaintiff, nor has Answering Defendant performed or omitted to perform any act which would constitute intentional misrepresentation, deceit or concealment of a material fact with the intention of depriving Plaintiff of property, legal rights or causing injury. Answering Defendant reserves all rights to challenge any punitive and exemplary damages claims, including through dispositive motions.

## AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S COMPLAINT, THIS
## ANSWERING DEFENDANT ALLEGES:

46.    The Plaintiff is estopped by his own conduct from asserting the allegations in the Complaint on file herein.

## AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S COMPLAINT, THIS
## ANSWERING DEFENDANT ALLEGES:

47.    The Plaintiff, through the exercise of reasonable effort, could have mitigated the amount of damages, if there were any, but Plaintiff failed and refused, and continues to fail and refuse, to exercise a reasonable effort to mitigate damages, and therefore the Plaintiff is barred from seeking recovery of those damages.

/ / /

/ / /

/ / /

CLOUSESPANIAC ATTORNEYS
8038 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730
Tel: 909-941-3388 | Fax: 909-941-3389

11

CLOUSESPANIAC ATTORNEYS
8030 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730
Tel: 909-941-3388 | Fax: 909-941-3389

## AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S COMPLAINT, THIS
## ANSWERING DEFENDANT ALLEGES:

48.    This Answering Defendant acted in good faith and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any rights possessed by Plaintiff and/or Plaintiff's decedent, nor which would otherwise constitute a breach of any duty owed to Plaintiff or to the decedent.

## AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S COMPLAINT, THIS
## ANSWERING DEFENDANT ALLEGES:

49.    This Answering Defendant is immune from liability in that the injuries and damages, if any, sustained by Plaintiff or decedent at the time and places alleged in the Complaint on file herein, were a direct and proximate result of the acts, omissions, or negligence of a third party not within the knowledge or control of this Answering Defendant and were sustained, if at all, without any negligence or wrongful act or omission on the part of this Answering Defendant.

## AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S COMPLAINT, THIS
## ANSWERING DEFENDANT ALLEGES:

50.    This Answering Defendant is entitled to recover reasonable expenses, including attorney's fees, from the Plaintiff and his counsel, in that the Plaintiff's Complaint on file herein is frivolous and was brought and maintained in bad faith and without reasonable cause, is totally and completely without merit, and was brought for the sole purpose of harassing this Answering Defendant.

/ / /

/ / /

/ / /

/ / /

DEFENDANT SAVANNAH WILLIAMS' ANSWER TO PLAINTIFF JEFFREY BRANCO, JR'S. COMPLAINT IN INTERVENTION FOR DAMAGES/INJUNCTIVE RELIEF/JURY TRIAL

## AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S COMPLAINT, THIS
## ANSWERING DEFENDANT ALLEGES:

51.     This Answering Defendant is not liable for damages awarded under Section 3294 of the *California Civil Code* or any other damages that might be imposed primarily for the sake of example and by way of punishing this Answering Defendant.

## AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S COMPLAINT, THIS
## ANSWERING DEFENDANT ALLEGES:

52.     At all times relevant to this litigation, the Plaintiff's and/or decedent's injuries or damages were not caused by any act or omission by or on behalf of this Answering Defendant under color of law, or otherwise, thereby precluding the Plaintiff from any recovery from this Defendant.

## AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S COMPLAINT, THIS
## ANSWERING DEFENDANT ALLEGES:

53.     At all times relevant to this litigation, Plaintiff and/or decedent consented, either expressly or impliedly, to any such acts or conduct as may be shown on the part of this Answering Defendant.

## AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S COMPLAINT, THIS
## ANSWERING DEFENDANT ALLEGES:

54.     At no time relevant to this litigation, were Plaintiff or decedent deprived of life, liberty, or property by any act or omission on the part of this answering Defendant thereby precluding Plaintiff from maintaining his causes of action for violation of civil rights. *Daniels v. Williams,* 474 U.S. 327 (1986).

