**MARK. M. RUDY, State Bar No. 126254**
*mrudy@veatchfirm.com*
**SERENA L. NERVEZ, State Bar No. 227529**
*snervez@veatchfirm.com*
**VEATCH CARLSON, LLP**
1055 Wilshire Blvd., 11th Floor
Los Angeles, CA 90017-2444
Tel: (213) 381-2861
Fax: (213) 383-6370

Attorneys for Defendants,
**SIERRA MENTAL WELLNESS GROUP,**
**JOSH SIMPSON, and SHELLI WATSON,**
**sued herein as SHELLE WATSON**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA COOPER, Individually, and on the behalf of the Estate of Decedent, ELINA QUINN BRANCO,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN LUIS OBISPO, a government entity, form unknown; SIERRA MENTAL WELLNESS GROUP, a California non-profit corporation; JASON HOOSON, individually, SAVANNAH WILLIAMS, individually; JOSH SIMPSON, individually; BONNIE SAYERS, individually; JULIA TIDIK, individually; BETHANY AURIOLES, individually; JANET BROWN, individually; SHELLE WATSON, individually; and DOES 1 through 10, inclusive,<br><br>Defendants. | **CASE NO:  2:24-cv-08187-CV (AJRx)**<br>*District Judge: Cynthia Valenzuela, Court Room 10A*<br>*Magistrate Judge: A. Joel Richlin*<br><br>**ANSWER OF DEFENDANT, SIERRA MENTAL WELLNESS GROUP TO PLAINTIFF, JEFFREY BRANCO, JR.'S COMPLAINT IN INTERVENTION; DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:   September 25, 2024<br>Trial Date: |

COMES NOW Defendant SIERRA MENTAL WELLNESS GROUP, and admits, denies and alleges the following in response to Plaintiff Jeffrey Branco, Jr.'s Complaint in Intervention on file herein.

///

1

**CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEFENDANT, SIERRA MENTAL WELLNESS GROUP TO PLAINTIFF BRANCO'S COMPLAINT IN INTERVENTION**

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

1.      Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and so denies them on that basis.

2.      Defendant denies all of the allegations pertaining to all theories of liability alleged in Paragraph 2, with the exception that. Defendant admits that the San Luis Obispo Crisis Stabilization Unit was operated by Sierra Mental Wellness Group, a contracted mental health care provider under contract with San Luis Obispo County, that one or more employees of SIERRA entered false information into decedent's medical record, and that Plaintiff was 19 years old at the time of her admission to the CSU..

3.      Defendant admits that the defibrillator in the unit was not operative at the time it was attempted to be used on Ms. Branco.

## JURISDICTION AND VENUE

4.      Defendant admits that plaintiff brings claims pursuant to the legal authorities cited in Paragraph 4.

5.      Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and so denies them on that basis.

6.      Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and so denies them on that basis.

7.      Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and so denies them on that basis.

8.      Responding the Paragraph 8, Defendant admits that this court has jurisdiction over federal civil rights claims brought pursuant to 28 U.S.C. sections 1331 and 1343, and that the court has supplemental jurisdiction over state-law claims pursuant to 28 U.S. C. section 1367(a).

9.      Responding the Paragraph 9, Defendant admits that decedent was a mental health client at the San Luis Obispo Crisis Stabilization Unit, operated by the County of San Luis Obispo by and through Sierra Mental Wellness Group, but denies that this admission was the only time "relevant" to the lawsuit.

10.      Defendant admits the allegations of Paragraph 10.

2

**VEATCH CARLSON, LLP**
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

## PARTIES

11.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and so denies them on that basis.

12.    Defendant admits the allegations of Paragraph 12.

13.    Defendant admits the allegations of Paragraph 13.

14.    Defendant admits the allegations of Paragraph 14.

15.    Defendant admits it at all relevant times provided crisis services and contracted with various counties.

16.    Defendant admits that SIMPSON was a Regional Manager of Program Operations employed by SIERRA at the time of the events described in the Complaint, and at all times was acting within the course and scope of his employment with SIERRA, and that SIMPSON is being sued in his individual capacity. Defendant denies the remainder of the allegations of Paragraph 16, and so denies them on that basis.

