1  **MARK. M. RUDY, State Bar No. 126254**
   *mrudy@veatchfirm.com*
2  **SERENA L. NERVEZ, State Bar No. 227529**
   *snervez@veatchfirm.com*
3  **VEATCH CARLSON, LLP**
   1055 Wilshire Blvd., 11th Floor
4  Los Angeles, CA 90017-2444
   Tel: (213) 381-2861
5  Fax: (213) 383-6370

6  Attorneys for Defendants,
   **SIERRA MENTAL WELLNESS GROUP,**
7  **JOSH SIMPSON, and SHELLI WATSON,**
   **sued herein as SHELLE WATSON**

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  LINDA COOPER, Individually, and on )   **CASE NO:  2:24-cv-08187-CV (AJRx)**
    the behalf of the Estate of Decedent, )   *District Judge: Cynthia Valenzuela,*
12  ELINA QUINN BRANCO,              )   *Court Room 10A*
                                     )   *Magistrate Judge: A. Joel Richlin*
13           Plaintiffs,             )
                                     )
14      vs.                          )   **ANSWER OF DEFENDANT, JOSH**
                                     )   **SIMPSON TO JEFFREY BRANCO,**
15  COUNTY OF SAN LUIS OBISPO, a     )   **JR.'S COMPLAINT IN**
    government entity, form unknown; )   **INTERVENTION; DEMAND FOR**
16  SIERRA MENTAL WELLNESS           )   **JURY TRIAL**
    GROUP, a California non-profit   )
17  corporation; JASON HOOSON,       )
    individually, SAVANNAH           )
18  WILLIAMS, individually; JOSH     )   Complaint Filed:    September 25, 2024
    SIMPSON, individually; BONNIE    )   Trial Date:         September 1, 2026
19  SAYERS, individually; JULIA TIDIK, )
    individually; BETHANY AURIOLES,  )
20  individually; JANET BROWN,       )
    individually; SHELLE WATSON,     )
21  individually; and DOES 1 through 10, )
    inclusive,                       )
22                                   )
             Defendants.             )
23  _____ )

24          COMES NOW Defendant JOSH SIMPSON, admits, denies and alleges the

25  following in response to Plaintiff's Complaint on file herein.

26  ///

27

28
                                       1

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

1.     Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and so denies them on that basis.

2.     Defendant denies that he was reckless, negligent, deliberately indifferent to the rights and/or liberties of decedent Elina Quinn Branco, and that any wrongful act or omission on his part caused or contributed to her death. Defendant further denies all of the allegations pertaining to all theories of liability alleged in Paragraph 2. Defendant admits that the San Luis Obispo Crisis Stabilization Unit was operated by Sierra Mental Wellness Group and that Plaintiff was 19 years old at the time of her admission to the CSU.

3.     Defendant admits that the decedent died during admission to the CSU. Defendant denies the allegations of Paragraph 3 pertaining to any care or treatment rendered to the decedent during her admission by himself; as to the remainder of the allegations of Paragraph 3, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and so denies them on that basis.

**JURISDICTION AND VENUE**

4.     Defendant admits that plaintiff brings claims pursuant to the legal authorities cited in Paragraph 4.

5.     Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and so denies them on that basis.

6.     Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and so denies them on that basis.

7.     Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and so denies them on that basis.

8.     Responding to Paragraph 8, Defendant admits that this court has jurisdiction over federal civil rights claims brought pursuant to 28 U.S.C. sections 1331 and 1343, and that the court has supplemental jurisdiction over state-law claims pursuant to 28 U.S. C. section 1367(a).

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

**CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEF, JOSH SIMPSON TO JEFFREY
BRANCO, JR.'S COMPLAINT IN INTERVENTION; DEMAND FOR JURY TRIAL**

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

9.    Responding to Paragraph 9, Defendant admits that decedent was a mental health client at the San Luis Obispo Crisis Stabilization Unit, operated by the County of San Luis Obispo by and through Sierra Mental Wellness Group, but denies that this admission was the only time "relevant" to the lawsuit.