/ / /

/ / /

CLOUSESPANIAC ATTORNEYS
8038 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730
Tel: 909-941-3388 | Fax: 909-941-3389

DEFENDANT SAVANNAH WILLIAMS' ANSWER TO PLAINTIFF JEFFREY  BRANCO, JR'S. COMPLAINT IN INTERVENTION FOR DAMAGES/INJUNCTIVE RELIEF/JURY TRIAL

CLOUSE SPANIAC ATTORNEYS
8038 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730
Tel: 909-941-3388 | Fax: 909-941-3389

### AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE
### TO PLAINTIFF'S COMPLAINT, THIS
### ANSWERING DEFENDANT ALLEGES:

55.    At all times relevant to this litigation, this Answering Defendant acted in good faith and with an honest, reasonable belief that this Answering Defendant's actions were reasonable and necessary, thereby precluding Plaintiff from maintaining any causes of action for violation of civil rights.

### AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE
### TO PLAINTIFF'S COMPLAINT, THIS
### ANSWERING DEFENDANT ALLEGES:

56.    If it should be found that this Answering Defendant is in any manner legally responsible for injury or damages, if any, sustained by Plaintiff or decedent, which supposition is denied and merely stated for the purpose of this affirmative defense, that any injuries or damages found to have been incurred or suffered by Plaintiff or decedent in this action, were proximately caused or contributed to by others in this case, and/or by other persons or entities not parties to this action, and it is necessary that the proportionate degree of negligence or fault or unreasonable conduct of each of said persons or entities whether parties to this action or not, be determined and pro-rationed and that any judgment that might be rendered against this Answering Defendant be reduced not only by the degree of comparative negligence found to exist as to Plaintiff and/or decedent but also as to the total of that degree of negligence, fault and/or unreasonable conduct found to exist as to said other persons or entities.

### AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE
### TO PLAINTIFF'S COMPLAINT, THIS
### ANSWERING DEFENDANT ALLEGES:

57.    As a separate affirmative defense, Defendant alleges that any actions of placement and supervision of Plaintiff's decedent are a discretionary and quasi-governmental function, and if it should be found that Defendant did engage in such activity

14

CLOUSESPANIAC ATTORNEYS
8038 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730
Tel: 909-941-3388 | Fax: 909-941-3389

(which Defendant denies) in connection with Plaintiff's decedent, then Defendant is entitled to all immunities accorded a public employee under state and/or federal law, including but not limited to those provided by the *California Government Code*, including but not limited to *Government Code* sections 815 and 820.2.

## AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

58.    Plaintiff has failed to exhaust administrative remedies.

## AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

59.    As a separate affirmative defense, Defendant alleges that at all relevant times, she was engaging in private conduct and cannot be viewed as a "state actor" under any analysis including but not limited to the "public function", "joint action", "governmental compulsion or coercion", and/or "governmental nexus" tests.  As such, Plaintiff cannot state a cause of action against responding Defendant, and this Court is deprived of jurisdiction.

## AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

60.    Plaintiff lacks standing to raise the causes of action alleged based upon survival claims as he is pursuing the complaint in an individual capacity.

## AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

61.    This Answering Defendant alleges she presently has insufficient knowledge or information on which to form a belief as to whether she may have additional, as yet unstated, affirmative defenses available.  This Answering Defendant reserves the right to

15

assert additional affirmative defenses if, based on discovery, such defenses are determined to be appropriate.

Referring to Plaintiff's PRAYER FOR RELIEF, this Answering Defendant denies both generally and specifically, all and singularly, each and every allegation contained therein, and further denies that Plaintiff has been damaged in the sum set forth, and or any sum, and/or at all, and further sets forth that Plaintiff is not entitled to an award of fees and/or costs and or for any relief as prayed, and or any relief at all.  This Answering Defendant further asserts that Plaintiff's claim for injunctive relief is moot. This Answering Defendant prays that Plaintiff takes nothing by reason of his Complaint and/or otherwise, and that this Answering Defendant be given judgment for her costs of suit incurred herein, to be incurred, and for such other and further relief as the Court deems just and proper.