17.    Defendant admits that WILLIAMS was an agent and employee of SIERRA at the time of the events described in the Complaint, and at all times was acting within the course and scope of her employment with SIERRA, and that WILLIAMS is being sued in her individual capacity.  Defendant denies the remainder of the allegations of Paragraph 17.

18.    Defendant denies that Defendant HOOSON was acting as an agent or employee of SIERRA at the time of the events alleged in Plaintiff's Complaint. Defendant admits that HOOSON was acting on behalf of San Luis Obispo at the time of the events alleged in Plaintiff's Complaint, and that HOOSON is being sued in his individual capacity. Defendant denies the remainder of the allegations of Paragraph 18.

19.    Defendant admits that WATSON was an employee of SIERRA in the capacity of a licensed psychiatric technician, and was acting in the course and scope of her employment at the time of the events alleged in Plaintiff's Complaint, and that WATSON is being sued in her individual capacity. Defendant denies the remainder of the allegations in Paragraph 19.

CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEFENDANT, SIERRA MENTAL WELLNESS GROUP TO PLAINTIFF BRANCO'S COMPLAINT IN INTERVENTION

20.    Defendant admits that BROWN was an employee of SIERRA in the capacity of a licensed psychiatric technician at the time of the events alleged in Plaintiff's Complaint, and that BROWN is being sued in her individual capacity. Defendant denies the remainder of the allegations in Paragraph 20.

21.    Defendant admits that SAYERS was an employee of SIERRA in the capacity of a licensed psychiatric technician at the time of the events alleged in plaintiff's complaint, and that SAYERS is being sued in her individual capacity. Defendant denies the remainder of the allegations in Paragraph 21.

22.    Defendant admits that TIDIK is being sued in her individual capacity, and was acting in the capacity of an independent contractor providing health care services as a nurse psychiatric practitioner. Defendant denies the remainder of the allegations of Paragraph 22.

23.    Defendant admits that AURIOLES was an employee of SIERRA in the capacity of a licensed psychiatric technician, and was acting in the course and scope of her employment at the time of the events alleged in Plaintiff's Complaint, and that AURIOLES is being sued in her individual capacity. Defendant denies the remainder of the allegations in Paragraph 23.

24.    Defendant admits that WILLIAMS was an employee of SIERRA in the capacity of a licensed psychiatric technician, and was acting in the course and scope of her employment at the time of the events alleged in Plaintiff's Complaint, and that WILLIAMS is being sued in her individual capacity. Defendant denies the remainder of the allegations in Paragraph 24.

25.    Defendant denies the allegations of Paragraph 25.

26.    Defendant admits that the decedent had been placed on a 5150 hold as gravely disabled, but denies the remainder of the allegations in Paragraph 26.

27.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and so denies them on that basis.
///

CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEFENDANT, SIERRA MENTAL WELLNESS GROUP TO PLAINTIFF BRANCO'S COMPLAINT IN INTERVENTION

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

28.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and so denies them on that basis.

29.    Except as otherwise admitted herein, Defendant denies the allegations in Paragraph 29.

## **FACTUAL ALLEGATIONS**

30.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and so denies them on that basis.

31.    Defendant admits that decedent was admitted to the CSU on or about Feb. 26, 2024 as being gravely disabled. Defendant denies that all defendants had access to Branco's prior charting records. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 31, and so denies them on that basis.

32.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and so denies them on that basis.

33.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33, and so denies them on that basis.

34.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34, and so denies them on that basis.

35.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and so denies them on that basis.

36.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 31-35, and so denies them on that basis.