10.    Defendant admits the allegations of Paragraph 10.

## **PARTIES**

11.    Defendant admits the allegations of Paragraph 11.

12.    Defendant admits the allegations of Paragraph 12.

13.    Defendant admits the allegations of Paragraph 13.

14.    Defendant admits the allegations of Paragraph 14.

15.     Defendant admits the allegations of Paragraph 15.

16.    Defendant admits he was employed by Sierra as Regional Manager of Program Operations and acted within the course and scope of his employment.  As to the other allegations, Defendant denies the allegations based on information and belief.

17.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and so denies them on that basis.

18.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and so denies them on that basis.

19.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 19, and so denies them on that basis.

20.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and so denies them on that basis.

21.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and so denies them on that basis.

22.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and so denies them on that basis.

23.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and so denies them on that basis.

24.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and so denies them on that basis.

25.    Defendant denies the allegations in Paragraph 25.

26.    Defendant admits that Branco had been placed on a 5150 hold by co-Defendant Hooson as being gravely disabled, but denies that Branco was being held against her will. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 26, and so denies them on that basis

27.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and so denies them on that basis.

28.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and so denies them on that basis.

29.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and so denies them on that basis.

## FACTUAL ALLEGATIONS

30.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and so denies them on that basis.

31.    Defendant admits that decedent was admitted to the CSU on or about Feb. 26, 2024 as being gravely disabled. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 31, and so denies them on that basis.

32.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and so denies them on that basis.

33.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33, and so denies them on that basis.

CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEF, JOSH SIMPSON TO JEFFREY BRANCO, JR.'S COMPLAINT IN INTERVENTION; DEMAND FOR JURY TRIAL

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

34.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34, and so denies them on that basis.

35.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and so denies them on that basis.

36.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36, and so denies them on that basis.

37.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and so denies them on that basis.

38.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and so denies them on that basis.

39.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and so denies them on that basis.

40.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40, and so denies them on that basis.

41.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41, and so denies them on that basis.

42.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42, and so denies them on that basis.

43.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and so denies them on that basis.

44.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and so denies them on that basis.

45.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45, and so denies them on that basis.

46.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46, and so denies them on that basis.

47.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 47, and on that basis, denies them.

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEF, JOSH SIMPSON TO JEFFREY
BRANCO, JR.'S COMPLAINT IN INTERVENTION; DEMAND FOR JURY TRIAL

VEATCH CARLSON, LLP

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

48.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48, and so denies them on that basis.

49.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and so denies them on that basis.

50.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50, and so denies them on that basis.

51.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51, and so denies them on that basis.

52.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52, and so denies them on that basis.

53.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53, and so denies them on that basis.

54.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54, and so denies them on that basis.

55.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55, and so denies them on that basis.

56.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56, and so denies them on that basis.

57.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57, and so denies them on that basis.

58.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58, and so denies them on that basis.

59.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59, and so denies them on that basis.

60.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraphs 60.

61.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61, and so denies them on that basis.

CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEF, JOSH SIMPSON TO JEFFREY BRANCO, JR.'S COMPLAINT IN INTERVENTION; DEMAND FOR JURY TRIAL

62.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62, and so denies them on that basis.

63.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63, and so denies them on that basis.

64.    Defendant denies he had a duty or breached a duty to monitor and observe Branco.

65.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65, and so denies them on that basis.

66.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66, and so denies them on that basis.

67.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67, and so denies them on that basis.

68.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68, and so denies them on that basis.

69.    Defendant lacks sufficient knowledge or information to respond to the allegations of Paragraph 69 and denies them on that basis.

70.    Defendant lacks sufficient knowledge or information to respond to the allegations of Paragraph 70 and denies them on that basis.

71.    Defendant lacks sufficient knowledge or information to respond to the allegations of Paragraph 71 and denies them on that basis.

72.    Defendant lacks sufficient knowledge or information to respond to the allegations of Paragraph 72 and denies them on that basis.

73.    Defendant lacks sufficient knowledge or information to respond to the allegations of Paragraph 73 and denies them on that basis.

74.    Defendant lacks sufficient knowledge or information to respond to the allegations of Paragraph 74 and denies them on that basis.

///

///

CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEF, JOSH SIMPSON TO JEFFREY BRANCO, JR.'S COMPLAINT IN INTERVENTION; DEMAND FOR JURY TRIAL

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

## Branco's 5150-hold and CSU's History of Neglect

75.    Defendant admits the allegations in paragraph 75 were true at the time of the events alleged in the complaint.

76.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76, and so denies them on that basis.