DATED:  February 9, 2026                    CLOUSESPANIAC ATTORNEYS

By:/s/ *Lawya L. Rangel*
LAWYA L. RANGEL
YOLANDA E. LOPEZ
Attorneys for Defendant
SAVANNAH WILLIAMS

CLOUSESPANIAC ATTORNEYS
8038 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730
Tel: 909-941-3388 | Fax: 909-941-3389

DEFENDANT SAVANNAH WILLIAMS' ANSWER TO PLAINTIFF JEFFREY  BRANCO, JR'S. COMPLAINT IN INTERVENTION FOR DAMAGES/INJUNCTIVE RELIEF/JURY TRIAL

## DEMAND FOR A JURY TRIAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO THE PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant, SAVANNAH WILLIAMS hereby demands a jury trial in the above-entitled action.

DATED:  February 9, 2026                    CLOUSESPANIAC ATTORNEYS

By: /s/ *Lawya L. Rangel*
    LAWYA L. RANGEL
    YOLANDA E. LOPEZ
    Attorneys for Defendant
    SAVANNAH WILLIAMS

CLOUSESPANIAC ATTORNEYS
8038 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730
Tel: 909-941-3388 | Fax: 909-941-3389

DEFENDANT SAVANNAH WILLIAMS' ANSWER TO PLAINTIFF JEFFREY  BRANCO, JR'S. COMPLAINT IN INTERVENTION FOR DAMAGES/INJUNCTIVE RELIEF/JURY TRIAL

*Re: Cooper v. County of San Luis Obispo*
*Case No. 2:24-CV-08187-CV (AJRx)*

## **PROOF OF SERVICE**

I am employed in the County of San Bernardino, State of California. I am over the age of 18 and not a party to the within action; my business address is 8038 Haven Avenue, Suite E, Rancho Cucamonga, CA 91730.

On February 9, 2026, I served the foregoing document described as **DEFENDANT SAVANNAH WILLIAMS' ANSWER TO PLAINTIFF JEFFREY BRANCO, JR.'S COMPLAINT IN INTERVENTION FOR DAMAGES/INJUNCTIVE RELIEF/JURY TRIAL** on the interested parties in this action as follows:

/X/    **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system.

/ /    **BY MAIL (F.R.Civ.P. 5(b)(1)(2)(C)):** By placing the document listed above in a sealed envelope addressed to the parties set forth on the attached Service List. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Rancho Cucamonga, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

/ /    **BY CERTIFIED MAIL (F.R.Civ.P. 5(b)(1)(2)):** By placing the document listed above in a sealed envelope addressed to the parties set forth on the attached Service List. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with Certified Mail-Return Receipt Requested postage thereon fully prepaid at Rancho Cucamonga, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

/ /    **BY PERSONAL SERVICE (F.R.Civ.P. 5(b)(1)(2)(A)):** By causing the document listed above to be delivered to the parties set forth on the attached Service List.

CLOUSESPANIAC ATTORNEYS
8038 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730
Tel:909-941-3388 | Fax: 909-941-3389

CLOUSE SPANIAC ATTORNEYS
8030 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730
Tel: 909-941-3388 | Fax: 909-941-3389

/ /  **BY OVERNIGHT MAIL (F.R.Civ.P. 5(b)(1)(2)(E)):** By **GSO (Golden State Overnight)**, following ordinary business practices for collection and processing of correspondence with said overnight mail service (for those who consented in writing to such service method). The document listed above was placed in a sealed envelope addressed to the parties set forth on the attached Service List, and delivered to an authorized courier or driver authorized by the express service carrier, with delivery fees fully prepaid or provided for.

/ /  **BY FAX TRANSMISSION (F.R.Civ.P. 5(b)(1)(2)(E)):** The document listed above was transmitted from fax number (909) 941-3389 to a fax machine maintained by the person (for those who consented in writing to such service method) on whom the document is served at the fax telephone number set forth on the attached Service List, on this date before 5:00 p.m., and a record of the transmission caused to be printed showing the date and time of the transmission, and that the transmission was reported as complete and without error.

/ /  **BY ELECTRONIC SERVICE (F.R.Civ.P. 5(b)(1)(2)(E)):** The document listed above was served electronically by e-mail to the parties listed on the attached Service List (for those who consented to such service method). The transmission was reported as complete and without error. My electronic notification address is mmedina@csattys.com

/ /  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct. **(C.C.P. § 2015.5)**

/X/  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 9, 2026, at Rancho Cucamonga, California.


_____
MARIA M. MEDINA

2