37.    Defendant admits that Defendant WATSON spoke with Cooper about her daughter's condition, and that she advised plaintiff to contact the county's mobile crisis unit for assistance. Defendant denies the remainder of the allegations of Paragraph 37.

38.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and so denies them on that basis.

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

39.     Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and so denies them on that basis.

40.     Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40, and so denies them on that basis.

41.     Defendant admits Hooson evaluated Branco and deemed her suitable for the CSU. As to the remainder of the paragraph, Defendant does not have sufficient information and belief.

42.     Defendant admits that the Crisis Assessment prepared by HOOSON included the statements quoted in Paragraph 42. Regarding the remainder of the allegations, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42, and so denies them on that basis.

43.     Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and so denies them on that basis.

44.     Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and so denies them on that basis.

45.     Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45, and so denies them on that basis.

46.     Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46, and so denies them on that basis.

47.     Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47, and so denies them on that basis.

48.     Defendant admits that Defendant AURIOLES recorded a note at approximately 6:08 p.m. which included the quoted language from Paragraph 48, with the exception that Defendant AURIOLES noted that decedent was admitted to the CSU "as 5150 GD hold." Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 48, and so denies them on that basis.

///

CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEFENDANT, SIERRA MENTAL
WELLNESS GROUP TO PLAINTIFF BRANCO'S COMPLAINT IN INTERVENTION

49.     Defendant admits that HOOSON provided his Crisis Assessment to SIERRA. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 49, and so denies them on that basis.

50.     Defendant admits that the CSU Acceptance Screening Tool filled out by HOOSON included the language quoted in Paragraph 50, and that this document was provided to SIERRA by HOOSON. Defendant admits that the form was a screening tool for the Mobile Crisis Unit to evaluate the appropriateness of referring a person to the CSU. Defendant denies that the SCU Acceptance Screening Tool is a "diagnostic tool." Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 50, and so denies them on that basis.

51.     Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51, and so denies them on that basis, except that Defendant denies Branco was not requested to turn over personal items.

52.     Responding to Paragraph 52, Defendant admits that at or about 7:30 p.m., a night shift change took place, and Defendants BROWN and SAYERS were assigned to work the night shift. Defendant denies that there was no supervisor present on the premises at any time during the shift.

53.     Responding to Paragraph 53, Defendant admits that the decedent's chart reflected 2 Hour Shift Notes beginning at 7:30 p.m. Defendant further admits that decedent's chart reflects that the decedent "had an altercation with a male peer but was successfully redirected," and includes entries stating that the decedent was "provided with coping skills to help manage her condition" and that she would "continue to be monitored." Any allegations in Paragraph 53 not expressly admitted are denied.

54.     Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54, and so denies them on that basis.

55.     Defendant admits the allegations of Paragraph 55.

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

7

56.    Responding to Paragraph 56, Defendant admits that Defendant AURIOLES called 911 at or around 8:30 a.m. to report an unresponsive patient and request a response from emergency medical services. Defendant denies the remainder of the allegations in Paragraph 56.

57.    Defendant admits the allegations in Paragraph 57.

58.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58, and so denies them on that basis.

59.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59, and so denies them on that basis.

60.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60, and so denies them on that basis.

61.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61, and so denies them on that basis.

62.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62, and so denies them on that basis.

63.    Responding to the allegations in Paragraph 63, Defendant admits that Defendant BROWN entered false information in the decedent's medical records. Defendant denies the remainder of the allegations in Paragraph 63.

64.    Defendant denies the allegations in Paragraph 64.

65.    Responding to the allegations in Paragraph 65, Defendant denies that is was aware that CSU staff regularly failed to monitor clients. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 65, and so denies them on that basis .

66.    Responding to the allegations in Paragraph 66, Defendant admits that Defendant BROWN entered false information in the decedent's medical records. Defendant denies the remainder of the allegations in Paragraph 66.