77.    Defendant admits that a person may be lawfully detained under Cal. Welf. And Inst. Code section 5150 if a qualified individual evaluates the person and determines that they fit the criteria for a hold, and that once the 5150 hold is placed, the person is required by law to be transported for evaluation. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 77, and so denies them on that basis.

78.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78, and so denies them on that basis.

79.     Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79, and so denies them on that basis.

80.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80, and so denies them on that basis.

81.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81, and so denies them on that basis.

82.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82, and so denies them on that basis.

83.    Defendant denies the allegations in Paragraph 83 to the extent that the allegations are inconsistent with California law.

84.    Defendant lacks sufficient knowledge or information to respond to the allegations of Paragraph 84 and denies them on that basis.

85.    Defendant lacks sufficient knowledge or information to respond to the allegations of Paragraph 85 and denies them on that basis.

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

86.    Defendant lacks sufficient knowledge or information to respond to the allegations of Paragraph 86 and denies them on that basis.

87.    Defendant lacks sufficient knowledge or information to respond to the allegations of Paragraph 87 and denies them on that basis.

88.    Defendant lacks sufficient knowledge or information to respond to the allegations of Paragraph 88 and denies them on that basis.

89.    Defendant lacks sufficient knowledge or information to respond to the allegations of Paragraph 89 and denies them on that basis.

90.    Defendant denies the allegations of Paragraph 90.

91.    Defendant denies the allegations of Paragraph 91.

92.    Defendant lacks sufficient knowledge or information to respond to the allegations of Paragraph 92 and denies them on that basis.

93.    Defendant admits a crisis stabilization unit can provide relief to emergency rooms and person in mental crisis.  As to the balance of Paragraph 93, Defendant does not have sufficient information to respond.

94.    Defendant lacks sufficient knowledge or information to respond to the allegations of Paragraph 94 and denies them on that basis.

95.    Defendant denies that psychiatric technicians cannot provide any medical assessments.

96.    Defendant lacks sufficient knowledge or information to respond to the allegations of Paragraph 96 and denies them on that basis.

97.    Responding to Paragraph 97, Defendant admits that California Penal Code section 471.5 was in effect at the time of the events in question, and applied to persons making entries in a medical record.  Defendant denies the remained of the allegations in Paragraph 97.

98.    Defendant admits the allegations in Paragraph 98.

///

///

9

**CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEF, JOSH SIMPSON TO JEFFREY BRANCO, JR.'S COMPLAINT IN INTERVENTION; DEMAND FOR JURY TRIAL**

# FIRST CLAIM FOR RELIEF

99.    Responding to Paragraph 99, Defendant repeats his responses to paragraphs 1-98 herein.

100.    As to himself, Defendant denies the allegations in Paragraph 100. As to the remainder of the Defendants, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100, and so denies them on that basis.

101.    As to himself, Defendant denies the allegations in Paragraph 101. As to the remainder of the Defendants, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101, and so denies them on that basis.

102.    As to himself, Defendant denies the allegations in Paragraph 102. As to the remainder of the Defendants, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102, and so denies them on that basis.

103.    As to himself, Defendant denies the allegations in Paragraph 103. As to the remainder of the Defendants, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103, and so denies them on that basis.

104.    As to himself, Defendant denies the allegations in Paragraph 104. As to the remainder of the Defendants, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104, and so denies them on that basis.

105.    As to himself, Defendant denies the allegations in Paragraph 105. As to the remainder of the Defendants, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105, and so denies them on that basis.

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEF, JOSH SIMPSON TO JEFFREY BRANCO, JR.'S COMPLAINT IN INTERVENTION; DEMAND FOR JURY TRIAL

106.   As to himself, Defendant denies the allegations in Paragraph 106. As to the remainder of the Defendants, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106, and so denies them on that basis.

107.   As to himself, Defendant denies the allegations in Paragraph 107. As to the remainder of the Defendants, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107, and so denies them on that basis.

## <u>SECOND CLAIM FOR RELIEF</u>

108.   Responding to Paragraph 108, Defendant repeats his responses to paragraphs 1-109 herein.

109.   Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109, and so denies them on that basis, as they are a statement of law and not allegations of fact.

110.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110, and so denies them on that basis.