67.    Defendant denies the allegations in Paragraph 67.

68.    Defendant denies the allegations based on an indefinite time frame.



VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

**CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEFENDANT, SIERRA MENTAL
WELLNESS GROUP TO PLAINTIFF BRANCO'S COMPLAINT IN INTERVENTION**

69.    Defendant denies the allegations except Defendant admits a no sleep policy was established.

70.    Defendant denies the allegations as they are argument rather than factual allegations.

71.    Defendant denies the allegations of Paragraph 71.

72.    Defendant denies the allegations as they are argument rather than factual allegations.

73.    Defendant lacks information and belief and on that basis denies the allegations.

74.    Defendant admits the defibrillator was not working on the morning of the incident, and otherwise denies the allegations of Paragraph 74.

### Branco's 5150-hold and CSU's history of neglect

75.    Defendant admits the allegations in Paragraph 75.

76.    Defendant denies the allegations of Paragraph 76.

77.    Defendant admits the allegations of Paragraph 77, with the exception that Defendant denies that HOOSON was acting as a SIERRA mobile crisis unit psychiatric technician.

78.    Responding to the allegations of Paragraph 78, Defendant admits that it provides services to persons experiencing mental health issues, including persons on a 5150 hold, but denies that it provides services for "all" such persons.

79.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79, and so denies them on that basis.

80.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80, and so denies them on that basis.

81.    Responding to the allegations in Paragraph 81, Defendant admits that the contract between the COUNTY and SIERRA required that a licensed psychiatric technician be at the facility at all times, and that a registered nurse must be available at all times either in person or via telehealth remote connection. Defendant lacks sufficient



VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEFENDANT, SIERRA MENTAL WELLNESS GROUP TO PLAINTIFF BRANCO'S COMPLAINT IN INTERVENTION

knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 81, and so denies them on that basis

82.    Responding to the allegations in Paragraph 82, Defendant denies that the CSU could not manage clients who had recently overdoes or were in active drug withdrawal from any substance. Defendant admits the balance of paragraph 82.

83.    Defendant denies the allegations of Paragraph 83.

84.    Defendant denies the allegations of Paragraph 84.

85.    Defendant denies the allegations of Paragraph 85.

86.    Defendant denies the allegations of Paragraph 86.

87.    Defendant denies the allegations of Paragraph 87.

88.    Defendant denies the allegations of Paragraph 88.

89.    Defendant denies the allegations of Paragraph 89.

90.    Defendant denies the allegations of Paragraph 90.

91.    Defendant denies the allegations of Paragraph 91.

92.    Defendant denies the allegations of Paragraph 92.

93.    Defendant denies the allegations of Paragraph 93.

94.    Defendant denies the allegations of Paragraph 94.

95.    Defendant denies the allegations of Paragraph 95.

96.    Defendant denies the allegations in Paragraph 96 to the extent that the allegations are inconsistent with California law.

97.    Responding to Paragraph 97, Defendant admits that California Penal Code section 471.5 was in effect at the time of the events in question, and applied to persons making entries in a medical record. Defendant denies the remained of the allegations in Paragraph 97.

98.    Defendant admits the allegations in Paragraph 98.

## **FIRST CLAIM FOR RELIEF**

99.    Responding to Paragraph 83, Defendant repeats its responses to Paragraphs 1-99.



VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEFENDANT, SIERRA MENTAL WELLNESS GROUP TO PLAINTIFF BRANCO'S COMPLAINT IN INTERVENTION

100.   Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 regarding the COUNTY and HOOSON, and so denies them on that basis. Defendant denies the remainder of the allegations in Paragraph 100.

101.   Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 regarding the COUNTY and HOOSON, and so denies them on that basis. Defendant denies the remainder of the allegations in Paragraph 101.

102.   Defendant denies the allegations of Paragraph 102.

103.   Defendant denies the allegations of Paragraph 103.

104.   Defendant denies the allegations of Paragraph 104.

105.   Defendant denies the allegations of Paragraph 105.

106.   Defendant denies the allegations of Paragraph 106.

107.   Defendant denies the allegations in Paragraphs 102-107.

## SECOND CLAIM FOR RELIEF

108.   Responding to Paragraph 92, Defendant repeats its responses to Paragraphs 1-107.

109.   Defendant denies the allegations in Paragraph 109.

110.   Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110 and on that basis denies them.