111.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 111, and so denies them on that basis.

112.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 112, and so denies them on that basis.

113.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113, and so denies them on that basis.

///

///

CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEF, JOSH SIMPSON TO JEFFREY BRANCO, JR.'S COMPLAINT IN INTERVENTION; DEMAND FOR JURY TRIAL

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

1

## THIRD CLAIM FOR RELIEF

2

114.   Responding to Paragraph 114, Defendant repeats his responses to

3

paragraphs 1-113 herein.

4

115.   Defendant denies the allegations of Paragraph 115, as to himself, and as to

5

the remainder of the allegations, Defendant lacks sufficient knowledge or information

6

sufficient to form a belief as to the truth of the allegations of Paragraph 115, and so

7

denies them on that basis.

8

116.   Defendant denies the allegations of Paragraph 116, as to himself, and as to

9

the remainder of the allegations, Defendant lacks sufficient knowledge or information

10

sufficient to form a belief as to the truth of the allegations of Paragraph 116, and so

11

denies them on that basis.

12

117.   Defendant denies the allegations of Paragraph 117, as to himself, and as to

13

the remainder of the allegations, Defendant lacks sufficient knowledge or information

14

sufficient to form a belief as to the truth of the allegations of Paragraph 117, and so

15

denies them on that basis.

16

118.   Defendant lacks sufficient knowledge or information sufficient to form a

17

belief as to the truth of the allegations of Paragraph 118, and so denies them on that

18

basis.

19

119.   Defendant lacks sufficient knowledge or information sufficient to form a

20

belief as to the truth of the allegations of Paragraph 119, and so denies them on that

21

basis.

22

120.   Defendant lacks sufficient knowledge or information sufficient to form a

23

belief as to the truth of the allegations of Paragraph 120, and so denies them on that

24

basis.

25

121.   Defendant denies the allegations of Paragraph 121, as to himself, and as to

26

the remainder of the allegations, Defendant lacks sufficient knowledge or information

27

sufficient to form a belief as to the truth of the allegations of Paragraph 121, and so

28

denies them on that basis.

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEF, JOSH SIMPSON TO JEFFREY
BRANCO, JR.'S COMPLAINT IN INTERVENTION; DEMAND FOR JURY TRIAL

122.   Defendant denies the allegations of Paragraph 122, as to himself, and as to the remainder of the allegations, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122, and so denies them on that basis.

## FOURTH CLAIM FOR RELIEF

123.   Responding to Paragraph 123, Defendant repeats his responses to paragraphs 1-122 herein.

124.   As to himself, Defendant denies the allegations of Paragraph 124. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 124, and so denies them on that basis.

125.   Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 125, and so denies them on that basis.

126.   Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 126, and so denies them on that basis.

127.   Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 127, and so denies them on that basis.

128.   Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 128, and so denies them on that basis.

129.   Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 129, and so denies them on that basis.

130.   Defendant denies the allegation of Paragraph 130 as to himself. Regarding the remainder of the allegations of Paragraph 130, Defendant lacks sufficient knowledge

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

or information sufficient to form a belief as to the truth of the allegations of Paragraph 130, and so denies them on that basis.

## FIFTH CLAIM FOR RELIEF

131.    Responding to Paragraph 131, Defendant repeats his responses to paragraphs 1-130 herein.

132.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 132, and so denies them on that basis,

133.    Defendant denies that he provided care to the decedent. As to the remainder of the allegations of Paragraph 133, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 133, and so denies them on that basis.

134.    Defendant denies the allegations as to himself. As to the remainder of the allegations in Paragraph 134, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134, and so denies them on that basis.

135.    Defendant denies the allegations in Paragraph 135 as to himself, and as to the remainder of the allegations, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 135, and so denies them on that basis.

136.    Defendant denies the allegations in Paragraph 136 as to himself, and as to the remainder of the allegations, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 136, and so denies them on that basis.

137.    Defendant denies the allegations in Paragraph 137 as to he himself, and as to the remainder of the allegations, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 137, and so denies them on that basis.

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

## SIXTH CAUSE OF ACTION

138.    Responding to Paragraph 138, Defendant repeats h responses to paragraphs 1-137 herein.

139.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 139, and so denies them on that basis.

140.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 140, and so denies them on that basis.