111.   Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 111 pertaining to the COUNTY and HOOSON and so denies them on that basis. Defendant denies the remainder of the allegations in Paragraph 11. Defendant denied the allegations of financial incentives to Sierra.

112.  Defendant lacks information and belief and therefore denies the allegations of Paragraph 112.

113.   Defendant denies the allegations of Paragraph 113.

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017



**CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEFENDANT, SIERRA MENTAL WELLNESS GROUP TO PLAINTIFF BRANCO'S COMPLAINT IN INTERVENTION**

**THIRD CLAIM FOR RELIEF**

114. Responding to Paragraph 114, Defendant repeats its responses to Paragraphs 1-113.

115. Responding to Paragraph 114, Defendant repeats its responses to Paragraphs 1-113.

116. Responding to Paragraph 114, Defendant repeats its responses to Paragraphs 1-113.

117. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 117, and so denies them on that basis. Defendant denies the remainder of the allegations in Paragraph 117.

118. Defendant admits that HOOSON assessed the decedent and deemed her eligible for a 5150 hold, but denies the remainder of the allegations in Paragraph 118.

119. Defendant denies the allegations of Paragraphs 119-120.

120. Defendant lacks sufficient knowledge to form a belief in the truth of the allegations of Paragraph 120 and on that basis denies them.

121. Defendant lacks sufficient knowledge to form a belief in the truth of the allegations of Paragraph 121 and on that basis denies them.

122. Defendant lacks sufficient knowledge to form a belief in the truth of the allegations of Paragraph 122 and on that basis denies them.

**FOURTH CLAIM FOR RELIEF**

123. Responding to Paragraph 107, Defendant repeats its responses to Paragraphs 1-122.

124. Defendant denies the allegations in Paragraph 124.

125. Defendant admits Williams agreed to the admission of Branco for the CSU but denies the rest of the allegations in Paragraphs 125-126.

126. Defendant admits Williams agreed to the admission of Branco for the CSU but denies the rest of the allegations in Paragraphs 125-126.

127. Defendant denies the allegations in Paragraph 127.

CASE NO: 2:24-cv-08187-CV (AJRx) ANSWER OF DEFENDANT, SIERRA MENTAL WELLNESS GROUP TO PLAINTIFF BRANCO'S COMPLAINT IN INTERVENTION

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

128.   Defendant denies the allegations in Paragraph 128.

129.   Defendant denies the allegations in Paragraph 129.

130.   Defendant denies the allegations in Paragraph 130.

### FIFTH CLAIM FOR RELIEF

131.   Responding to Paragraph 131, Defendant repeats its responses to Paragraphs 1-130.

132.   Defendant denies the allegations of Paragraph 132.

133.   Defendant denies the allegations of Paragraph 133.

134.   Defendant denies the allegations of Paragraph 134.

135.   Defendant denies the allegations of Paragraph 135.

136.   Defendant denies the allegations of Paragraph 136.

137.   Defendant denies the allegations of Paragraph 137.

### SIXTH CAUSE OF ACTION

138.   Responding to Paragraph 122, Defendant repeats its responses to Paragraphs 1-137.

139.   Defendant denies the allegations of Paragraph 139.

140.   Defendant denies the allegations of Paragraph 140.

141.   Defendant lacks sufficient knowledge or information therefore denies.

142.   Defendant denies the allegations in Paragraph 142.

143.   Defendant denies the allegations in Paragraph 143.

144.   Defendant denies the allegations in Paragraph 144.

145.   Defendant denies the allegations in Paragraph 145.

146.   Defendant denies the allegations in Paragraph 146.

### SEVENTH CAUSE OF ACTION

147.   Responding to Paragraph 147, Defendant repeats its responses to Paragraphs 1-146.

148.   Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 148 as to the COUNTY, and so



VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

13

denies them on that basis. Defendant denies the remainder of the allegations in Paragraph
148.