141.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 141, and so denies them on that basis.

142.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 142, and so denies them on that basis.

143.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 143, and so denies them on that basis.

144.    Defendant denies the allegations in Paragraph 144 as to himself. As to the remainder of the allegations in paragraph 144, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 144, and so denies them on that basis.

145.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 145, and so denies them on that basis.

146.    Defendant denies the allegations of Paragraph 146.

///

///

**SEVENTH CLAIM FOR RELIEF**

147. Responding to Paragraph 147, Defendant repeats his responses to paragraphs 1-146 herein.

148. Defendant provides no response to the allegations in Paragraph 148 in the Seventh Claim for relief, as this cause of action is not alleged against him.

149. Defendant provides no response to the allegations in Paragraph 149 in the Seventh Claim for relief, as this cause of action is not alleged against him.

150. Defendant provides no response to the allegations in Paragraph 150 in the Seventh Claim for relief, as this cause of action is not alleged against him.

151. Defendant provides no response to the allegations in Paragraph 151 in the Seventh Claim for relief, as this cause of action is not alleged against him.

152. Defendant provides no response to the allegations in Paragraph 152 in the Seventh Claim for relief, as this cause of action is not alleged against him.

**EIGHTH CLAIM FOR RELIEF**

153. Responding to Paragraph 153, Defendant repeats his responses to paragraphs 1-152 herein.

154. Defendant denies the allegations in Paragraph 154.

155. Defendant denies the allegations in Paragraph 155.

156. Defendant denies the allegations in Paragraph 156.

157. Defendant denies the allegations in Paragraph 157.

158. Defendant denies the allegations in Paragraph 158.

159. Defendant denies the allegations in Paragraph 159.

160. Defendant denies the allegations in Paragraph 160.

**NINTH CLAIM FOR RELIEF**

161. Responding to Paragraph 161, Defendant repeats his responses to paragraphs 1-165 herein.

///

///

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017



CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEF, JOSH SIMPSON TO JEFFREY BRANCO, JR.'S COMPLAINT IN INTERVENTION; DEMAND FOR JURY TRIAL

162.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 162, and so denies them on that basis.

163.    Defendant denies the allegations in Paragraph 163 as to himself, and as to the remaining allegations, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 163, and so denies them on that basis.

164.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 164, and so denies them on that basis.

165.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 165, and so denies them on that basis.

166.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 166, and so denies them on that basis.

167.    Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 167, and so denies them on that basis.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant alleges that at the time and place of the incident in question, the decedent herself was guilty of negligence or other fault, and so proximately caused or contributed to her injuries and death.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that other persons, organizations, and/or governmental entities were negligent or otherwise at fault, and proximately caused or contributed to the decedent's death, so legal fault and damages must be apportioned accordingly.

CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEF, JOSH SIMPSON TO JEFFREY
BRANCO, JR.'S COMPLAINT IN INTERVENTION; DEMAND FOR JURY TRIAL

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges, upon information and belief, that plaintiff's claims are barred by the doctrine of estoppel, in that the decedent and/or the plaintiff misrepresented or concealed material facts from Defendant, who was actually and permissibly ignorant of the truth, with the intention that defendant act upon such misrepresentations.

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that in the event he is found liable to plaintiff, if the total award to plaintiff equals or exceeds the amount set forth in California Code of Civil Procedure section 557.7, then defendant may request the court that judgment be entered such that future damages may be paid by periodic payments, as provided by law.

### FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that he may introduce evidence of any amount payable to the plaintiff by any collateral source provided by law pursuant to California Civil Code section 3333.1.

### SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that in the event he is found liable to plaintiff herein, the amount of plaintiff's damages for noneconomic losses may not exceed the amount set forth in California Civil Code section 3333.2.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that in the event he is found liable to the plaintiff herein, his liability for noneconomic damages must be apportioned as to the percentage of his own fault, as provided by Proposition 51, California Civil Code sections 1431.1, et. seq.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that the injuries, losses and damages claimed by plaintiff were proximately caused by intervening and superseding causes and forces which were beyond the control of this defendant and which, in the exercise of reasonable prudence, were not and could not be anticipated or foreseen by Defendant.