149.    Defendant denies the allegations of Paragraph 149.

150.    Defendant denies the allegations of Paragraph 150.

151.    Defendant denies the allegations of Paragraph 151.

152.    Defendant denies the allegations of Paragraph 152.

## EIGHTH CLAIM FOR RELIEF

153.    Responding to Paragraph 153, Defendant repeats its responses to
Paragraphs 1-152.

154.    Defendant denies the allegations in Paragraph 154.

155.    Defendant denies the allegations in Paragraph 155.

156.    Defendant denies the allegations in Paragraph 156.

157.    Defendant denies the allegations in Paragraph 157.

158.    Defendant lacks sufficient information to form an opinion as to the
allegation in Paragraph 158 and there denies it.

159.    Defendant denies the allegations in Paragraph 159.

160.    Defendant admits the allegations in Paragraph 160.

## NINTH CAUSE OF ACTION

161.    Responding to Paragraph 161, Defendant repeats its responses to
Paragraphs 1-160.

162.    Defendant denies the allegations in Paragraph 162.

163.    Defendant denies the allegations in Paragraph 163.

164.    Defendant denies the allegations in Paragraph 164.

165.    Defendant denies the allegations in Paragraph 165.

166.    Defendant denies the allegations in Paragraph 166.

167.    Defendant denies the allegations in Paragraph 167.

///

///

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

**CASE NO: 2:24-cv-08187-CV (AJRx) ANSWER OF DEFENDANT, SIERRA MENTAL
WELLNESS GROUP TO PLAINTIFF BRANCO'S COMPLAINT IN INTERVENTION**

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Defendant alleges that at the time and place of the incident in question, the decedent herself was guilty of negligence or other fault, and so proximately caused or contributed to her injuries and death.

**SECOND AFFIRMATIVE DEFENSE**

Defendant alleges that other persons, organizations, governmental entities were negligent or otherwise at fault, and proximately caused or contributed to the decedent's death, so legal fault and damages must be apportioned accordingly.

**THIRD AFFIRMATIVE DEFENSE**

Defendant alleges, upon information and belief, that plaintiff's claims are barred by the doctrine of estoppel, in that the decedent and/or the plaintiff misrepresented or concealed material facts from Defendant, who was actually and permissibly ignorant of the truth, with the intention that defendant act upon such misrepresentations.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant alleges that in the event it is found liable to plaintiff, if the total award to plaintiff equals or exceeds the amount set forth in California Code of Civil Procedure section 557.7, then defendant may request the court that judgment be entered such that future damages may be paid by periodic payments, as provided by law.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant alleges that it may introduce evidence of any amount payable to the plaintiff by any collateral source provided by law pursuant to California Civil Code section 3333.1.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant alleges that in the event it is found liable to plaintiff herein, the amount of plaintiff's damages for noneconomic losses may not exceed the amount set forth in California Civil Code section 3333.2.

///

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

## SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that in the event it is found liable to the plaintiff herein, its liability for noneconomic damages must be apportioned as to the percentage of her own fault, as provided by Proposition 51, California Civil Code sections 1431.1, et. seq.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that the injuries, losses and damages claimed by plaintiff were proximately caused by intervening and superseding causes and forces which were beyond the control of this defendant and which, in the exercise of reasonable prudence, were not and could not be anticipated or foreseen by Defendant.

## NINTH AFFIRMATIVE DEFENSE

Defendant alleges that each cause of action asserted by plaintiff fails to state a claim for relief against this defendant.