///

CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEF, JOSH SIMPSON TO JEFFREY BRANCO, JR.'S COMPLAINT IN INTERVENTION; DEMAND FOR JURY TRIAL

## NINTH AFFIRMATIVE DEFENSE

Defendant alleges that plaintiff's claims for the death of decedent are improper, in that plaintiff has failed to join a necessary party, as not all heirs have been joined in the above-entitled action.

## TENTH AFFIRMATIVE DEFENSE

Defendant alleges that each cause of action asserted by plaintiff fails to state a claim for relief against this defendant.

## PRAYER

Wherefore, Defendant prays that:

1. Plaintiff take nothing by way of his complaint;

2. Defendant be awarded costs of suit according to law;

3. And that the court would award such other relief that it deems right and proper under the law.

## DEMAND FOR JURY TRIAL

Defendant JOSH SIMPSON hereby demands a trial by jury.


Dated: February 10, 2026          **VEATCH CARLSON, LLP**

_____
Mark M. Rudy, Esq.
Serena L. Nervez, Esq.
*Attorneys for Defendants,*
**SIERRA MENTAL WELLNESS
GROUP, JOSH SIMPSON, and SHELLI
WATSON**

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

# CERTIFICATE OF SERVICE

### *Linda Cooper v. County of San Luis Obispo, et al.*
### *Case No.:  2:24-cv-08187-CV (AJRx)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017-2444.

On February 27, 2026, I served the foregoing document described as: **ANSWER OF DEFENDANT, JOSH SIMPSON TO JEFFREY BRANCO, JR.'S COMPLAINT IN INTERVENTION; DEMAND FOR JURY TRIAL** on interested parties in this action by one or more of the following methods:

### (SEE ATTACHED SERVICE LIST)

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING**: I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **ELECTRONIC MAIL SERVICE:** Only by e-mailing the document(s) from my email address (kesquivel@veatchfirm.com) to the persons at the e-mail address(es) listed.  I served the above documents by electronic mail in the United States by causing the within document to be transmitted to the attorneys of record for the parties herein at the email address(es) of said attorney(s) as indicated below. The electronic service complied with *Code of Civil Procedure* § 1010.6 and CRC Rule 2.251 and was reported as complete and without error. I am readily familiar with Veatch Carlson, LLP's business practices for electronic service.

☐ **BY MAIL** (C.C.P. §§ 1013a, *et seq.*)**:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEF, JOSH SIMPSON TO JEFFREY BRANCO, JR.'S COMPLAINT IN INTERVENTION; DEMAND FOR JURY TRIAL

---

**VEATCH CARLSON, LLP**
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

☐      **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the offices
of the addressee(s).

☒      **FEDERAL:**  I declare that I am employed in the office of a member of the bar of
this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America
and State of California, that the foregoing is true and correct. Executed on February 27,
2026**,** at Los Angeles, California.

Kelly Esquivel_____        _____
Type or Print Name                                              Signature

**VEATCH CARLSON, LLP**
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

**CASE NO: 2:24-cv-08187-CV (AJRx) ANSWER OF DEF, JOSH SIMPSON TO JEFFREY
BRANCO, JR.'S COMPLAINT IN INTERVENTION; DEMAND FOR JURY TRIAL**

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

# SERVICE LIST

### *Linda Cooper v. County of San Luis Obispo, et al.*
### *Case No.:  2:24-cv-08187-DDP (AJRx)*

_____

**<u>Attorneys for Plaintiff, LINDA COOPER, Individually and on behalf of the Estate of Elina Quinn Branco</u>**

Cameron Sehat, Esq.
Jeffrey Mikel, Esq.
Nathalie Smith, Esq.
Andrea Monge, Esq.
**THE SEHAT LAW FIRM, PLC**
5100 Campus Drive, Suite 200
Newport Beach, CA 92612
Telephone: (949) 825-5200 / Facsimile: (949) 313-5001
Email:
cameron@sehatlaw.com; j.mikel@sehatlaw.com; andrea.m@sehatlaw.com;
Alexis Quinones Alexis@sehatlaw.com


**<u>Attorney for Plaintiff JEFFREY BRANCO, JR.</u>**

Marjorie Heinrich, Esq.
Ethan Wimert, Esq.
**HEINRICH LAW, PC**
1900 Powell Street, Ste. 450
Emeryville, CA 94608
Telephone: (510) 944-0110
Facsimile: (510) 944-0109
marjorie@heinrichlaw.net
ethan@heinrichlaw.net
Araceli Gomez araceli@heinrichlaw.net