## PRAYER

Wherefore, Defendant prays that:

1. Plaintiff take nothing by way of his complaint;

2. Defendant be awarded costs of suit according to law;

3. And that the court would award such other relief that it deems right and proper under the law.

Dated: February 10, 2026          **VEATCH CARLSON, LLP**

Mark M. Rudy, Esq.
Serena L. Nervez, Esq.
*Attorneys for Defendants,*
**SIERRA MENTAL WELLNESS GROUP, JOSH SIMPSON, and SHELLI WATSON**

///

///

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

# DEMAND FOR JURY TRIAL

Defendant SIERRA MENTAL WELLNESS GROUP hereby demands a trial by jury.

Dated: February 10, 2026

VEATCH CARLSON, LLP



Mark M. Rudy, Esq.
Serena L. Nervez, Esq.
*Attorneys for Defendants,*
**SIERRA MENTAL WELLNESS
GROUP, JOSH SIMPSON, and SHELLI
WATSON**

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

**CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEFENDANT, SIERRA MENTAL
WELLNESS GROUP TO PLAINTIFF BRANCO'S COMPLAINT IN INTERVENTION**

## CERTIFICATE OF SERVICE

### *Linda Cooper v. County of San Luis Obispo, et al.*
### *Case No.:  2:24-cv-08187-CV (AJRx)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017-2444.

On February 26, 2026**,** I served the foregoing document described as: **ANSWER OF DEFENDANT, SIERRA MENTAL WELLNESS GROUP TO JEFFREY BRANCO, JR.'S COMPLAINT IN INTERVENTION; DEMAND FOR JURY TRIAL** on interested parties in this action by one or more of the following methods:

### (SEE ATTACHED SERVICE LIST)

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING**: I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **ELECTRONIC MAIL SERVICE:** Only by e-mailing the document(s) from my email address (kesquivel@veatchfirm.com) to the persons at the e-mail address(es) listed.  I served the above documents by electronic mail in the United States by causing the within document to be transmitted to the attorneys of record for the parties herein at the email address(es) of said attorney(s) as indicated below. The electronic service complied with *Code of Civil Procedure* § 1010.6 and CRC Rule 2.251 and was reported as complete and without error. I am readily familiar with Veatch Carlson, LLP's business practices for electronic service.

☐ **BY MAIL** (C.C.P. §§ 1013a, *et seq.*)**:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

**VEATCH CARLSON, LLP**
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

**CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEFENDANT, SIERRA MENTAL WELLNESS GROUP TO PLAINTIFF BRANCO'S COMPLAINT IN INTERVENTION**

☐    **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the offices
of the addressee(s).

☒    **FEDERAL:** I declare that I am employed in the office of a member of the bar of
this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America
and State of California, that the foregoing is true and correct. Executed on February 26,
2026, at Los Angeles, California.

Kelly Esquivel
_____
Type or Print Name                                          Signature

**CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEFENDANT, SIERRA MENTAL
WELLNESS GROUP TO PLAINTIFF BRANCO'S COMPLAINT IN INTERVENTION**

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

## SERVICE LIST

*Linda Cooper v. County of San Luis Obispo, et al.*
*Case No.:  2:24-cv-08187-DDP (AJRx)*

_____

**Attorneys for Plaintiff, LINDA COOPER, Individually and on behalf of the Estate of Elina Quinn Branco**
Cameron Sehat, Esq.
Jeffrey Mikel, Esq.
Nathalie Smith, Esq.
Andrea Monge, Esq.
**THE SEHAT LAW FIRM, PLC**
5100 Campus Drive, Suite 200
Newport Beach, CA 92612
Telephone: (949) 825-5200 / Facsimile: (949) 313-5001
Email:
cameron@sehatlaw.com; j.mikel@sehatlaw.com; andrea.m@sehatlaw.com;
Alexis Quinones Alexis@sehatlaw.com