**<u>Attorney for Plaintiff JEFFREY BRANCO, JR.</u>**

Andje M. Medina (SBN 251288)
Jasleen Singh (SBN 315315)
**ALTAIR LAW**
465 California Street, 5th Floor
San Francisco, CA 94104
Telephone: (415) 988-9828
amedina@altairlaw.com

**CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEF, JOSH SIMPSON TO JEFFREY BRANCO, JR.'S COMPLAINT IN INTERVENTION; DEMAND FOR JURY TRIAL**

1    jsingh@altairlaw.com
2    Madeleine Scherler, mscherler@altairlaw.com
3    Paralegal Aleen Baronian abaronian@altairlaw.com

4    ***Attorneys for Defendant, SAVANNAH WILLIAMS***
     Katharine L. Spaniac, Esq.
5    Richard R. Clouse, Esq.
6    Yolanda E. Lopez, Esq.
     Lawya L. Rangel, Esq.
7    **CLOUSESPANIAC**
8    8038 Haven Avenue, Suite E
     Rancho Cucamonga, CA 91730-3048
9    Telephone: 909-941-3388 / Facsimile: 909-941-3389
10   E-Mails:
     klspaniac@csattys.com; rrclouse@csattys.com ; yelopez@csattys.com;
11   gcrosswhite@csattys.com; pfeltnor@csattys.com; mmedina@csattys.com;
12   service@csattys.com; llrangel@csattys.com;

13

14   ***Attorneys for Defendant, BETHANY AURIOLES***
     Daniel R. Friedenthal, Esq.
15   **FRIEDENTHAL, HEFFERNAN & BROWN, LLP**
16   1520 W. Colorado Boulevard, Second Floor
     Pasadena, California 91105
17   Telephone: (626) 628-2800 / Facsimile: (626) 628-2828
18   E-Mail:
     dfriedenthal@fhblawyers.com; jbrown@fhblawyers.com; nruiz@fhblawyers.com;
19

20

21   ***Attorneys for Defendant, JULIA TIDIK, NP***
     Brian L. Hoffman, Esq.
22   Crystal L Rorabaugh, Esq.
23   **WOOD, SMITH, HENNING & BERMAN LLP**
     10960 Wilshire Boulevard, 18th Floor
24   Los Angeles, California 90024-3804
     Phone: 310.481.7600 ♦ Fax: 310.481.7650
25   E-Mail:
26   bhoffman@wshblaw.com; crorabaugh@wshblaw.com; javilagonzales@wshblaw.com;
     favila@wshblaw.com ,
27

28



VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

**CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEF, JOSH SIMPSON TO JEFFREY
BRANCO, JR.'S COMPLAINT IN INTERVENTION; DEMAND FOR JURY TRIAL**

**_Attorneys for Defendants, COUNTY OF SAN LUIS OBISPO and JASON HOOSON_**

Dennis B. Kass, Esq.

David Hall, Esq.

**Manning & Kass, Ellrod, Ramirez, Tresler**

4001 Eleventh Street

Riverside, CA 92501

Telephone: (951) 509-1355

Facsimile: (951) 509-1356

E-Mail:

Dennis.kass@manningkass.com

Jill.Szalonek@manningkass.com

Julian.Lee@manningkass.com

David.Hall@manningkass.com


**_Attorneys for Defendants BONNIE SAYERS and JANET BROWN_**

Andrew Hollins, Esq.

Ethan Reimers, Esq.

**MESSNER REEVES LLP**

611 Anton Boulevard, Ste. 450

Costa Mesa, California 92626

Telephone:(949) 612-9128

Facsimile: (949) 438-2304

E-mails:

ahollins@messner.com; ereimers@messner.com; mroccalendar@messner.com;
jtusko@messner.com; sjohnson@messner.com; cscherz@messner.com;

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017

CASE NO:  2:24-cv-08187-CV (AJRx) ANSWER OF DEF, JOSH SIMPSON TO JEFFREY
BRANCO, JR.'S COMPLAINT IN INTERVENTION; DEMAND FOR JURY TRIAL