**Attorney for Plaintiff JEFFREY BRANCO, JR.**
Marjorie Heinrich, Esq.
Ethan Wimert, Esq.
**HEINRICH LAW, PC**
1900 Powell Street, Ste. 450
Emeryville, CA 94608
Telephone: (510) 944-0110
Facsimile: (510) 944-0109
marjorie@heinrichlaw.net
ethan@heinrichlaw.net
Araceli Gomez araceli@heinrichlaw.net


**Attorney for Plaintiff JEFFREY BRANCO, JR.**
Andje M. Medina (SBN 251288)
Jasleen Singh (SBN 315315)
**ALTAIR LAW**
465 California Street, 5th Floor
San Francisco, CA 94104
Telephone: (415) 988-9828
amedina@altairlaw.com

20

1  jsingh@altairlaw.com
2  Madeleine Scherler, mscherler@altairlaw.com
3  Paralegal Aleen Baronian abaronian@altairlaw.com

4  ***Attorneys for Defendant, SAVANNAH WILLIAMS***
   Katharine L. Spaniac, Esq.
5  Richard R. Clouse, Esq.
   Yolanda E. Lopez, Esq.
6  Lawya L. Rangel, Esq.
7  **CLOUSESPANIAC**
   8038 Haven Avenue, Suite E
8  Rancho Cucamonga, CA 91730-3048
9  Telephone: 909-941-3388 / Facsimile: 909-941-3389
   E-Mails:
10 klspaniac@csattys.com; rrclouse@csattys.com ; yelopez@csattys.com;
11 gcrosswhite@csattys.com; pfeltnor@csattys.com; mmedina@csattys.com;
12 service@csattys.com; llrangel@csattys.com;

13

14 ***Attorneys for Defendant, BETHANY AURIOLES***
   Daniel R. Friedenthal, Esq.
15 **FRIEDENTHAL, HEFFERNAN & BROWN, LLP**
16 1520 W. Colorado Boulevard, Second Floor
   Pasadena, California 91105
17 Telephone: (626) 628-2800 / Facsimile: (626) 628-2828
18 E-Mail:
19 dfriedenthal@fhblawyers.com; jbrown@fhblawyers.com; nruiz@fhblawyers.com;

20

21 ***Attorneys for Defendant, JULIA TIDIK, NP***
   Brian L. Hoffman, Esq.
22 Crystal L Rorabaugh, Esq.
23 **WOOD, SMITH, HENNING & BERMAN LLP**
   10960 Wilshire Boulevard, 18th Floor
24 Los Angeles, California 90024-3804
25 Phone: 310.481.7600 ♦ Fax: 310.481.7650
   E-Mail:
26 bhoffman@wshblaw.com; crorabaugh@wshblaw.com; javilagonzales@wshblaw.com;
27 favila@wshblaw.com ,

28

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

21

**_Attorneys for Defendants, COUNTY OF SAN LUIS OBISPO and JASON HOOSON_**

Dennis B. Kass, Esq.
David Hall, Esq.
**Manning & Kass, Ellrod, Ramirez, Tresler**
4001 Eleventh Street
Riverside, CA 92501
Telephone: (951) 509-1355
Facsimile: (951) 509-1356
E-Mail:
Dennis.kass@manningkass.com
Jill.Szalonek@manningkass.com
Julian.Lee@manningkass.com
David.Hall@manningkass.com


**_Attorneys for Defendants BONNIE SAYERS and JANET BROWN_**

Andrew Hollins, Esq.
Ethan Reimers, Esq.
**MESSNER REEVES LLP**
611 Anton Boulevard, Ste. 450
Costa Mesa, California 92626
Telephone:(949) 612-9128
Facsimile: (949) 438-2304
E-mails:
ahollins@messner.com; ereimers@messner.com; mroccalendar@messner.com;
jtusko@messner.com; sjohnson@messner.com; cscherz@messner.com;

**V**EATCH **C**ARLSON, **LLP**
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEFENDANT, SIERRA MENTAL
WELLNESS GROUP TO PLAINTIFF BRANCO'S COMPLAINT IN INTERVENTION